HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
        jeffreys@leehayes.com
        rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>       Plaintiff,<br><br> vs.<br><br>RYAN LAMBERSON,<br><br>       Defendant. | No. 2:13-CV-0395-TOR<br><br>DEFENDANT LAMBERSON'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIM |

Defendant Ryan Lamberson, through his counsel Lee & Hayes PLLC, hereby submits this First Amended Answer, Affirmative Defenses and Counterclaim to plaintiff's First Amended Complaint and its corresponding numbered paragraphs as follows:

ANSWER OF DEFENDANT
RYAN LAMBERSON - 1

## **INTRODUCTION**

1.      Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 1, and, on that basis, denies the same.

2.      Admits paragraph 2.

3.      Admits paragraph 3.

4.      Admits that movie-watching is inexpensive, but denies the remaining averments of paragraph 4.

5.      Denies paragraph 5.

6.      Admits that a reality disconnect is a source of plaintiff's complaints, but denies the remaining averments of paragraph 6.

7.      Denies paragraph 7. Defendant affirmatively states: Plaintiff's allegation of a perceived class-based, wide-scale, mass-social, misunderstood justification for the very acts it alleges as unlawful, if true, shows an awareness by plaintiff that certain media and distribution models are better than others if prophylactic protection and secure distribution of its works are desired, plus shows that plaintiff did not exercise due care under the known technological landscape to protect its work at the level it apparently seeks.

8.      Denies paragraph 8.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

9.    Admits paragraph 9 except defendant denies that such use is necessarily illegal.

10.    Denies paragraph 10.

### JURISDICTION AND VENUE

11.    Admits paragraph 11.

12.    Admits paragraph 12.

13.    Admits paragraph 13.

### PARTIES

### THE PLAINTIFF

14.    Admits such a corporation was formed, and denies remaining averments of paragraph 14. Defendant affirmatively states:  The Maryland records indicate Plaintiff Elf-Man, LLC was formed as a Maryland LLC #W14390330 on November 11, 2011.  Miranda Wideman signed as incorporator and, on information and belief, Miranda Wideman was then employed by the incorporation-services company Legal Zoom of Glendale, CA and signed as incorporator in furtherance of her duties to Legal Zoom and its arrangements with the person or people who own or operate Elf-Man, LLC.  Elf-Man, LLC designates Richard Jeffries as registered agent.  An address of 7820 Wormans Mill Rd. Suite 222, Frederick MD 21701 is listed.  A current copy of the Maryland corporate records for plaintiff is attached as

ANSWER OF DEFENDANT
RYAN LAMBERSON - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Exhibit 1.  The Maryland records also indicate that Wiseacre Films LLC was formed as a Maryland LLC #W14390322 on that same November 30, 2011.  The address, incorporator, and registered agent are the same. The address is the same. A current copy of the Maryland corporate records for Wiseacre Films LLC is attached as Exhibit 2.  The movie trailer for *Elf-Man* identifies Wiseacre Films as the motion picture's producer.  Entertainment database IMDB lists both Wiseacre Films LLC and Elf-Man LLC as the producers of *Elf-Man*.  Neither Wiseacre Films LLC nor Elf-Man LLC has a Certificate of Authority from the Washington State Secretary of State as foreign LLCs to conduct business in the state of Washington.

## The Rights of the Plaintiff

15.    Denies paragraph 15. Defendant affirmatively states:  A copy of the U.S. Copyright Office webpage pertaining to plaintiff's purported copyright registration PA-0001823286 is attached as Exhibit 3 ("the '286 Registration") with an effective date of October 19, 2012.  Exhibit 3 is not a certified copy of the '286 Registration from the U.S. Copyright Office; plaintiff has not submitted such a copy as required to initiate a copyright action and to receive any of the legal presumptions that a certificate may carry.   Exhibit 3 identifies plaintiff as the copyright claimant "by Transfer;" the associated '286 Registration indicates "by written agreement;" no such agreement or transfer is made of record.  Ex. 3 identifies plaintiff as the author

ANSWER OF DEFENDANT
RYAN LAMBERSON - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

by "employer for hire;" no such employment or work made for hire agreements are made of record. The nature of authorship is listed as "direction/director, script/screenplay," and the basis of claim is "production as a motion picture." The deposit is described as "videodisc/DVD." The pre-existing material excluded from the copyright is listed as "preexisting footage, preexisting photograph(s), preexisting music;" the associated '286 Registration includes "preexisting footage, preexisting photograph(s), preexisting music" as "material excluded from this claim" in the "Limitation of copyright claim" section. The title of the work is *Elf-Man.* There is no recorded assignment of the '286 Registration.   A second U.S. Copyright Registration is relevant. Attached as Exhibit 4 is a copy of the U.S. Copyright Office webpage pertaining to U.S. Copyright Registration PAu-003584737 ("the '737 Registration.")   The '737 Registration issued to Ethan Jacob Wiley and Richard Lynn Jeffries as co-authors.   The title of the work is *Elf-Man.*   The registration effective date is November 3, 2011.  The basis of the claim is "dramatic work and music, or choreography." The deposit is text. "Wiseacre Films" is listed as the party to contact regarding "Rights and Permissions." No pre-existing material is disclaimed in the '737 Registration.  There is no recorded assignment of the '737 Registration.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

16.    Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 16, and, on that basis, denies the same. Defendant affirmatively states: The '286 Registration (Ex. 3) expressly acknowledges use of three categories of pre-existing materials which are not the subject of the registration.  No additional guidance is provided by plaintiff to the U.S. Copyright Office as to which aspects of its deposit are its copyrightable authorship and which aspects of its deposit are the disclaimed pre-existing material. The '286 Registration contains no reference to the earlier '737 Registration. Defendant denies that the piece of the *Elf-Man* allegedly represented by hash SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72    is    sufficiently original, fixed, or humanly perceptible so as to be copyrightable under 17 U.S.C. Section 102.

