Maureen C. VanderMay, WSBA No. 16742
The VanderMay Law Firm PC
2021 S. Jones Blvd.
Las Vegas, Nevada 89146
(702) 538-9300

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ELF-MAN, LLC,                    )   Case No.: 2:13-CV-00395-TOR
                                 )
          Plaintiff,             )   PLAINTIFF'S MOTIONS IN
                                 )   RESPONSE TO DEFENDANT'S
v.                               )   FIRST AMENDED ANSWER AND
                                 )   AFFIRMATIVE DEFENSES TO
RYAN LAMBERSON,                  )   PLAINTIFF'S FIRST AMENDED
                                 )   COMPLAINT; AND
          Defendant.             )   COUNTERCLAIM
                                 )
                                 )   03/10/2014
_____ )   Without Oral Argument

          Pursuant to Federal Rule of Civil Procedure 12 and RCW 4.24.525, Plaintiff

Elf-Man, LLC hereby submits the following motions in response to Defendant's

First Amended Answer and Affirmative Defenses to Plaintiff's First Amended

Complaint; and Counterclaim:

          – Special Motion to Strike Defendant's State Law Counterclaims (Counts 4,

5 and 6) Pursuant to RCW 4.24.525;

          – Motion to Stay Discovery Pending Resolution of Plaintiff's Special

Motion to Strike and Request for Monetary Award Pursuant to RCW

4.25.525(6)(a);

          – Motion to Dismiss Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) for

Failure to State a Claim Upon Which Relief Can Be Granted;

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 1

– Motion to Dismiss Counterclaims and/or Strike Affirmative Defenses Based Upon Allegations of Fraud Pursuant to Fed. R. Civ. P. 9(b);

– Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) the following redundant, immaterial, impertinent and/or scandalous matter in Defendant's first amended answer and counterclaims as listed:

1) all material which Defendant "affirmative states" in the answer portion of Defendant's responsive pleading (ECF No. 18 at pp. 1-24, ¶¶ 1-180) with the exception of the final sentence of ¶ 16, which constitutes a denial);

2) all material after the first sentence of ¶ 26 in the answer portion;

3) all references to "barrantry," "barrantrous" and related terms in that they are scandalous and intended for improper purposes;

4) affirmative defenses set forth in ¶¶ 2, 3, 4, 5, 6, 21, 22, 23, 26, 27, 28 and 29 (ECF No. 18 at pp. 24-27);

5) the narrative set forth in the counterclaims section (ECF No. 18 at pp. 27-41, Counterclaim ¶¶ 1-29);

6) in the Prayer for Relief (ECF No. 18 at p. 45):

subsec. h) immaterial in that it improperly seeks relief in Defendant's pleading that should be asserted, if at all, prior to trial by way of motions *in limine*;

subsec. i) immaterial in that it improperly seeks relief in Defendant's pleading that is unripe and may only be sought in a separate motion pursuant to Fed. R. Civ. P. 11(c)(2); and

7) the exhibits to Defendant's responsive pleading.

– In the Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P 12(e) With Respect to Defendant's Counterclaims (Counts 2-6).

PLAINTIFF'S MOTIONS IN RESPONSE TO DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIM – Page 2

1    Plaintiff supports these motions with the following points and authorities,

2    exhibits, and the record in this action.

3    MEMORANDUM OF POINTS AND AUTHORITIES

4    I    Plaintiff's Special Motion to Strike Defendant's State Law Counterclaims

5        (Counts 4, 5 And 6) Pursuant to  RCW 4.24.525 Should Be Granted.

6        Washington's Act Limiting Strategic Lawsuits Against Public Participation,

7    RCW 4.25.525, provides a procedural mechanism for the early evaluation of

8    claims that fall within the Act's parameters.[1]  This Court previously described the

9

10       [1]    Although Plaintiff's claims are asserted under the federal Copyright

11   Act, 17 U.S.C. §§ 101 et seq., Defendant asserts both state and federal

12

13   counterclaims.  Plaintiff's special motion to strike is directed solely against

14   Defendant's state law counterclaims, e.g. Counts 4 (defamation), 5 (Washington

15   Consumer Protection Act) and 6 (intentional interference with business relations).

16

17   *See Bulletin Displays v. Regency Outdoor Advertising,* 448 F. Supp. 2d 1172 (C.D.

