Maureen C. VanderMay, WSBA No. 16742
The VanderMay Law Firm PC
2021 S. Jones Blvd.
Las Vegas, Nevada 89146
(702) 538-9300

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ELF-MAN, LLC, | ) | Case No.: 2:13-CV-00395-TOR |
| Plaintiff, | ) ) | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO |
| v. | ) ) | DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST |
| RYAN LAMBERSON, | ) ) | AMENDED COMPLAINT OR, FOR LEAVE TO FILE SECOND |
| Defendant. | ) ) | AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM |
| | ) ) | March 12, 2014 |
| _____ | ) | Without Oral Argument |

On January 20, 2014, Defendant Ryan Lamberson filed a Motion to Dismiss

Plaintiff's First Amended Complaint Or, for Leave to File Second Amended

Answer, Affirmative Defenses, and Counterclaim.  ECF No. 21.  After this Court

ruled on a pending motion to dismiss in the related consolidated action (*Elf-Man,*

*LLC. v. Brown*, Case No. 2:13-cv-00115-TOR) (ECF No. 106 in related action),

Defendant, by notice, asserted that in light of this ruling he now seeks only leave

to file yet another version of his responsive pleading.  ECF No. 22.  Federal Rule

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT OR,
FOR LEAVE TO FILE SECOND AMENDED
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM – Page 1

of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted "when justice so requires."  For the reasons set forth herein, justice favors denial of Defendant's motion.

Defendant's stated reasons for seeking leave to amend do not withstand scrutiny.  First, he claims to have "hurried to file its Answer, Affirmative Defenses and Counterclaim on December 17, 2013," because of the Court's issuance of its scheduling conference notice on November 22, 2013.  ECF No. 21 at 3. Defendant was not required to file an answer prior to the scheduling conference and, indeed, the parties' Joint Report Pursuant to Fed. R. Civ. P. 26(f) suggested that "Defendant defer responding to the First Amended Complaint until after the Court has ruled on the Fed. R. Civ. P. 12 motions (ECF No. 76) pending in the related consolidated action."  ECF No. 14 at p. 6.  Despite this language and Plaintiff's counsel's expectation that Defendant would not respond to the complaint until after the Court addressed scheduling in this case, *see* accompanying declaration of counsel, Defendant opted to file his initial answer on December 17, 2013.  ECF No. 15.

Even if Defendant had been obligated to file a responsive pleading before the scheduling conference, this would not have been hurried.  Defendant's counsel filed three notices of appearance in the consolidated action on October 11, 2013, (ECF Nos. 54, 57 & 57 in that action) – more than nine weeks before Defendant's initial answer was filed.  Prior to severance of Plaintiff's claims against Defendant Lamberson from the consolidated action, on November 1, 2013, the

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, FOR LEAVE TO FILE SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM – Page 2

above-referenced motion to dismiss was filed in that action.  ECF No. 76 in that action.  This afforded to Defendant Lamberson more than ample opportunity to review this motion and determine if he wished to move against the first amended complaint or file a responsive pleading.  In short, Defendant opted to file his initial answer when he did for his own reasons and not because he was "hurried."

Second, through his counsel Defendant complains that Plaintiff did not request that Defendant's first amended answer be amended or withdrawn or he "would have re-considered and proposed the Second Amended Answer Affirmative Defenses and Counterclaim that we now submit."  ECF No. 21-2 at p. 2, ¶ 3.  Plaintiff was not obligated to make any such request.  Defendant was, however, obligated to file a responsive pleading with good faith bases in law and in fact, and this he failed to do.  If a single telephone call would have prompted Defendant to withdraw a majority of his counterclaims, then his counsel was undoubtedly aware that his first amended answer would not withstand scrutiny. Moreover, the timing of his motion to file a second amended answer supports this view.  Plaintiff electronically filed and served its Motions in Response to Defendant's First Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint; and Counterclaim (ECF No. 20) at 3:27 p.m. P.S.T. on Friday, January 17, 2014, and Defendant filed his motion to withdraw his first amended answer, along with his proposed second amended answer, the following Monday, January 20, 2014.

