Maureen C. VanderMay, WSBA No. 16742
The VanderMay Law Firm PC
2021 S. Jones Blvd.
Las Vegas, Nevada 89146
(702) 538-9300

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RYAN LAMBERSON, <br><br> Defendant. | Case No.: 2:13-CV-00395-TOR <br><br> REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS IN RESPONSE TO DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIM |

Defendant has submitted a memorandum in opposition to Plaintiff's Motions in Response to Defendant's First Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint; and Counterclaim. ECF No. 25. For the reasons set forth herein, Plaintiff submits that Defendant's positions are not well taken and that its motions should be granted.

**Reply to "FACTS" Section (ECF No. 25 at pp. 1-5)**

Before setting forth his legal arguments, Defendant includes five pages which consist of a diatribe concerning the status of discovery, references to actions purportedly taken by Quentin Tarantino and "Prince" Rogers Nelson, and other

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 1

extraneous matter. *Id.* at pp. 1-5. The accompanying declaration of counsel addresses the status of discovery and Defendant's unsubstantiated claims as to the evidence of infringement in this case.

His introductory section also makes the untenable claim that because several of the persons identified in Plaintiff's FRCP 26(a) Initial Disclosures have addresses in Germany that the subject infringement is somehow "extraterritorial." ECF No. 25 at pp. 2-3. Defendant cites to *Subafilms LTD v. MGM-Pathe Communications, Inc.,* 24 F.3d 1088, 1094 (9th Cir. 1994), in support of his position. This decision's discussion of extraterritorial infringement is inapposite. The infringement at issue in this action did not occur in Germany. As Plaintiff's First Amended Complaint alleges, it occurred within this judicial district through the IP address assigned to Defendant by Comcast, his U.S. ISP. ECF No. 3 at p. 11, ¶¶ 80-83  Defendant's argument based on the address of Plaintiff's witnesses is specious.

Defendant is equally misguided in claiming that Plaintiff lacks standing to pursue this action, citing to the Ninth Circuit's decision in *Righthaven, LLC v. Hoehn,* 716 F.3d 1166, 1169 (9th Cir. 2013). ECF No. 25 at pp. 3-4. He cites to a complaint filed in another district by other counsel on behalf of Vision Films, Inc., Plaintiff's sales agent with respect to *Elf-Man. Id.* Because Plaintiff is the registered owner of the copyright to this motion picture, see First Amended Complaint, ECF No. 3 at p. 4, ¶ 16, under *Righthaven*, Plaintiff has standing to bring this action in a district within the Ninth Circuit. In *Righthaven,* the Ninth Circuit concluded that an assignee granted limited rights with respect to copyright

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 2

enforcement lacked standing to assert the subject claim for infringement. As such, depending on the terms of any assignment, if this action were brought by an assignee of Plaintiff's rights that party might not have standing under *Righthaven.* As the registered owner of the copyright at issue, nothing in *Righthaven* calls Plaintiff's standing into question. Of course, whether Vision Films, Inc. has standing to bring an action in the Eastern District of Tennessee pursuant to Sixth Circuit law is for Vision Films, Inc., its counsel and, ultimately, that tribunal to determine.

Lastly, this section claims that Defendant has proffered a proposed second amended answer "which expressly addresses each issue raised by plaintiff's motion." ECF No. 25 at p. 5. This statement is inaccurate. Defendant's proposed second amended answer would remedy some but by no means all of the defects of his first amended answer. Moreover, as explained in Plaintiff's memorandum in opposition to Defendant's motion to file a second amended answer, Defendant's explanations as to why he seeks to withdraw his first amended answer does not withstand scrutiny. ECF No. 24 at pp. 2-4. It is clear that he seeks to withdraw his ill conceived state law claims in order to avoid an adverse ruling.

