UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                              Plaintiff,<br><br>        v.<br><br>RYAN LAMBERSON,<br><br>                              Defendant. | NO: 13-CV-0395-TOR<br><br>ORDER ON PENDING PROCEDURAL MOTIONS |

BEFORE THE COURT are the following motions: (1) Plaintiff's "Motions in Response to Defendant's First Amended Answer" (ECF No. 20); Defendant's Motion to Dismiss or for Leave to File Second Amended Answer (ECF No. 21); and (3) Plaintiff's Motion to Add Additional Defendant (ECF No. 28). These matters were submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

//

//

ORDER ON PENDING PROCEDURAL MOTIONS ~ 1

PROCEDURAL HISTORY

Plaintiff Elf-Man, LLC ("Plaintiff") originally sued Defendant Lamberson, along with twenty-eight other defendants, on March 22, 2013, in Cause No. 13-CV-0115-TOR. On October 18, 2013, Defendant Lamberson moved to sever the claims against him. The Court granted the motion on November 21, 2013, and opened the above-captioned case. The following day, the Court issued a notice setting a telephonic scheduling conference for December 19, 2013. ECF No. 13. The parties subsequently filed a joint Rule 26(f) report on December 5, 2013. ECF No. 14. In this report, the parties suggested that Defendant "defer responding to the First Amended Complaint until after the Court has ruled on the Fed. R. Civ. P. 12 motions (ECF No. 76) pending in the related consolidated action (Case No. 2:13-cv-00115-TOR)." ECF No. 14 at 6.

Defendant filed an Answer to Plaintiff's Amended Complaint on December 17, 2013, without awaiting a ruling on the motions to dismiss pending in Cause No. 13-CV-0115-TOR. ECF No. 15. The Court held a telephonic scheduling conference on December 19, 2013, and issued a Scheduling Order later the same day. ECF Nos. 16, 17. Defendant filed an Amended Answer on January 3, 2014. ECF No. 18.

On January 17, 2014, Plaintiff moved to dismiss several of the counterclaims and affirmative defenses asserted in Defendant's Amended Answer. ECF No. 20.

Incorporated into this motion was a special motion to strike Defendant's state law counterclaims for defamation, tortious interference with business relationships, and for violations of the Washington Consumer Protection Act ("CPA") pursuant to RCW 4.24.525, the Washington "Anti-SLAPP" Act. ECF No. 20 at 3-8. Three days later, Defendant filed a motion seeking to: (1) withdraw its Amended Answer; (2) dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6) in light of (i) a ruling issued by Judge Lasnik in a companion case filed in the Western District of Washington, and (ii) the possibility that this Court might issue a similar ruling on the motions to dismiss pending in Cause No. 13-CV-0115-TOR; and (3) as an alternative to dismissal of the Amended Complaint, for leave to file a Second Amended Answer. ECF No. 21.

On January 22, 2014, the Court granted in part and denied in part the motions to dismiss in Cause No. 13-CV-0115-TOR. This ruling dismissed Plaintiff's alternative cause of action for "indirect infringement" of its copyright with prejudice. Elf-Man, LLC v. Charles Brown, et al., Case No. 13-CV-0115-TOR, ECF. No. 106 (E.D. Wash., Jan. 22, 2014). In light of this ruling, Defendant withdrew the portion of his motion to dismiss (ECF No. 21) seeking to withdraw his Amended Answer and dismiss Plaintiff's Amended Complaint. ECF No. 22. Defendant did, however, indicate that he still sought leave to file a Second Amended Answer. ECF No. 22.

ORDER ON PENDING PROCEDURAL MOTIONS ~ 3

Plaintiff filed a motion to add an additional fictitiously named defendant on February 14, 2014. ECF No. 28. This motion was unrelated to the motions above.

## DISCUSSION

### A. Plaintiff's Special Motion to Strike Under RCW 4.24.525

Plaintiff has filed a special motion to strike Defendant's counterclaims for defamation, tortious interference with business relationships, and for violations of the CPA pursuant to RCW 4.24.525. ECF No. 20 at 3-8. Commonly referred to as the "Anti-SLAPP" statute, RCW 4.24.525 allows for summary dismissal of "any claim, however characterized, that is based upon an action involving public participation and petition." RCW 4.24.525(2). The statute defines "action involving public participation and petition" as follows:

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;
>
> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;
>
> (c) Any oral statement made, or written statement or other document submitted, that is reasonably likely to encourage or to enlist public participation in an effort to effect consideration or review of an issue in a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;

> (d) Any oral statement made, or written statement or other document submitted, in a place open to the public or a public forum in connection with an issue of public concern; or
>
> (e) Any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public concern, or in furtherance of the exercise of the constitutional right of petition.