17.    Admits paragraph 17.  Defendant affirmatively states: *Elf-Man* was first released to the public on December 4, 2012, and *Elf-Man* was not in contractual limited release in the United States prior to November 20, 2012.   *Elf-Man* is available for DVD purchase for $6.49 as of December 17, 2013, or for no marginal cost over a Netflix account such as the type held by Mr. Lamberson's household.

18.    Denies paragraph 18.  Defendant affirmatively states:  Vision Films, Inc. of Sacramento CA claims to be the owner of all exclusive rights in *Elf-Man* as

ANSWER OF DEFENDANT
RYAN LAMBERSON - 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

claimed in paragraph 30 of its Complaint *Vision Films, Inc. v. John Does 1-41*, Case No. 3:13-cv-00128, filed in the Eastern District of Tennessee on March 8, 2013 (Exhibit 5).

19.    Denies paragraph 19. Defendant affirmatively states: The owners of Exhibit 4, Messrs Wiley and Jeffries, may be the owners of the authorship purportedly transmitted during the timeframes of plaintiff's allegations, and thus may be necessary and indispensible parties. Exhibit 4 also identifies Wiseacre Films as the party to contact regarding rights and permissions, and Wiseacre Films is identified as a producer of the work who thus may have ownership of copyrights in the work. On information and belief, plaintiff has assigned exclusive United States distribution rights and/or all exclusive rights under its copyright to Anchor Bay Entertainment (aka Starz Media LLC) and/or Vision Films, Inc. known distributors of direct-to-DVD productions such as *Elf-Man*, who also thus may be necessary and indispensable parties as owners of exclusive rights under 17 U.S.C. Section 106. The *Elf-Man* trailer identifies Vision Films as the distributor, and Anchor Bay Entertainment's website includes *Elf-Man* among its distributed titles. The table of alleged    copying    of    hash    piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 submitted by plaintiff to the Eastern District of Missouri (Exhibit 12 hereto) identifies Vision Films as the

ANSWER OF DEFENDANT
RYAN LAMBERSON - 7

rights holder.    The IMDB lists numerous individual producers and executive producers who may have made copyrightable contributions to *Elf-Man* not assigned to plaintiff.  Any and all of these third parties who own exclusive rights under 17 U.S.C. Section 106 in or to *Elf-Man* and/or the material represented by hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72  are  necessary  and indispensible parties not joined by plaintiff in this action.

20.    Admits paragraph 20.

21.    Denies paragraph 21.  Defendant affirmatively states: No such notice was publicly available at the time of the allegations against Defendant.

## THE DEFENDANTS

### In General

22.    Denies paragraph 22.

23.    Denies paragraph 23. Defendant affirmatively states: Any such use, if true, was under license from plaintiff who knowingly released its work into the bit torrent environment.

24.    Denies paragraph 24.    Defendant affirmatively states: Plaintiff's allegations comprise an improper legal conclusion, unsupported by factual allegations.

25.    Admits paragraph 25.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

26.    Denies paragraph 26. Defendant affirmatively states: The unique "hash" number is tied to one "piece" (aka bit or block) of the original work. Each piece has a unique hash identifier, and each motion picture is divided into numerous differently-valued hash pieces when the original seeder introduces its original version/copy into bit torrent.  Each hash piece is a small file containing humanly-imperceptible coded programming information, plus the code for the one small piece of the original humanly-perceptible work. The unique hash number is not "confirmed as being for an unauthorized copy of Plaintiff's motion picture" as plaintiff alleges in paragraph 26 – the hash number is associated with a piece. Plaintiff's Complaint in the District of Colorado more accurately defines the hash at paragraph 21: "The [bit torrent software] Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Work, a random and unique alphanumeric identifier known as a 'hash' and records these hash identifiers in the torrent file." Ex. 6).  These hash pieces are the "bit" of bit torrent – and the "torrent" files are an index of the hash pieces needed and their relative order to re-create the entire work, as well as a route to finding the pieces. The size of the hash piece depends on which bit torrent client is used by the original seeder.  A standard bit torrent hash piece size is 2 to the 18th power in bite size, approximately 256,000 bites (only a portion of which 256,000 bites is allocated to the perceptible work, the

ANSWER OF DEFENDANT
RYAN LAMBERSON - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

remainder allocated to programming preferences and relational data) – a size that equates to considerably less than one second of audio visual material – a blink of an eye. Other bit torrent clients may have a hash piece size with a range down in size to 2 to the 15th power in size or up to 2 to the 20th power in size – creating an overall approximate range of audio visual material per hash piece from an imperceptible 0.01 seconds to 1 second. Plaintiff has made the representation in its First Amended Complaint in paragraphs 24 and 83 (both including legal conclusions improperly pled) that defendant has somehow copied the entire motion picture during the one-second of its chart, despite plaintiff's actual knowledge that its own evidence shows activity only with respect to one piece designated by one hash – SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72, perhaps an imperceptible piece – and not the entire motion picture as alleged. No known technology is available to residential consumers that allows the digital transmission or reproduction of a motion picture with an 80-90 minute run time like *Elf-Man* in one second or less. Plaintiff does not allege copying by Mr. Lamberson of anything other than the hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 on 12/2/2012 at 4:39:20pm and plaintiff does not allege the originality, ownership, or copyrightability of the work represented by that hash piece.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 10

**Identification of the Named Defendants**

27.    No response necessary.

28.    No response necessary.

29.    No response necessary.

30.    No response necessary.

31.    No response necessary.

32.    No response necessary.

33.    No response necessary.

34.    No response necessary.

35.    No response necessary.

36.    No response necessary.

37.    No response necessary.

38.    No response necessary.

39.    No response necessary.

40.    No response necessary.

41.    No response necessary.

42.    No response necessary.

43.    No response necessary.

44.    No response necessary.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    45.    No response necessary.

2    46.    No response necessary.

3

4    47.    No response necessary.

5    48.    No response necessary.

6

7    49.    No response necessary.

8    50.    No response necessary.

9    51.    No response necessary.

10

11   52.    No response necessary.

12   53.    No response necessary.

13   54.    No response necessary.