18   Cal. 2006) ("Although the [California] anti-SLAPP statute does apply to state law

19   claims brought in federal court, *United States ex rel Newsham v. Lockheed*

20   *Missiles & Space Co.,* 190 F.3d 963, 973 (1999), it does not apply to federal

21

22   question claims in federal court because such application would frustrate

23

24   substantive federal rights.").

25   PLAINTIFF'S MOTIONS IN RESPONSE TO
26   DEFENDANT'S FIRST AMENDED ANSWER
     AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
27   FIRST AMENDED COMPLAINT; AND
28   COUNTERCLAIM – Page 3

Act's purposes as follows:

> " Commonly referred to as the 'anti-SLAPP[2] statute, RCW 4.24.525 is designed to address 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' Substitute Senate Bill 6395, Laws of 2010, Chapter 118, § 1. Recognizing that such lawsuits 'can deter individuals and entities from fully exercising their constitutional rights to petition the government and to speak out on public issues,' the Washington Legislature enacted the anti-SLAPP statute to provide litigants with an 'efficient, uniform and comprehensive method for speedy adjudication.' *Id.* To that end, the statute allows a party to file a special motion to strike 'any claim that is based on an action involving public participation and petition.' RCW 4.24.525(4)(a)."

*Jones v. City of Yakima Police Dep't.,* Case No. 12-CV-3005-TOR at p. 2 (E.D. Wash., May 24, 2012 ) (footnote in original, renumbered from original) (a copy of which is attached hereto as Attachment 1).

When a claim is "based on an action involving public participation and petition," it is subject to being dismissed at the outset of the proceeding upon the filing of a special motion to strike.  RCW  4.25.525(2) & (4).  The Act defines "action involving public participation and petition" to include the following:

> "(a) Any oral statement made, or written statement or other document submitted, in a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;
>
> "(b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;
>
> "(c) Any oral statement made, or written statement or other document

---

[2]    The acronym "SLAPP" stands for Strategic Lawsuits Against Public Participation.

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 4

submitted, that is reasonably likely to encourage or to enlist public participation in an effort to effect consideration or review of an issue in a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;

"(d) Any oral statement made, or written statement or other document submitted, in a place open to the public or a public forum in connection with an issue of public concern; or

"(e) Any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public concern, or in furtherance of the exercise of the constitutional right of petition."

RCW 4.25.525(2).

Despite the embellishment and rhetoric set forth in Defendant's responsive pleading, at heart it amounts to nothing more than an attack on Plaintiff for its efforts to vindicate its rights under federal law in an action before this Court. Not surprisingly, each of Defendant's state law counterclaims falls squarely within the statutory definition of claims "based on an action involving public participation and petition." Defendant's defamation claim asserts only the following with respect to the alleged defamatory statements: "Plaintiff has intentionally and recklessly named Mr. Lamberson in a federal lawsuit that never should have been brought against him. Plaintiff has made several published knowingly false statements in furtherance of that activity." ECF No. 18 at p. 42, Counterclaim ¶ 38. As such, the allegedly defamatory statements were made in documents filed with this Court in connection with this action and/or in statements made in furtherance thereof. Any statements, whether written or oral, made in this action were by definition made "in a . . . judicial proceeding or other governmental proceeding authorized by law." RCW 4.25.525(2)(a). Similarly, any extra-judicial statements made in furtherance of this action were made "in connection

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 5

with an issue under consideration or review by a . . . judicial proceeding or other governmental proceeding authorized by law." RCW 4.25.525(2)(b).  Additionally, both statements made in this action and statements made in furtherance thereof were made in "furtherance of the exercise of the constitutional right of petition." RCW 4.25.525(2)(e).