/ / / /

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT OR,
FOR LEAVE TO FILE SECOND AMENDED
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM – Page 3

Defendant's counsel claims that Plaintiff's counsel "rejected his suggestion" to confer with him on January 17, 2014, on an unrelated matter.  ECF No. 21-2 at p. 2,¶ 4.  This is not the case.  *See* accompanying declaration of counsel at p. 3 & Exhibit 1.  As this declaration establishes, Plaintiff's counsel promptly agreed to a telephone conference on one of three dates proposed by Defendant.  Additionally, Defendant's counsel was well aware that Plaintiff's counsel was actively working on Plaintiff's response to Defendant's amended answer and did not inquire as to the grounds.  *Id.*

Lastly, Defendant's motion should be denied because it would be contrary to both justice and the interests of judicial economy to allow it.  Defendant filed his initial answer, which exceeded 200 pages, on December 17, 2013.  ECF No. 15.  Given the length and complexity of this pleading and its inclusion of six counterclaims, Plaintiff's counsel spent many hours researching and drafting Plaintiff's Fed. R. Civ. P. 12 motion, which was due on January 7, 2014.  *See* accompanying declaration of counsel at p. 2. On January 3, 2014, as Plaintiff's counsel was finalizing its response to Defendant's first answer, without notice to Plaintiff's counsel, Defendant filed a second amended answer, which also exceeded 200 pages.  ECF No. 18.  Plaintiff's counsel was required to expend a considerable amount of time determining how Defendant's pleading had been revised and revising Plaintiff's responsive motions.  Although the changes from Defendant's initial answer were in fact minor, it took a considerable amount of time to make this determination.

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT OR,
FOR LEAVE TO FILE SECOND AMENDED
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM – Page 4

Defendant now seeks to withdraw that answer and submit yet another lengthy answer with voluminous exhibits.  Although he claims that his proposed second amended answer "directly addresses the majority of the points raised" in Plaintiff's motions, ECF No. 21 at 5, the proposed second amended answer does not remedy all of the defects in Defendant's first amended answer.  As such, if the Court grants Defendant leave to file its proposed second amended answer, motions against this pleading will be required.  *See* declaration of counsel at p. 3.

Defendant's motion should also be denied because it amounts to nothing more than an effort to evade the consequences of the ill considered counterclaims that he now seeks to withdraw.  The proposed second amended answer omits the three state law counterclaims against which Plaintiff has moved under both the Washington anti-SLAPP statute, RCW 4.24.525,  and Federal Rule of Civil Procedure 12.  Defendant claims to have omitted two of these counterclaims (defamation and intentional interference with economic relations) because he has terminated his relationship with Comcast, his ISP at the time of the infringement at issue.  ECF  No. 21 at 5.  A requisite element of each of these torts is resultant damage.  *Mohr v. Grant*, 153 Wash. 2d 812, 822, 108 P.3d 768 (2005) (defamation); *Pac. Nw. Shooting Park Ass'n v. City of Sequim,* 158 Wash. 2d 342, 351 (2006) (intentional interference).  By stating these claims in his initial and first amended answers, Defendant represented that he had sustained damage as a result of Plaintiff's allegedly tortious conduct.  His assertion that his damages have ended because he no longer subscribes to Comcast for Internet access, at the very

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT OR,
FOR LEAVE TO FILE SECOND AMENDED
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM – Page 5

least, suggests that he lacked a good faith basis for his previous assertion of these claims. Additionally, his motion and supporting declaration are silent with respect to his effort to withdraw his remaining state law counterclaim for the violation of Washington's Consumer Protection Act.

Defendant's effort to withdraw his state law counterclaims (and his baseless counterclaim for cancellation of U.S. copyright registration) is nothing more than an attempt to avoid an adverse ruling on Plaintiff's pending motions against these claims and the potential financial consequences of such a ruling.

Despite the liberal amendment policy reflected in Federal Rule of Civil Procedure 15, Defendant's motion should be denied. Defendant's multiple voluminous pleadings are part of a strategy of unfettered aggression which has served to make the litigation of this case, even at this early stage, far more costly than was necessary.

In the event that the Court opts to grant Defendant's motion, Plaintiff respectfully requests that it be deemed to be the prevailing party on the counterclaims omitted from Defendant's proposed third amended answer and counterclaims and that it be awarded costs, attorneys fees, and the additional monetary award under Washington's anti-SLAPP statute sought in its pending motions against Defendant's first amended responsive pleading. Defendant's seeking to withdraw said claims before responding should be construed as an admission that they are well-founded.

/ / / /

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT OR,
FOR LEAVE TO FILE SECOND AMENDED
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM – Page 6

For the reasons set forth *supra,* Plaintiff respectfully requests that Defendant's motion be denied.

DATED: February 3, 2014

The VanderMay Law Firm


s/ Maureen C. VanderMay
Maureen C. VanderMay, WSBA No. 16742
Email: elfmanwa@vandermaylawfirm.com
2021 S Jones Blvd.
Las Vegas, Nevada 89146
(702) 538-9300
Of Attorneys for Plaintiff

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT OR,
FOR LEAVE TO FILE SECOND AMENDED
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM – Page 7