**Reply to "LEGAL ARGUMENT" Section (ECF No. 25 at pp. 6-20)**

**I    Plaintiffs Special Motion to Strike Defendant's State Law Counterclaims Should be Granted.**

Relying upon a law review article and a decision construing California's anti-SLAPP statute, Defendant argues that his state law counterclaims do not

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 3

constitute SLAPP claims.[1]  ECF No. 25 at p. 6.  This ignores the clear and unequivocal language of the Washington statute, which includes the following in its definition of "action involving public participation and petition:

> "(a) Any oral statement made, or *written statement or other document submitted,* in a legislative, executive, or *judicial proceeding* or other governmental proceeding authorized by law;
>
> "(b) Any oral statement made, or *written statement or other document submitted, in connection with an issue under consideration or review* by a legislative, executive, or *judicial proceeding* or other governmental proceeding authorized by law; . . . ."

RCW 4.25.525(2) (emphasis added).

Although Defendant now argues that his counterclaims "are based on plaintiff's entire unlawful business scheme" and not merely on this litigation, ECF No. 25 at p. 6, his counterclaims are not so stated in his first amended answer.  His purported factual basis for each state law counterclaim is based on actions taken or

---

[1]While decisions construing California's anti-SLAPP legislation can be useful in construing the Washington statute, this Court has cautioned that because the statutes are not identical the citation of California decisions as persuasive authority must take account of these differences. *See Jones v. City of Yakima Police Dep't.,* Case No. 12-CV-3005-TOR at p. 3 (E.D. Wash., May 24, 2012 ) (a copy of which is attached to Plaintiff's motions in response to Defendant's first amended answer, ECF No. 20,  as Attachment 1).

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 4

allegedly taken in this litigation or in unidentified statements made in conjunction with this action. *See* Plaintiff's motions in response to this pleading, ECF No. 20 at pp. 5-7. His gloss on decisional law from the Western District of Washington and California regarding the Washington act, ECF No. 25 at pp. 7-8, does not trump the fact that his retaliatory counterclaims fall within the express terms of RCW 4.25.525(2).

Defendant recognizes that under RCW 4.24.525 upon a showing that claims are subject to the Act's terms, the burden shifts to the moving party to show a probability of prevailing. ECF No. 25 at p. 8. He then claims that he "demonstrates a probability of prevailing on his counterclaims, *infra*." *Id*. Defendant, of course, has made no such showing. Indeed, on the first business day after the filing of Plaintiff's RCW 4.24.525 motion, he moved for leave to file an amended pleading which withdraws all of his state law counterclaims. ECF No. 21. He has not addressed the merits of these claims and, as such, has made no showing whatsoever that he had even a remote chance of prevailing on the subject counterclaims.

Even a cursory review of Defendant's state law counterclaim refutes his argument that applying RCW 4.24.525 would be absurd. As explained in Plaintiff's motions, ECF No. 20 at pp.5-7, each of these claims seeks recourse for actions taken in this litigation or incident thereto. There is nothing absurd about Plaintiff moving to strike counterclaims which on their face seek to retaliate against it for its petitioning this Court for redress resulting from the infringement of its copyright.

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 5

Defendant's assertion that Plaintiff's special motion to strike is moot also lacks merit. ECF No. 25 at p. 9. After claiming on the one hand that the motion is moot because he seeks to withdraw the subject counterclaims, he then purports to reserve "the right to re-instate a CPA claim depending on the resolution of the motion." Defendant chose to assert these ill conceived counterclaims, which required Plaintiff's counsel to expend a considerable amount of time fashioning a response, now seeks to withdraw these claims while attempting to retain the right to re-file some or all of them. Such machinations should not be countenanced.

**II    Defendant's Counterclaims for Declaratory Relief Should Be Dismissed.**

With respect to his counterclaim seeking a declaration of non-infringement, Defendant ignores the fact that this claim is redundant and the mirror image of Plaintiff's claim for copyright infringement. He also ignores fundamental principles of claim and issue preclusion, arguing that after this matter is resolved he could face claims by other parties for the subject infringement. ECF No. 25 at p. 10. Similarly, he ignores the fact that his claim for a declaration of copyright misuse constitutes an affirmative defense and not a claim for relief. *Id.* None of these positions are well taken for the reasons set forth in Plaintiff's motions, ECF No. 20 at pp. 10-11.