RCW 4.24.525(2)(a)-(e).

Any civil claim which is "based upon" one of the actions above is subject to a "special motion to strike" by the party against whom the claim is asserted. RCW 4.24.525(4). The party bringing a special motion to strike "has the initial burden of showing by a preponderance of the evidence that the claim is based on an action involving public participation and petition." RCW 4.24.525(4)(b). "If the moving party meets this burden, the burden shifts to the responding party to establish by clear and convincing evidence a probability of prevailing on the claim." RCW 4.24.525(4)(b). If the moving party prevails, it is entitled to recover attorney's fees and costs incurred in bringing the motion, plus a $10,000 damages award. RCW 4.24.525(6)(a).

The Court finds that Defendant's state law counterclaims are based upon an action involving public participation and petition. In support of his counterclaims for defamation, tortious interference with business relationships, and violations of the CPA, Defendant alleges:

ORDER ON PENDING PROCEDURAL MOTIONS ~ 5

Plaintiff has intentionally and recklessly named Mr. Lamberson in a federal lawsuit that never should have been brought against him. Plaintiff has made several published knowingly false statements in furtherance of that activity.

Mr. Lamberson has been damaged by plaintiff's intentional and reckless defamatory activity.

\* \* \*

Plaintiff is engaging in a systematic, unlawful business scheme that includes multiple commercial acts of defamation not in the public interest and which will continue if not enjoined. Additionally, plaintiff has no certificate of authority to conduct business in Washington.

Mr. Lamberson and others who have been falsely accused have been damaged by plaintiff's unlawful scheme which is unlawful under the Washington Consumer Protection Act, RCW 19.86.010 et. seq. This is an exceptional case warranting an award of multiple damages and attorney's fees and costs to Mr. Lamberson. Defendant has notified the Washington State Attorney General of the filing of this action, as required under statute.

\* \* \*

Plaintiff filed this action claiming to be a victim of bit torrent without admitting its role in seeding the very work it claims was copied. Plaintiff sought and received the right to issue Subpoenas to the ISP of Mr. Lamberson based on its self-manufactured claims. Mr. Lamberson's ISP has communicated with him about the Subpoenas and the existence of these Subpoenas is noted in Mr. Lamberson's customer service files. Plaintiff had no right to force Mr. Lamberson's ISP to respond to a Subpoena when plaintiff knew it was manufacturing its own claims, not enforcing legitimate rights.

Plaintiff's activity has affected the relationship between Mr. Lamberson and his ISP. He may not [sic] longer be entitled to discounts or promotional offerings made to other customers about whom no subpoenas have been issued. Plaintiff's activity is unlawful

ORDER ON PENDING PROCEDURAL MOTIONS ~ 6

tortious activity interfering with Mr. Lamberson's business relationships.

Def.'s Am. Compl., ECF No. 18, at ¶¶ 38-39, 41-42, 44-45.  There can be little question that Plaintiff's Amended Complaint is a "document submitted" in a "judicial proceeding" under RCW 4.24.525(2)(a).  As a result, the filing of the instant lawsuit qualifies as "activity involving public participation and petition." Because Defendant's state law counterclaims arise from that activity, they are properly subject to a special motion to strike.  As Plaintiff has met its initial burden under RCW 4.24.525(4)(b), the burden now shifts to Defendant to "establish by clear and convincing evidence a probability of prevailing" on his counterclaims.

Rather than attempting to demonstrate a probability of prevailing on his counterclaims, Defendant argues that Plaintiff's special motion to strike has been rendered "moot" by his offer to file a Second Amended Answer which omits the subject counterclaims.  ECF No. 25 at 9.  Defendant further requests an award of attorney's fees incurred in defending against Plaintiff's "ill-conceived" motion. ECF No. 25 at 9.

Contrary to Defendant's assertions, Plaintiff's special motion to strike is not moot.  At this juncture, Defendant's Amended Answer is the operative pleading. Although Defendant has *offered* to file a Second Amended Answer which omits

ORDER ON PENDING PROCEDURAL MOTIONS ~ 7

the subject counterclaims, he has not yet been granted leave to do so.[1] Nor is the motion ill-conceived. As noted above, Plaintiff's special motion to strike falls squarely within the ambit of RCW 4.24.525. Defendant's request for attorney's fees incurred in defending against the motion is not well-taken.