14

15   55.    No response necessary.

16   56.    No response necessary.

17   57.    No response necessary.

18

19   58.    No response necessary.

20   59.    No response necessary.

21   60.    No response necessary.

22

23   61.    No response necessary.

24   62.    No response necessary.

25   63.    No response necessary.

26

ANSWER OF DEFENDANT
RYAN LAMBERSON - 12

64.    No response necessary.

65.    No response necessary.

66.    No response necessary.

67.    No response necessary.

68.    No response necessary.

69.    No response necessary.

70.    No response necessary.

71.    No response necessary.

72.    No response necessary.

73.    No response necessary.

74.    No response necessary.

75.    No response necessary.

76.    No response necessary.

77.    No response necessary.

78.    No response necessary.

79.    No response necessary.

80.    No response necessary.

81.    Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 81, and, on that basis, denies the same.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 13

82.     Admits paragraph 82.

83.     Denies paragraph 83. Defendant affirmatively states:   The allegation that Mr. Lamberson was "observed infringing" for one second at "04:39:20 p.m." on 12/2/2012 is a legal conclusion improperly pled.  The date and time are presumably UTC (universal computer time – Greenwich, England time, but kept in permanent standard time), so perhaps "08:39:20 a.m. Pacific Standard Time" on 12/2/2012 was intended. Both of these times and dates are prior to the first public release of plaintiff's work.

84.     No response necessary.

85.     No response necessary.

86.     No response necessary.

87.     No response necessary.

88.     No response necessary.

89.     No response necessary.

90.     No response necessary.

91.     No response necessary.

92.     No response necessary.

93.     No response necessary.

94.     No response necessary.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 14

95.    No response necessary.

96.    No response necessary.

97.    No response necessary.

98.    No response necessary.

99.     No response necessary.

100.   No response necessary.

101.   No response necessary.

**Further Identification of the Remaining Doe Defendants**

102.   No response necessary.

## <u>JOINDER</u>

103.   Denies paragraph 103.

104.   Denies paragraph 104.

105.   Denies paragraph 105, other than admitting that the same hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 is common to all copyright infringement claims brought in multiple actions in multiple United States District Courts by plaintiff; no other hash pieces are alleged to have been infringed. On information and belief, hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 was initially introduced into the bit torrent environment by plaintiff and/or its agents or privies.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 15

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

106.   Denies paragraph 106.

107.   Denies paragraph 107.

108.   Admits paragraph 108.

## FACTS COMMON TO ALL CLAIMS

### IP Addresses

109.   Admits paragraph 109.

110.   Denies paragraph 110. Defendant affirmatively states:  IP addresses are temporarily assigned to devices, not people.  IP addresses are not account numbers. ISP customers have no control over the assignment or re-assignment of IP addresses that its ISP may use or change for devices owned by or leased to its customer.

111.   Denies paragraph 111.

112.   Denies paragraph 112.

113.   Denies paragraph 113. Defendant affirmatively states: Plaintiff's apparent knowledge of piracy and the use of the internet to conduct purported illegal activity show an awareness by plaintiff that certain media and distribution models are better than others if prophylactic protection and secure distribution of its works are desired, plus show that plaintiff did not under the known technological landscape exercise due care to protect its work at the level it apparently seeks.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 16

**Peer-to-Peer Internet Piracy Via Bit Torrent**

114.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 114, and, on that basis, denies the same.

115.   Denies paragraph 115.

116.   Admits paragraph 116.

117.   Admits paragraph 117.

118.   Denies paragraph 118.

119.   Admits paragraph 119.   Defendant affirmatively states: Plaintiff has filed no lawsuits against any commercial client application software vendors for direct or contributory infringement.

120.   Admits paragraph 120.   Defendant affirmatively states: Plaintiff has filed no lawsuits against any commercial torrent sites for direct or contributory infringement.   Torrent files for the very version of *Elf-Man* alleged to have been infringed by plaintiff have been and are being offered on the leading torrent file website, Pirate Bay.

121.   Admits paragraph 121. Defendant affirmatively states: torrent files identify the numerous pieces of which the original entire work as seeded is composed and the associated hash value of the numerous pieces. Plaintiff has filed

ANSWER OF DEFENDANT
RYAN LAMBERSON - 17

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

no lawsuits against any commercial torrent file or tracker software vendors for direct or contributory infringement.

122. Admits paragraph 122.

123. Admits paragraph 123.

124. Admits paragraph 124. Defendant affirmatively states: Plaintiff has filed no lawsuits against any of these commercial entities, bringing its actions only against individual John and Jane Does who may be entirely innocent even if they did download a piece of the film or the entire film – for example, a child's copying and viewing as research for a school project on elf-based holiday movies of the 21st century would be non-infringing fair use under 17 U.S.C. Section 107, even if the copyright holder disapproved. On information and belief, plaintiff and/or its agents and privies have been and are seeding *Elf-Man* onto the very peer-to-peer networks it claims are responsible for facilitating the defendant's infringement, and they are perpetuating the existence and availability of *Elf-Man* on these peer-to-peer networks. Plaintiff's barratrous business model needs the infrastructure of peer-to-peer in order to work: seeding its own work onto peer-to-peer networks, maintaining the viability of the work on these networks, all to generate peers with visible IP addresses that can be harvested by capturing one-second snapshots, which are then churned into summonses, settlements, and default judgments – without any

ANSWER OF DEFENDANT
RYAN LAMBERSON - 18

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

concomitant actions using the DMCA takedown procedures or any lawsuits against any commercial provider (or initial seeder or perpetual peer) in the peer to peer chain who is facilitating the alleged infringement.  In other words, one of the torrent site profiteers of paragraph 124 is plaintiff.

125.  Denies paragraph 125. Defendant affirmatively states: Plaintiff has filed no lawsuits against any such parties alleged to be accepting monies for access to its works for direct or contributory infringement.

126.  Denies paragraph 126.  "Torrent file" was likely more accurately defined by plaintiff's paragraph 121.  The averments of paragraph 126 presumably refer to one of the pieces of the work as divided when seeded, each piece (aka bit or block) assigned a hash value.