Defendant's Consumer Protection Act counterclaim asserts that Plaintiff violated the Act by its petitioning of this Court for redress as a result of the infringement of its copyright.  While Defendant tries to cast this claim in the parlance of the Act by referring to a "systematic, unlawful business scheme," this claim seeks redress for Plaintiff's filing of this action.  Moreover, he again refers to "defamation" but fails to identify the alleged defamatory statements.  ECF No. 18 at p. 43, Counterclaim ¶ 41.  If Defendant is simply referring back to his allegations in Counterclaim ¶ 38, the alleged defamatory statements bring this claim squarely within the parameters of RCW 4.25.525.[3]

Defendant's counterclaim for tortious interference with business

_____

[3]    Defendant also inexplicably asserts that "plaintiff has no certificate of authority to conduct business in Washington."  His pleading fails to explain what significance this statement has to this counterclaim, nor why he believes that Plaintiff needs such a certificate when its connection to Washington stems from the infringement of its copyright by persons in this state and its petitioning for redress before this Court.

PLAINTIFF'S MOTIONS IN RESPONSE TO DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIM – Page 6

relationships is also subject to RCW 4.25.525.  In that claim, Defendant alleges that Plaintiff interfered with his relationship with his Internet Service Provider when it issued a subpoena for records in accordance with this Court's order allowing it to do so.  ECF No. 18 at p. 44, Counterclaim ¶¶ 44-45.  Because the conduct alleged involved the service of a subpoena issued in this action, this claim is subject to RCW 4.25.525 for the same reasons set forth *supra* with respect to Defendant's defamation claim: it concerns an action taken in a judicial proceeding and in furtherance of Plaintiff's constitutional right to petition.  RCW 4.25.525(2)(a) & (e).

Claims subject to Washington's anti-SLAPP statute are subject to a special motion to strike at the outset of the action.  The Act provides as follows with respect to such motions:

"(a) A party may bring a special motion to strike any claim that is based on an action involving public participation and petition, as defined in subsection (2) of this section.

"(b) A moving party bringing a special motion to strike a claim under this subsection has the initial burden of showing by a preponderance of the evidence that the claim is based on an action involving public participation and petition. If the moving party meets this burden, the burden shifts to the responding party to establish by clear and convincing evidence a probability of prevailing on the claim. If the responding party meets this burden, the court shall deny the motion."

RCW 4.25.525(4).

For the reasons set forth *supra,* Plaintiff submits that it has met its burden of establishing by a preponderance of the evidence that Defendant's state law counterclaims fall squarely within the Act's definition of claims that are "based on an action involving public participation and petition."  As such, Defendant now bears the burden of establishing "by clear and convincing evidence a probability

PLAINTIFF'S MOTIONS IN RESPONSE TO DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIM – Page 7

of prevailing on the claim." *Id.*

Plaintiff requests that the Court stay all discovery in this action pursuant to RCW 4.25.525(5)(c) pending resolution of this motion. This subsection provides in pertinent part: "All discovery and any pending hearings or motions in the action shall be stayed upon the filing of a special motion to strike under subsection (4) of this section. The stay of discovery shall remain in effect until the entry of the order ruling on the motion."

It also requests an award of its reasonable costs and attorney fees incurred in connection with this motion and an award of an additional $10,000 pursuant to RCW 4.25.525(6)(a).

II    Defendant's Counterclaims Should Be Dismissed Pursuant to FED. R. CIV. P. 12(b)(6).