With respect to his Count 3, Defendant's arguments are based on his proposed second amended answer. ECF No. 25 at pp. 10-11. As of this date, he has not been granted leave to file this pleading and Plaintiff's motions concern his first amended answer. Because his attempted fix of this count is flawed, Plaintiff will address this issue in the event that the Court grants Defendant leave to file a

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 6

second amended answer.  Defendant fails to address Plaintiff's position that Count 3 should be dismissed under the prudential doctrine of primary jurisdiction.  ECF No. 20 at p. 11.

With respect to his state law counterclaims, Defendant simply rehashes his untenable explanation as to why he seeks to drop these claims.  ECF No. 25 at p. 11.  He previously addressed this issue in his motion for leave to file a second amended answer, ECF No. 21 at p. 5, and Plaintiff has addressed this issue in its response to that motion, ECF No. 24 at pp. 5-6.  In short, Defendant claims that two of his state law counterclaims are moot because he has terminated his relationship with Comcast.  He still fails to explain how this termination renders these claims moot if in fact he had a good faith basis for alleging them in the first place.

With respect to his counterclaim for alleged violation of Washington's Consumer Protection Act, Defendant asserts that he seeks to drop it "for convenience of the present procedural posture." ECF No. 25 at p. 11.  In all candor, Plaintiff cannot respond to this because it does not understand what Defendant is asserting.

Lastly with respect to Plaintiff's motion to dismiss under Fed. R. Civ. P. 12(b)(6), Defendant argues that the *Noerr-Pennington* doctrine is inapplicable because he "has brought no antitrust counterclaims." ECF No. 25 at p. 12.  As noted in Plaintiff's motions, this doctrine has been extended beyond the antitrust context and, indeed, applied by the Ninth Circuit to circumstances substantially analogous to those at issue here.  *See* ECF No. 20 at pp. 8-9 (discussing *Sosa v.*

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 7

*DirecTV, Inc.,* 437 F.3d 923 (9th Cir. 2006).

### III    Defendant's First Amended Answer Alleges Fraud and Fails to Plead These Allegations with Sufficient Particularity

Although his first amended answer is replete with allegations that Plaintiff is engaged in some sort of fraudulent enterprise, Defendant fails to state his affirmative defenses and counterclaims based on such allegations with the particularity required by Fed. R. Civ. P. 9(b).  While his responsive pleading contains several lengthy narratives and voluminous attachments, he fails to identify what portion of these materials relate to any given counterclaim or affirmative defense.  As such, even if the Court declines to strike this material, it fails to amount to the pleading with particularity required by Fed. R. Civ. P. 9(b).

### IV    Plaintiff's Fed. R. Civ. P. 12(f) Motion Should Be Granted

Defendant asserts that he is "entitled to allege his affirmative defenses on information and belief." ECF No. 25 at p. 13.  This does not, of course, afford him license to file a pleading in contravention of the Federal Rules of Civil Procedure that is replete with extraneous and irrelevant material.  It also does not allow him to file massive responsive pleadings which attempt to circumvent the Federal Rules of Evidence by proffering numerous documents and baseless factual assertions, presumably in an effort to sway the trier of fact with material which is either legally irrelevant, inadmissible, or both.  Federal Rule of Civil Procedure 8(b)(1) mandates that Defendant "state in short and plain terms its defenses to each claim asserted against it . . . ."  Defendant has failed to comply with this requirement.

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT;
AND COUNTERCLAIM – Page 8

# CONCLUSION

In light of the foregoing, Plaintiff respectfully submits that its motions in response to Defendant's first amended answer should be granted.

DATED: February 21, 2014

                The VanderMay Law Firm

                <u>s/ Maureen C. VanderMay</u>
                Maureen C. VanderMay, WSBA No. 16742
                Email: elfmanwa@vandermaylawfirm.com
                2021 S Jones Blvd.
                Las Vegas, Nevada 89146
                (702) 538-9300
                Of Attorneys for Plaintiff