The question, then, is whether Plaintiff is entitled to an award of attorney's fees, costs, and a $10,000 damages award pursuant to RCW 4.24.525(6) given that Defendant has offered to abandon the subject counterclaims. There are two factors which counsel against such an award. First, Defendant's offer is consistent with the underlying purpose of the statute, which is to facilitate efficient resolution of claims which arise from actions involving public participation and petition. *See* Substitute Senate Bill 6395, Laws of 2010, Chapter 118, § 1 (explaining that the purpose of RCW 4.24.525 is to provide an "efficient, uniform and comprehensive method for speedy adjudication" of claims which have a chilling effect on the exercise of First Amendment rights). Where, as here, a party promptly offers to

---

[1] The Court notes that Defendant could have mooted the motion by filing a notice of voluntary dismissal of the subject counterclaims pursuant to Federal Rule of Civil Procedure 41(c). Given that Plaintiff has not filed a responsive pleading—*i.e.*, an answer to the counterclaims or a motion for summary judgment—such a dismissal would have unilaterally mooted Plaintiff's special motion to strike.

ORDER ON PENDING PROCEDURAL MOTIONS ~ 8

abandon potentially offending claims upon being served with a special motion to strike, the purpose of the statute is adequately served.

Second, an award of attorney's fees, costs and $10,000 in statutory damages under RCW 4.24.525(6) is only available to a party who "prevails" on a special motion to strike. Here, Defendant offered to abandon the subject counterclaims within three days of receiving Plaintiff's motion. When Plaintiff refused the offer, Defendant was forced to respond to the motion. To his credit, Defendant simply asked the Court for leave to file a Second Amended Answer; he made no effort to establish a likelihood of prevailing on the subject counterclaims. Under these circumstances, Plaintiff cannot fairly be deemed a "prevailing" party.

Accordingly, the Court will deny Plaintiff's special motion to strike and will grant Defendant's motion for leave to file a Second Amended Answer. Defendant shall file his Second Amended Answer on or before **March 24, 2014**. In view of this resolution, the Court declines to address the remaining arguments raised in Plaintiff's motion to dismiss (ECF No. 20). In the event that Plaintiff wishes to challenge any counterclaim or affirmative defense raised in Defendant's Second Amended Answer, it may do so within the timeframe provided by Rule 12(b).

**B. Plaintiff's Motion to Add Additional Defendant**

Plaintiff has moved "for the addition of a fictitiously named Defendant as a party to this action" under Federal Rule of Civil Procedure 21. ECF No. 28 at 1.

In a declaration attached to the motion, counsel explains that the purpose of the motion is to pave the way for Plaintiff to proceed against a different party in the event that discovery reveals that Defendant Lamberson did not personally copy Plaintiff's movie. ECF No. 28-1 at ¶¶ 3-4. Defendant opposes the motion on the grounds that Rule 21 does not allow for the addition of fictitious "placeholder" parties and that adding such a party would unnecessarily delay the proceedings. ECF No. 33 at 2-4.

The Court will deny the motion with leave to renew at a later time in the event that discovery reveals that someone other than Defendant Lamberson is responsible for copying Plaintiff's movie. The Court appreciates that Plaintiff filed the motion in an effort to comply with the deadline to add or drop parties set forth in the Scheduling Order, but at this juncture Plaintiff's proffered reason for adding a party is entirely speculative. In the event that discovery reveals that someone other than Defendant Lamberson copied Plaintiff's movie, Plaintiff may move to add that person as a defendant at that time. Notwithstanding the deadline set forth in the Scheduling Order, the Court may add or drop a party "at any time, on just terms" under Rule 21. Fed. R. Civ. P. 21. Just terms for adding a new party would likely require the simultaneous dismissal of Plaintiff's claims against Defendant Lamberson.

ORDER ON PENDING PROCEDURAL MOTIONS ~ 10

**IT IS HEREBY ORDERED:**

1. Plaintiff's "Motions in Response to Defendant's First Amended Answer" (ECF No. 20) are **DENIED** as to Plaintiff's Special Motion to Strike and **DENIED as moot** as to all other requests for relief.

2. Defendant's Motion to Dismiss or for Leave to File Second Amended Answer (ECF No. 21) is **DENIED** as to Defendant's motion to dismiss and **GRANTED** as to Defendant's motion for leave to file a Second Amended Answer. Defendant shall file his Second Amended Answer on or before **March 24, 2014**.

3. Plaintiff's Motion to Add Additional Defendant (ECF No. 28) is **DENIED with leave to renew**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** March 17, 2014.



THOMAS O. RICE
United States District Judge