127.  Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 127, and, on that basis, denies the same.

128.  Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 128, and, on that basis, denies the same. Defendant affirmatively states: Plaintiff has filed no lawsuits against any such Peer Exchange software vendors for direct or contributory infringement.

129.  Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 129, and, on that basis, denies the same.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 19

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Defendant affirmatively states: Plaintiff has filed no lawsuits against any such Distributed Hash Table software vendors for direct or contributory infringement.

130.   Denies paragraph 130.

131.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 131, and, on that basis, denies the same.

132.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 132, and, on that basis, denies the same. Defendant affirmatively states:  Not all identifiable users in any swarm are either downloading or uploading any pieces at any one time. Plaintiff makes no allegations that defendant was downloading or uploading at 04:39:20pm UTC on 12/2/2012.

133.   Denies paragraph 133.

134.   Denies paragraph 134.

135.   Denies paragraph 135. Defendant affirmatively states:  On information and            belief,            the            hash            piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 allegedly copied by the defendant was knowingly placed into the alleged cascade of infringement by the plaintiff, its contract partners, agents and/or privies.

136.   Denies paragraph 135.

**Conduct of Defendants**

ANSWER OF DEFENDANT
RYAN LAMBERSON - 20

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

137.   Denies paragraph 137.

138.   Denies paragraph 138.

139.   Denies paragraph 139.

140.   Denies paragraph 140.

141.   Denies paragraph 141. Defendant affirmatively states: Plaintiff has assigned its distribution rights and thus does not have any rights to prohibit the allegations of this paragraph.

142.   Denies paragraph 142.

143.   Denies paragraph 143.

144.   Denies paragraph 144.

145.   Denies paragraph 145.

146.   Denies paragraph 146.

**Exemplar Defendant**

147.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 147, and, on that basis, denies the same.

148.   Denies paragraph 148.  Defendant affirmatively states: the hash value recited is for a piece of the work, not for the entire motion picture.  The torrent file purportedly described in paragraph 121 is the file that indexes and organizes all of the various pieces created by the original uploader seeding the work into bit torrent.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 21

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

149.   Denies paragraph 149.

## CLAIMS FOR RELIEF STATED IN THE ALTERNATIVE

### FIRST CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT

150.   No response necessary.

151.   Denies paragraph 151.

152.   Denies paragraph 152.

153.   Denies paragraph 153.

154.   Denies paragraph 154.

155.   Denies paragraph 155.

156.   Denies paragraph 156.

157.   Denies paragraph 157.

158.   Denies paragraph 158.

### SECOND CLAIM FOR RELIEF

### CONTRIBUTORY INFRINGEMENT

159.   No response necessary.

160.   Denies paragraph 160.

161.   Denies paragraph 161.

162.   Denies paragraph 162.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 22

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    163.   Denies paragraph 163.

2    164.   Denies paragraph 164.

3

4    165.   Denies paragraph 165.

5    166.   Denies paragraph 166.

6                    **THIRD CLAIM FOR RELIEF**

7

8            **Alternative Statement Pursuant to FRCP 8(2)(b)**

9                **Indirect Infringement of Copyright**

10

11   167.   No response necessary.

12   168.   Denies paragraph 168.

13   169.   Denies paragraph 169.

14

15   170.   Denies paragraph 170.

16   171.   Denies paragraph 171.

17   172.   Denies paragraph 172.

18

19   173.   Denies paragraph 173.

20   174.   Denies paragraph 174.

21   175.   Denies paragraph 175.

22

23   176.   Denies paragraph 176.

24                         **DAMAGES**

25   177.   Denies paragraph 177.

26

ANSWER OF DEFENDANT
RYAN LAMBERSON - 23

1

**Notice of Further Claims**

178.    No response necessary.

179.    No response necessary.

180.    Denies paragraph 180.

## **AFFIRMATIVE DEFENSES**

As Affirmative Defenses, Defendant alleges:

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Plaintiff's copyright at issue is invalid and unenforceable.

3.    The piece of plaintiff's purported work allegedly copied, and represented by hash SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72, is not sufficiently original, fixed, or humanly perceptible to be the subject of copyright.

4.    Plaintiff does not submit its purported Certificate of Registration as required for subject matter jurisdiction and any presumptions under the Copyright Act.

5.    Third-parties known to plaintiff are the authors and owners of pre-existing material expressly exempted from plaintiff's copyright in suit.

6.    Third-parties known to plaintiff are the owners of exclusive rights under the copyright in suit.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 24

7.      Necessary and indispensible parties known to plaintiff are not joined.

8.      Plaintiff's claims are barred by fair use under 17 U.S.C. § 107.

9.      Plaintiff's claims are barred by the archival rights under 17 U.S.C. Section 117(a).

10.     Plaintiff's claims are barred by estoppel.

11.     Plaintiff's claims are barred by unclean hands.

12.     Plaintiff's claims are barred by waiver.

13.     Plaintiff's claims are barred by barratry.

14.      Plaintiff claims are barred by license, express or implied.

15.     Plaintiff has failed to mitigate damages.

16.     Plaintiff's damages are caused by its own actions or those of its privies.

17.     Plaintiff's claims are barred by misuse of copyright.

18.     Plaintiff's claims for statutory damages are excessive and disproportionate to any actual damages.

19.     Plaintiff's claims for statutory damages are barred under 17 U.S.C. 504 (c)(1) because plaintiff has already been compensated for the work at issue by one of the original co-defendants in the combined action from which this case was severed.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 25

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

20.    Plaintiff is not entitled to injunctive relief because any alleged injury is not irreparable, and plaintiff has an adequate remedy at law.

21.    Plaintiff's claims are barred by *de minimus non curat lex* (the law cares not for a trifle.)

22.    Plaintiff's claims are barred by *de minimus* use.

23.    Plaintiff's claims are the result of an inadequate investigation of the facts and an inadequate analysis of the controlling law, both in violation of Fed. R. Civ. P. 11.  Procedural pre-requisites for the application of Fed. R. Civ. P. 11 have been satisfied.