A.    Defendant's Counterclaims in Their Entirety Should Be Dismissed Under the *Noerr-Pennington* Doctrine.

Under what has become known as the *Noerr-Pennington* doctrine, participants in certain forms of petitioning of governmental entities are immune from civil liability based on such activities. Although the doctrine originated in the context of immunity from liability under the federal antitrust laws, *Eastern Railroad Presidents Conference v Noerr Motor Freight, Inc,* 365 U.S. 127 (1961); *United Mine Workers v. Pennington,* 381 U.S. 657 (1965), *Noerr-Pennington* immunity has been extended beyond the antitrust context. The doctrine's development is described in the Ninth Circuit's decision in *Sosa v. DirecTV, Inc.,* 437 F.3d 923, 929-32 (9th Cir. 2006).

The *Sosa* decision is also instructive because it dismisses an action on

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 8

*Noerr-Pennington* grounds in circumstances substantially analogous to those at issue in the present controversy. *Sosa* concerned a civil action against DirecTV, Inc. for the mailing of tens of thousands of demand letters to persons who it believed had misappropriated its satellite television signal. *Id.* at 925-26. Plaintiffs had initially filed a civil action against DirecTV, Inc. in state court alleging violation of California's unfair business practices statute. *Id.* at 927. After this action was dismissed under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, the plaintiffs commenced a federal civil action against DirecTV, Inc. alleging that its conduct in relation to its demand letters violated the federal Racketeer Influenced and Corrupt Organizations Act. *Id.* The Ninth Circuit affirmed the dismissal of the plaintiffs' claim on *Noerr-Pennington* grounds, concluding that DirecTV, Inc's pre-litigation conduct (and not just its direct petitioning of government) was protected by the doctrine. *Id.* at 942.

Each of Defendant's counterclaims should be dismissed on *Noerr-Pennington* grounds. Although Counts 1-3 are cast in terms of the federal Copyright Act, Defendant's responsive pleading taken as a whole demonstrates that Defendant seeks to retaliate against Plaintiff for its lawful efforts to vindicate its rights under the Copyright Act by petitioning this Court for redress. Because the gravamen of all of Defendant's counterclaims stems directly from Plaintiff's initiation and litigation of this action, *Noerr-Pennington* requires dismissal of all of these claims. Moreover, under *Sosa,* to the extent that Defendant complains of some unspecified actions or statements made by Plaintiff, these are protected under *Noerr-Pennington* as well.

Even if the Court opts not to dismiss all of Defendant's counterclaims under

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 9

1  *Noerr-Pennington,* at the very least it should dismiss Defendant's state law

2  counterclaims (Counts 4-6).  As explained *supra,* each of these claims seeks to

3  establish liability for actions and/or statements made either in or directly related to

4  the present action.  As such, these counterclaims present textbook examples of

5  claims that may not proceed in light of *Noerr-Pennington.*

6         B.    Counts 1 and 2 Do Not State Claims for Declaratory Relief.

7         Count 1 is simply the mirror image of Plaintiff's claim for copyright

8  infringement.  Defendant seeks no relief beyond the contours of the justiciable

9  controversy alleged in Plaintiff's First Amended Complaint – Plaintiff has alleged

10 that Defendant infringed its copyright and Defendant seeks a declaration that he

11 has not done so.  ECF No. 18 at p. 41, Counterclaim ¶ 31 ("Mr. Lamberson has not

12 infringed any of plaintiff's exclusive rights in *Elf-Man* and seeks a formal

13 declaration of the same.").  The Declaratory Judgment Act was intended to allow a

14 party to challenge the constitutionality of a statute without having to violate it and

15 has been extended to allow for a declaration of rights of adverse parties before they

16 accrue avoidable damages.  *See Steffel v. Thompson,* 415 U.S. 452, 466 (1974)

17 (discussing origins of Declaratory Judgment Act).  Nothing in the Act or its

18 implementing case law provides for the assertion of a wholly redundant

19 counterclaim.

20        Defendant's Count 2 seeks a declaration of copyright invalidity and

21 unenforceability.  ECF No. 18, p. 41 at Counterclaim ¶ 33 (seeking a declaration

22 that Plaintiff "has misused its alleged copyright, rendering it unenforceable.").