24.    Plaintiff's Third Claim for Relief is captioned "Indirect Infringement of Copyright," but neither the Copyright Act nor the controlling authority recognizes such a cause of action.

25.    Plaintiff's claims sounding in tort or contract are pre-empted by the United States Copyright Act, 17 U.S.C. § 301.

26.    Plaintiff is not a third-party beneficiary entitled to any specific performance under any contracts between defendant and his internet service provider.

27.    Defendant did not download *Elf-Man.* Defendant has no knowledge that anyone downloaded *Elf-Man* using his computer or internet service. Defendant

ANSWER OF DEFENDANT
RYAN LAMBERSON - 26

has no connection, association, control, or financial relationship with anyone who might have downloaded *Elf-Man* using his computer or internet service.  Plaintiff has refused to examine evidence voluntarily presented to it by defendant on all of these facts. If, somehow, defendant is liable for copyright infringement, defendant is an innocent infringer as he was not aware of, and had no reason to believe his acts constituted infringement.

28.    Plaintiff is not authorized to conduct business in the State of Washington and its barratrous litigation business model is void *ab initio.*

29.    Plaintiff is not adequately capitalized to meet the liability caused by its unlawful business scheme and thus is operating as the *alter ego* of its yet unidentified principals, and all relief sought herein is sought from plaintiff and such principals.  Plaintiff should be required to post a bond sufficient to meet an award of defense attorneys fees against it.

## **COUNTERCLAIMS**

As Counterclaims against Plaintiff, Defendant alleges as follows:

1.    Counterclaim-plaintiff Ryan Lamberson is a single man and single father.  At the time in question, he lived in a two bedroom apartment in Spokane County with a male roommate who also is a single father.  Mr. Lamberson has maintained an internet account (including telephone and television) from Comcast

ANSWER OF DEFENDANT
RYAN LAMBERSON - 27

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

over the relevant time frame.  He has faithfully paid on his account and has not been denied service for any breach of terms.  Mr. Lamberson's household has a Netflix account from which he could rent *Elf-Man* for no marginal cost.  Mr. Lamberson has no financial or control relationship with any known infringer of *Elf-Man.*

2.    Counterclaim-defendant Elf-Man, LLC is the plaintiff hereunder.

3.    The Court has subject matter jurisdiction over these counterclaims under the Copyright Act, the Declaratory Judgments Act, 28 U.S.C. Sections 2201-2202, and by supplemental jurisdiction.

4.    Venue is proper in this district because the plaintiff has consented to this district and the effects of its unlawful activities are felt in this district.

5.    Elf-Man, LLC was formed on November 11, 2011.  To the extent that *Elf-Man* the motion picture is a copyrightable work, Elf-Man, LLC can only be the "author" of that work if its W-2 employees and only those employees created the work, and/or if everyone making a copyrightable contribution to *Elf-Man* each executed a written and signed, valid work-made-for-hire agreement with Elf-Man, LLC in compliance with 17 USC Sections 101 and 201.  Elf-Man, LLC could also be the "owner" of the copyright by written assignment, executed by the author. Plaintiff has alleged no such authorship relationships or assignment relationships,

ANSWER OF DEFENDANT
RYAN LAMBERSON - 28

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

nor submitted into the record any of the associated documentation required to create such relationships.

6.    Wiseacre Films LLC was also formed on November 11, 2011.  The trailer for *Elf-Man* shows Wiseacre Films as the principal producer. The well-known movie database IMDB shows both Elf-Man, LLC and Wiseacre Films, LLC as producers of *Elf-Man.* Plaintiff's facebook page for the motion picture indicates that Wiseacre Films, LLC is a producer.  IMDB also lists the following other producers: Jason Acuña, Russell Denove, Richard Jefferies, Lise Romanoff, Melissa Skoff, Alan Somers, Kurt Uebersax, and Chris Walas.   On information and belief, plaintiff may not have employed each of these individuals who may have made a copyrightable contribution, and it may not have an executed work made for hire or assignment agreement with each of them.  Consequently, each such producer who was not so employed or who did not have an executed work made for hire or assignment agreement, retains ownership of his or her exclusive rights as may apply to        the        subject        of        hash        piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72.

7.    Messrs Wiley and Jeffries were the writers of *Elf-Man* and submitted and own the '737 Registration that is Exhibit 4.  On information and belief, they have not assigned their rights to Elf-Man, LLC as to the subject of hash piece

ANSWER OF DEFENDANT
RYAN LAMBERSON - 29

SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 and thus retain their exclusive rights as to that material.

8.    Elf-Man, LLC owns the '286 Registration but it contains express Limitations, including to pre-existing footage, pre-existing photographs, and pre-existing music, all admitted to be contained within the work.  In addition, the '286 Registration cannot provide copyright protection for humanly-imperceptible portions of works.

9.    Elf-Man, LLC on information and belief assigned exclusive distribution rights in *Elf-Man* to Vision Films, Inc. and/or Anchor Bay Entertainment; consequently, plaintiff does not own the distribution rights under the '286 Registration.  Vision Films represents to the Eastern District of Tennessee that it is the owner of all exclusive rights (including the reproduction and distribution rights) in *Elf-Man* including the right to sue for infringement. (Ex. 5, paragraph 30.)

10.    *Elf-Man* debuted in Frederick, Maryland, the town where the Wiseacre Films facilities are located.  The motion picture was initially publicly shown at a local film event on Saturday December 1, 2012; there have been no other reported public showings of *Elf-Man*, which did not have a theatrical release.  Copies of *Elf-Man* were not distributed at the December 1, 2012 public showing in Maryland. *Elf-Man* was first publicly distributed on DVD on Tuesday December 4, 2012 and

ANSWER OF DEFENDANT
RYAN LAMBERSON - 30

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

also first publicly released to video-on-demand services on December 4, 2012. There is no other known earlier distribution of the work other than a reference in an interview by Mr. Ubersax of a pre-release to the Redbox service two weeks prior to December 4, 2012, which is Tuesday November 20, 2012. The claimed August 1, 2012 "date of first publication" on the '286 Registration is incorrect, perhaps a mistake made by improperly designating an internal, pre-publication, completion of some milestone in the *Elf-Man* project like sending a final edition of the work to the distributor.