23 Because allegations of copyright misuse at most constitute affirmative defenses and

24 do not constitute claims for relief, Count 2 should be dismissed with prejudice.  *See*

25 PLAINTIFF'S MOTIONS IN RESPONSE TO
26 DEFENDANT'S FIRST AMENDED ANSWER
   AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
27 FIRST AMENDED COMPLAINT; AND
28 COUNTERCLAIM – Page 10

*Interscope Records, Inc. v. Kimmel,* Case 3:07-cv-00108-TJM-DEP at p. 9 (N.D.N.Y. June 18, 2007) (a copy of which is attached hereto as Attachment 2). The Court noted as follows: "Assuming that the affirmative defense of copyright misuse is cognizable in this Circuit, it is a defense and not 'a vehicle for affirmative relief.' *Broadcast Music, Inc. v. Hearts/ABC Viacom Entertainment Servs.,* 746 F. Supp. 320, 328 (S.D.N.Y. 1990); *see also Artista Records, Inc. v. Flea World, Inc.,* 356 F. Supp.2d 411, 428 (D. N.J. 2005) ('[C]opyright misuse is not a claim but a defense, and Defendants may not transmute it into an independent claim merely by labeling it one for declaratory judgment.'); [*Metro-Goldwyn-Mayer Studios Inc. v.*] *Grokster, Ltd.,* 269 F. Supp.2d [1213,] 1226 [(C.D. Cal. 2003)] ." *See also* 4 Melville V. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.09[A][1][b] n. 1.1 (Matthew Bender rev. ed.) (quoting *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005)).

  C. Count 3 Does Not State a Claim for Cancellation of U.S. Copyright Registration.

  Defendant's Count 3 should be dismissed because it fails to state a claim upon which relief can be granted by this Court. Authority for cancellation of a U.S. copyright registration lies exclusively with the Register of Copyrights. 17 U.S.C. § 702. Various federal courts, including the Ninth Circuit, have concluded that the Register of Copyrights has primary jurisdiction over copyright cancellation requests and that such claims may not be adjudicated before the federal courts. *See, e.g., Syntek Semiconductor Co. v. Microchip Tech., Inc.,* 307 F.3d 775, 780-83 (9th Cir. 2002); *Tiseo Architects, Inc. v. SSOE, Inc.,* 431 F. Supp. 2d 735, 740 (E.D. Mi. 2006), and cases cited therein. Under this prudential doctrine, this Court

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 11

should decline to adjudicate Defendant's request that this Court direct the Copyright Office to cancel the 286 registration and dismiss Count 3 for failure to state a claim. ECF No. 18 at p. 42, Counterclaim ¶¶ 34-36.

### D.    Count 4 Does Not State a Claim for Defamation

Under Washington law, a party claiming defamation must establish the following four elements: (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages. *Mohr v. Grant,* 153 Wash. 2d 812, 822, 108 P.3d 768 (2005). The conclusory allegations set forth in Count 4 do not begin to meet the pleading standard set forth in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and their progeny. These decisions require that Defendant provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. They require further that Defendant set forth sufficient factual allegations to state a claim for relief that is "plausible on its face." *Iqbal,* 556 U.S. at 677. Defendant fails to meet this standard. Indeed, he fails to even identify what false statements Plaintiff has allegedly made and how and to what extent he has been damaged by such statements. *See* ECF No. 18 at p. 42-43, ¶¶ 38-39. Moreover, because statements made in the litigation context are absolutely privileged under Washington law, this claim should be dismissed with prejudice because it would be futile for Defendant to attempt to replead it. Washington recognizes a litigation privilege that applies to parties to litigation for statements which "are pertinent or material to the redress or relief sought, whether or not the statements are legally sufficient to obtain that relief." *McNeal v. Allen,* 95 Wash. 2d 265, 267, 621 P.2d 1285 (1980). This privilege "encompasses extrajudicial 'pertinent' statements." *Demopolis v. Peoples*

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 12

*National Bank,* 59 Wash. App. 105, 109, 796 P.2d 426 (1990).