11.    Plaintiff has brought at numerous lawsuits against John Does alleging copyright infringement by users of peer-to-peer networks.  Despite plaintiff's apparent forensic software, plaintiff has never alleged that it has determined the IP address of the original source of the unique hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72, nor do any of the John Doe cases allege that any of the John Does are the original source of the unique hash piece. Plaintiff has brought no lawsuits making direct accusations against an individual or organization of initially seeding the work into bit torrent, creating the unique hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD7.    For example, plaintiff has brought no lawsuits against any of plaintiff's privies who may have

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

violated the pre-release confidentiality obligations of a contract with plaintiff regarding a version of *Elf-Man* to which the privy had pre-release access. Plaintiff has brought no lawsuits against any software providers of any aspects of peer-to-peer, nor against any owners or operators of websites where peer-to-peer links to *Elf-Man* can apparently be found. On information and belief, plaintiff has issued no takedown notices under the Digital Millennium Copyright Act ("DMCA"), an act expressly designed to facilitate copyright owners removing infringements of their works from the internet. DMCA takedown notices are a standard part of any legitimate anti-piracy campaign.

12.    Plaintiff's lawsuits against John Does include the following nine:

a.    District of Oregon: Case No. 6:2013-cv-00331

b.    District of Oregon: Case No. 1:2013-cv-00333

c.    District of Oregon: Case No. 2:2013-cv-00334

d.    Eastern District of Washington: Case No. 2:2013-cv-00115

e.    Western District of Washington: Case No. 2:2013-cv-00507

f.    Eastern District of Missouri: Case No. 4:2013-cv-00576

g.    Northern District of Illinois: 1:2013-cv-02362

h.    Northern District of Ohio: 1:2013-cv-00727

i.    Southern District of Ohio: 2:2013-cv-00308

ANSWER OF DEFENDANT
RYAN LAMBERSON - 32

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

13.     The Complaints in each of the nine matters are brought by Elf-Man, LLC as the sole plaintiff, claim copyright ownership in *Elf-Man*, and proceed against a group of John Does, seeking subpoenas leading to service of the Complaints on individual ISP subscribers such as Mr. Lamberson.  None of these nine cases has proceeded to a successful trial nor resulted in any summary judgment in favor of the plaintiff.   Multiple Defaults have now been entered against served defendants, including in the combined case from which Mr. Lamberson's matter was severed, for example, the Defaults now entered against Andrew Lint, Brenda Barnett, Dean Barnett, Rafael Torres, Carlos Rodriguez, Stephanie Housden, and Shannon Williams.

14.     None of the nine Complaints are verified by Elf-Man, LLC, its principals, nor any other witness.  Each of the nine Complaints attaches a table of typed, organized data – also not verified.  In Mr. Lamberson's case, the table is not attached or incorporated in the First Amended Complaint (ECF #3), but it is attached to the original Complaint (ECF #1) as (ECF #1-1), although no witness verifies the data or provides any foundational testimony for it.  The data from the tables is not a matter of known public record nor an ordinarily-kept business record. The table of data in each case includes the number of a John Doe, a purportedly-related IP address, a one-second time and date (sometimes denoted as UTC,

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

sometimes         not),         and         reference         to         the         hash SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72.

15.   In a customary case of alleged piracy, the distribution copyright holder investigates and issues take down notices to websites indexing the copyright holder's works.  The websites are then provided legal safe harbors for taking their subscriber's links down where there is no fair use, license, or other reason to retain the link.  Those links originate with seeders who initially upload a work through the bit torrent protocol to be broken into hash-valued pieces indexed into a link accessible by others operating compatible protocols.  Seeders may be "super-fans" of the work, who have a desire to comment and criticize on the work and who might be fairly using and enhancing the demand for the legitimate work. The seeders may also be commercial profiteers operating in violation of the law as plaintiff alleges.

16.   Plaintiff is one of those commercial profiteers operating in violation of the law.  The table from each Complaint is attached hereto and incorporated herein:

a.   District of Oregon: Case No. 6:2013-cv-00331 (Ex. 7).

b.   District of Oregon: Case No. 1:2013-cv-00333 (Ex. 8).

c.   District of Oregon: Case No. 2:2013-cv-00334 (Ex. 9).

d.   Eastern District of Washington: Case No. 2:2013-cv-00115 (Ex. 10).

e.    Western District of Washington: Case No. 2:2013-cv-00507 (Ex. 11).

ANSWER OF DEFENDANT
RYAN LAMBERSON - 34

f.    Eastern District of Missouri: Case No. 4:2013-cv-00576 (Ex. 12).

g.     Northern District of Illinois: 1:2013-cv-02362 (Ex. 13).

h.    Northern District of Ohio: 1:2013-cv-00727 (Ex. 14).

i.    Southern District of Ohio: 2:2013-cv-00308 (Ex. 15).

j.    The table from the Vision Films case in the Eastern District of Tennessee 3:13-cv-00128 (Ex. 16)

17.    Each of the attached tables shows at least one alleged transfer of the hash piece prior to December 4, 2012 (05:00 UTC) – this includes the Tennessee case where Vision Films is the plaintiff, and which includes alleged infringement on December 2, 2012 and December 3, 2012, dates identical to those in the ED WA case brought by Elf-Man, LLC.  *Elf-Man* was not officially released to the public through DVD or streaming technology until Tuesday December 4, 2012.  The tables for Ex. 7 and Ex. 9 show transfer of the hash piece prior to November 20, 2012 (05:00 UTC), the apparent Redbox pre-release of *Elf-Man*.  Each of the tables (including the Tennessee case) shows the identical hash, thus, each has the same seed origin.  That seed origin for that hash piece was prior to any known public showing or public distribution of the motion picture.   On information and belief, that seed origin is with the plaintiff, or its German investigator, agents, or privies.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 35

18.     None of the tables shows any alleged transfer of the hash piece prior to October 19, 2013, the effective date of Elf-Man, LLC's copyright application for the '286 Registration.