      E.      Count 5 Does Not State a Claim under Washington's Consumer Protection Act.

Defendant's counterclaim under Washington's Consumer Protection Act fails to state a claim for several reasons. First, to the extent that it is based on actions or statements made in connection with this litigation, the absolute litigation privilege discussed *supra* in connection with Defendant's defamation claim extends to this claim as well. *See McNeal v. Allen,* 95 Wn. 2d 265, 267, 621 P.2d 1285 (1980) ("The defense of absolute privilege or immunity avoids all liability."). Second, Defendant has failed to state this claim with the particularity required by *Twombly, Iqbal* and their progeny. Third, Defendant has not alleged sufficient facts relating to the five requisite elements of this claim.

The seminal Washington case concerning private rights of action under the Consumer Protection Act is *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn. 2d 778, 780, 719 P.2d 531 (1986). In that decision, the Washington Supreme Court identified the five elements which a moving party must establish to prevail on a private CPA claim: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation. It went on to describe in detail what the moving party must establish with respect to each of these elements. 105 Wn. 2d at 785-93. Defendant has failed to allege any facts which relate to several of these elements, including how Plaintiff's alleged wrongful actions "had the capacity to deceive a substantial portion of the public," *Id.* at 785, how such alleged conduct occurred in trade or commerce, and how such alleged

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 13

actions had a sufficient public impact to meet the public interest impact requirement.  Defendant's bare bones allegations that "Plaintiff is engaging in a systematic, unlawful business scheme that includes multiple commercial acts of defamation not in the public interest and which will continue if not enjoined" ECF No. 18 at p. 43, Counterclaim ¶ 41, is wholly inadequate to state a claim under the Consumer Protection Act.

> F.    Count 6 Does Not State a Claim for the Intentional Interference with Business Relations.

Defendant's counterclaim for the intentional interference with business relations (Count 6) fails to state a claim for several reasons.  First, the absolute litigation privilege discussed *supra* in connection with Defendant's defamation claim extends to this claim as well.  *See Jeckle v. Crotty,* 120 Wash. App. 374, 386, 85 P.3d 931, 937-38 (2004) (concluding that this privilege precludes claim for intentional interference with business relations).  Second, Defendant has failed to state this claim with the particularity required by *Twomly, Iqbal* and their progeny.  Third, Defendant has not alleged at least two of the requisite elements of this tort.  Under Washington law, a claim for intentional interference requires that the moving party establish the following: "(1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage." *AR Pillow Inc. v. Maxwell Payton, LLC*, Case No. C11-1962RAJ  (W.D. Wash., December 4, 2012) at p. 6 (citing *Pac. Nw. Shooting Park Ass'n v. City of Sequim,* 158 Wash. 2d

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 14

342, 351 (2006)) (a copy of which is attached hereto as Attachment 3).   Rather than alleging that he was damaged, Defendant alleges only that "[h]e may not [sic] longer be entitled to discounts or promotional offerings made to other customers about whom on subpoenas have been issued."  ECF No. 18 at p. 44, Counterclaim ¶ 45.  The risk or potential for damage is not "resultant damage."  He also fails to allege that Plaintiff induced or caused a breach or termination of his relationship with his Internet Service Provider, which is a requisite element of this tort under Washington law.

III    Defendant's Counterclaims and/or Affirmative Defenses Based Upon Allegations of Fraud Should Be Dismissed or Stricken Pursuant to Fed. R. Civ. P. 9(b).

To the extent that Defendant's counterclaims and/or affirmative defenses are based upon his allegations that Plaintiff "seeded" its own film by making it available for BitTorrent downloading, they are subject to the heightened pleading standard set forth in Federal Rule Civil Procedure 9(b).[4]  Rule 9(b) maintains a

---

[4]    Because Defendant fails to specify which of the allegations made in his introductory section relate to each of his six counterclaims, Plaintiff can only surmise which of these counterclaims are based upon the allegations of fraud.  At the very least, Counts 2, 3, and 5 (ECF No. 18 at pp. 41-43) appear to be so based, as do his affirmative defenses set forth in ¶¶ 2, 10, 11, 12, 13, 16, and 17 (*id.* at pp. 24-25).