19.     Elf-Man on information and belief uses no level of technological measure greater than a standard level of protection for a direct-to-DVD motion picture.

20.     On information and belief, Elf-Man LLC utilizes a standard level of protection for its un-published works, including relationships with third-parties who may have access to the work prior to its public release requiring those parties to respect the public release dates of the un-published works.  The movement of *Elf-Man* after its production and prior to its public release may account for the inaccurately claimed August 1, 2012 date of first publication alleged in plaintiff's copyright application.

21.     On information and belief, plaintiff, its contractual parties, agents, and/or privies first seeded its work to bit torrent prior to its public release for the express purpose of a dragnet copyright infringement enforcement business model, leveraging the mandatory statutory damages applicable to those with prompt copyright registration certificates while ignoring the license and waiver implications of its seeding.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 36

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

22.    Statutory damages are only available if the copyright holder promptly registers its copyright or before the acts of infringement.   17 U.S.C. Section 412. The effective date of the '286 Registration is October 19, 2012.   The earliest noted passing of a hash piece from any of the evidence submitted in any of the nine cases is November 19, 2012.   The public release date of the DVD was December 4, 2012, with an apparent limited pre-release to Redbox on November 20, 2012.

23.    Technology is available to determine the IP address of the original seeder of a work onto bit torrent, see, for example, the Declaration of Delvan Neville, attached as Exhibit 17 (irrelevant adult film references redacted) in the case of *First Time Videos, LLC, v. Oppold*, (Case No.: 6:12-cv-01493-CEH-KRS, Middle District of Florida) tracing the original seeding of the work at issue in that case to the copyright owner in that case and or its agents.   Regrettably, Mr. Lamberson is not in a financial position to hire the services of an expert like Mr. Neville, so it will need to rely on plaintiff's honesty in the discovery process to reveal the identity of the initial seeder and/or hope the expert can take the case for the principle of exposing other plaintiffs operating these barratrous "honeypots." The plaintiff's own evidence shows activity of the hash piece prior to any public release of the work, indicating the initial seeder must have been plaintiff or one of

ANSWER OF DEFENDANT
RYAN LAMBERSON - 37

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

its privies, none of whom plaintiff has sued for copyright infringement or breach of contract.

24.    Even if the plaintiff itself did not seed the hash at issue, it is responsible for the seeding, because it otherwise must have directed the seeding by an agent, or it failed to exercise due care with its contractual parties, assignees, suppliers, or vendors with respect to the unpublished work prior to the public release of *Elf-Man*.

25.    Plaintiff purposefully released *Elf-Man* into the bit torrent environment knowing, authorizing, and inviting its copying and distribution.  There is no evidence that Mr. Lamberson or any of the other John Does in any of the cases was the seeder of the hash piece at issue.

26.    Plaintiff has also used investigative methods that are known to lead to "false positives" and are not calculated to lead to the true identity of the perpetrator of any unlawful conduct. There are numerous reasons why Mr. Lamberson's IP address may appear on plaintiff's list that do not include copyright infringement, such as others using the network, a mis-assigned IP address, spoofing of an IP address by another bit torrent user, data capture errors, a viral bot operating autonomously, the passing of an uncopyrightable bit, or errors in collection and assessment of plaintiff's purported data.  See, for example, *Challenges and*

ANSWER OF DEFENDANT
RYAN LAMBERSON - 38

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

*Directions for Monitoring P2P File Sharing Networks – or – Why My Printer Received a DMCA Takedown Notice* by the University of Washington Department of Computer Science and Engineering (Ex. 18). Plaintiff's investigators' data capture methodologies do not account for any of these possibilities for false positives or other errors, because their methodologies simply capture the available data without any analysis of the local situation of any one identified IP address. Plaintiff has no other corroborating witnesses to its claims of infringement against Mr. Lamberson.

27.    Plaintiff's tables attached to its complaints are un-attested, provide no foundational evidence, do not identify any person who created the lists, do not identify any software used to create the lists, and do not identify how the lists are created. Numerous John Does who have now been identified have filed Answers flatly denied ever hearing of Elf-Man, let alone copying it. Nevertheless, plaintiff has proceeded to accept settlements and pursue default judgments against people who may in fact be innocent of the copyright infringement allegations like Mr. Lamberson is innocent, despite knowledge of the high risk of false positives inherent in its investigative methodology.

28.    On information and belief, plaintiff is using IPP Ltd, or IPP International, (IPP), fka Guardaley Ltd of Germany as its "investigator." IPP and

ANSWER OF DEFENDANT
RYAN LAMBERSON - 39

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

Guardaley are noted for flawed and inaccurate data harvesting techniques. Guardaley is a defendant in a class action lawsuit in the District of Massachusetts, Case No. 1:10-cv-12043 alleging Guardaley's commission of fraud in connection with its barratrous relationship with a copyright owner and law firm in bringing lawsuits based on faulty investigation in order to drive nuisance settlements. Guardaley's "technology" that has apparently been used in this case as plaintiff's only evidence has also been found fundamentally flawed by a German tribunal. Guardaley was sued by the German law firm Baumgarten Brandt because Guardaley did not reveal the flaws in its techniques to the law firm which hired it. The rulings from the German court found that Guardaley was operating a honeypot, seeding its clients' own works; that Guardaley's technology identifies as infringers those who only inquired about the file; that its technology identifies as infringers those who neither downloaded or uploaded; and did not identify how each IP address was identified. (Ex. 19 and 20 as previously filed in the District of Colorado in Malibu Media, LLC v. Fantalis et al., Case No.: 1:12-cv-00886-MSK-MEH). IPP is acting in concert with plaintiff in its unlawful barratrous scheme. Plaintiff has provided no witness in the United States as to the facts of its allegations of infringement against any of the defendants in any of the Washington state *Elf-Man* cases.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 40

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

29.    Plaintiff is operating this barratrous infringement lawsuit enterprise in Washington without any certificate of authority to conduct business in the state. On information and belief, plaintiff is paying for the "evidence" in its tables from IPP (and/or the delinquent South Dakota Crystal Bay Corporation) and has agreed to share proceeds of these matters with IPP (and/or the delinquent South Dakota Crystal Bay Corporation) and those responsible for creation of the tables. Unless enjoined, the plaintiff's unlawful conduct is certain to continue.