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 15

heightened pleading standard for claims sounding in fraud to "deter the filing of complaints 'as a pretext for the discovery of unknown wrongs' . . . [by] 'prohibit[ing] plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *In re Stac Elec. Sec. Litigation.,* 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985)). To satisfy Rule 9(b), "the pleader 'must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Defendant's counterclaims that sound in fraud must be dismissed for failure to comply with Rule 9(b).  Similarly, any of his affirmative defenses which are based on allegations of fraud must be stricken for the same reason.  Moreover, claiming the need for discovery to gain particularity violates one of the principal reasons for Rule 9(b) and should not be allowed. *U.S. ex rel. Elms v. Accenture LLP,* 341 Fed. Appx. 869, 873 (4th Cir. 2009).

IV    Fed. R. Civ. P. 12(f) Requires that Portions of Defendant's Responsive Pleading Be Stricken.

Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

Defendant's pleading, which consists of over two hundred pages, is replete with allegations that are  redundant, immaterial, impertinent and scandalous.

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 16

In answering Plaintiff's First Amended Complaint, Fed. R. Civ. P. 8(b)(1) requires that Defendant "state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." Rather than following this rule, Defendant has included in his answer a wide ranging narrative and numerous exhibits, much of which is simply irrelevant and other portions of which at best relate to matters that he may be entitled to present later in this action pursuant to the governing evidentiary and procedural rules. Therefore, Plaintiff has moved to strike, with a single exception, the material in Defendant's answer which he "affirmatively states."

Additionally, five of Defendant's affirmative defenses should be stricken because they fail to set forth a defense to Plaintiff's claims. Paragraph 23 (ECF No. 18 at p. 26) is based upon Fed. R. Civ. P. 11. Rather than providing for a defense, Rule 11 provides a mechanism for ensuring the integrity of the judicial process and sanctioning those who fail to meet the standards set forth therein. Paragraphs 26 and 27 (*id.* at pp. 26-27) amount to nothing more than denials and, as such, do not constitute affirmative defenses. Paragraph 28 (*id.* at p. 27) is not a defense and is based upon the incorrect view that a party is required to be "authorized to conduct business in the State of Washington" in order to seek redress before this Court. Paragraph 29 (*id.*) also fails to state a defense but instead seeks to bring third parties into this litigation and requests that Plaintiff post a bond. Paragraphs 2, 4, 5, and 6 (*id.* at p. 24) should be stricken because they simply allege defects in Plaintiff's case and such allegations do not constitute affirmative defenses. *See Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *In re Rawson Food Service, Inc.,* 846 F.2d 1343,

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 17

1349 (11th Cir.1988)).  Paragraphs 3, 21, 22 (ECF No. 18 at pp. 24, 26) should also

be stricken because while fair use may be a proper defense, allegations of that the

downloaded material was  "not humanly perceptible" or "de minimis" are not.  "[A]

taking may not be excused merely because it is insubstantial with respect to the

infringing work. . . . `[N]o plagiarist can excuse the wrong by showing how much

of his work he did not pirate.'" *Harper & Row, Publishers, Inc. v. Nation Enters.,*

*Inc.,* 471 U.S. 539, 565, (quoting *Sheldon v. Metro-Goldwyn Pictures Corp.,* 81

F.2d 49, 56 (2d Cir.1936)). There is no de minimis (or thelike) defense to

infringement.