## COUNTERCLAIM COUNT ONE

### Declaration of non-infringement

30.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

31.    Mr. Lamberson has not infringed any of plaintiff's exclusive rights in *Elf-Man* and seeks a formal declaration of the same. This is an exceptional case warranting an award of attorneys fees and costs to Mr. Lamberson.

## COUNTERCLAIM COUNT TWO

### Declaration of copyright invalidity and unenforceability

32.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

ANSWER OF DEFENDANT
RYAN LAMBERSON - 41

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

33.    Plaintiff's has misused its alleged copyright, rendering it unenforceable, and Mr. Lamberson seeks a formal declaration of the same. This is an exceptional case warranting an award of attorneys fees and costs to Mr. Lamberson.

## COUNTERCLAIM COUNT THREE

### Cancellation of U.S. Copyright Registration

34.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

35.    Plaintiff's purported '286 Registration fails to satisfy the legal and formal requirements for obtaining copyright.

36.    Mr. Lamberson requests relief from the Court directing the U.S. Copyright Office to cancel the '286 Registration.

## COUNTERCLAIM COUNT FOUR

### Defamation

37.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

38.    Plaintiff has intentionally and recklessly named Mr. Lamberson in a federal lawsuit that never should have been brought against him.  Plaintiff has made several published knowingly false statements in furtherance of that activity.

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

39.    Mr. Lamberson has been damaged by plaintiff's intentional and reckless defamatory activity.

## COUNTERCLAIM COUNT FIVE

Consumer Protection Act

40.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

41.    Plaintiff is engaging in a systematic, unlawful business scheme that includes multiple commercial acts of defamation not in the public interest and which will continue if not enjoined.  Additionally, plaintiff has no certificate of authority to conduct business in Washington.

42.    Mr. Lamberson and others who have been falsely accused have been damaged by plaintiff's unlawful scheme which is unlawful under the Washington State Consumer Protection Act, RCW19.86.010 et seq. This is an exceptional case warranting an award of multiple damages and attorneys fees and costs to Mr. Lamberson.  Defendant has notified the Washington State Attorney General of the filing of this action, as required under statute.

## COUNTERCLAIM COUNT SIX

Tortious Interference with Business Relationships

ANSWER OF DEFENDANT
RYAN LAMBERSON - 43

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

43.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

44.    Plaintiff filed this action claiming to be a victim of bit torrent without admitting its role in seeding the very work it claims was copied.  Plaintiff sought and received the right to issue Subpoenas to the ISP of Mr. Lamerbson based on its self-manufactured claims.  Mr. Lamberson's ISP has communicated with him about the Subpoenas and the existence of these Subpoenas is noted in Mr. Lamberson's customer service files.  Plaintiff had no right to force Mr. Lamberson's ISP to respond to a Subpoena when plaintiff knew it was manufacturing its own claims, not enforcing legitimate rights.

45.    Plaintiff's  activity  has  affected  the  relationship  between  Mr. Lamberson and his ISP.  He may not longer be entitled to discounts or promotional offerings  made  to  other  customers  about  whom  no  subpoenas  have  been  issued.  Plaintiff's activity is unlawful tortious activity interfering with Mr. Lamberson's business relationships.

**WHEREFORE, Ryan Lamberson prays for:**

a.    Dismissal of plaintiff's claims with prejudice;

b.    An order that plaintiff shall be afforded no relief from its complaint herein;

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

c.      A declaration of non-infringement and injunctive relief;

d.      An order to the U.S. Copyright Office to cancel plaintiff's purported copyright registration;

e.      Attorneys' fees and costs awardable under 17 U.S.C. Section 505;

f.      Multiple damages and attorneys fees under the Consumer Protection Act;

g.      For any and all damages suffered by defendant;

h.      A ruling prohibiting the testimony of Daniel Macea, Michael Patzer, or any representative of IPP or Guardaley on the basis of lack of foundation, inequitable conduct, and *Daubert* principals;

i.      Sanctions pursuant to Fed. R. Civ. P. 11;

j.       For post-judgment interest on the entire amount until paid in full; and

k.      For such other and further relief as the Court may deem just.

DATED this 3rd day of January, 2014.

LEE & HAYES, PLLC

ANSWER OF DEFENDANT
RYAN LAMBERSON - 45

By: *s/ J. Christopher Lynch*
        J. Christopher Lynch, WSBA #17462
        Jeffrey R. Smith, WSBA #37460
        Rhett V. Barney, WSBA #44764
        601 W. Riverside Avenue, Suite 1400
        Spokane, WA 99201
        Phone: (509) 324-9256
        Fax: (509) 323-8979
        Emails:  chris@leehayes.com
                jeffreys@leehayes.com
                rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

ANSWER OF DEFENDANT
RYAN LAMBERSON - 46

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on the 3rd day of January, 2014, I caused to be electronically

4

filed the foregoing with the Clerk of the Court using the CM/ECF system which

5

will send notification of such filing to the following:

6

      Maureen C. VanderMay         efile@vandermaylawfirm.com

7

8

9

                  LEE & HAYES, PLLC

10

           By: *s/ J. Christopher Lynch*

11

               J. Christopher Lynch, WSBA #17462

12

               601 W. Riverside Avenue, Suite 1400
               Spokane, WA 99201

13

               Phone: (509) 324-9256

14

               Email: chris@leehayes.com

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT
RYAN LAMBERSON - 47