Defendant's counterclaims are preceded by a lengthy factual narrative,

including numerous unnecessary and immaterial exhibits, which are replete with

material that should be stricken under Fed. R. Civ. P. 12(f).  Most if not all of the

content is immaterial, much of it is redundant and little, if any, has any bearing on

the counterclaims set forth after this narrative.  In the event that the Court denies

Plaintiff's motions to dismiss these counterclaims, Defendant should be ordered to

re-plead these claims with a narrative which complies with Fed. R. Civ. P. 8(a)(2)

(requiring "a short and plain statement of the claim showing that the pleader is

entitled to relief") and 8(d)(1) (requiring that "[e]ach allegation must be simple,

concise, and direct").

Even Defendant's prayer for relief contains immaterial matter, addressing in

subsection h) issues which should be brought up, if at all, in motions in limine and

in subsection i) seeking relief which pursuant to Fed. R. Civ. P. 11(c)(2) can only

be sought be separate motion (and only when the issues raised in such a motion are

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 18

ripe).[5]

V     If the Court Denies Plaintiff's Motion to Dismiss, It Should Require

Defendant to Make His Counterclaims More Definite Pursuant to Fed. R.

Civ. P. 12(e).

Fed. R. Civ. P. 12(e) provides for the Court to require "a more definite

statement of a pleading" which is "so vague or ambiguous that a party cannot

reasonably prepare a response."

If Defendant's counterclaims are not dismissed, Plaintiff requests that the

Court require Defendant to state these claims with greater specificity.  Despite the

lengthy diatribe prior to his setting forth of his counterclaims, five of these claims

are not set forth with the specificity required for Plaintiff to fashion a response.  If

these claims go forward, Plaintiff requests that the Court order the following

clarifications:

Counts 2 and 3 – these claims concerning alleged misuse of copyright and

seeking cancellation fail to specify which of the myriad allegations incorporated by

reference support these claims;

---

[5]     Due to the size of Defendant's responsive pleading and the page limit

on these motions set forth in LR 7.1(e), Plaintiff has not included a line-by-line list

of the material that should be stricken.  If it would assist the Court, Plaintiff will

promptly submit a redacted version of Defendant's pleading which identifies these

requested changes.

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 19

1    Count 4 – the defamation claim should set forth specific factual allegations

2    relating to each element of this claim and should specify the defamatory statements

3    allegedly made by Plaintiff, when and where such alleged statements were

4    published and how and to what extent Defendant was damaged by the alleged

5    statements;

6    Count 5 – the Consumer Protection Act claim should set forth specific

7    factual allegations relating to each of the five elements of this claim and should

8    specify how Plaintiff has allegedly violated the terms of the Act;

9    Count 6 – the intentional interference claim should set forth specific factual

10   allegations relating to each element of this claim and should specify how

11   Defendant's contract with his Internet Service Provider was breached or terminated

12   as a result of Plaintiff's conduct, Plaintiff's alleged improper purpose or improper

13   means and how Defendant has been damaged as a result.

14   VI    Conclusion

15   For the reasons set forth herein, Plaintiff respectfully submits that its motions

16   to dismiss Defendant's counterclaims should be granted and that the dismissals

17   should be with prejudice, or that, in the alternative, Defendant should be required

18   to make his counterclaims more definite.  Discovery should be stayed pending

19   / / / /

20   / / / /

21   / / / /

22   / / / /

23   / / / /

24   / / / /

25   PLAINTIFF'S MOTIONS IN RESPONSE TO

26   DEFENDANT'S FIRST AMENDED ANSWER
     AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

27   FIRST AMENDED COMPLAINT; AND

28   COUNTERCLAIM – Page 20

resolution of its special motion to strike and the monetary relief requested should be granted to Plaintiff.  Additionally, portions of the remainder of Defendant's responsive pleading should be stricken as outlined above.

DATED: January 17, 2014

The VanderMay Law Firm


s/ Maureen C. VanderMay
Maureen C. VanderMay, WSBA No. 16742
Email: elfmanwa@vandermaylawfirm.com
2021 S Jones Blvd.
Las Vegas, Nevada 89146
(702) 538-9300
Of Attorneys for Plaintiff

PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT; AND
COUNTERCLAIM – Page 21