HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
        jeffreys@leehayes.com
        rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>               Plaintiff,<br><br>   vs.<br><br>RYAN LAMBERSON,<br><br>              Defendant. | No. 2:13-CV-0395-TOR<br><br>DEFENDANT LAMBERSON'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIM |

Defendant Ryan Lamberson, through his counsel Lee & Hayes PLLC, hereby submits this Second Amended Answer, Affirmative Defenses and Counterclaim to plaintiff's First Amended Complaint and its corresponding numbered paragraphs as follows:

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 1

## **INTRODUCTION**

1.      Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 1, and, on that basis, denies the same.

2.      Admits paragraph 2.

3.      Admits paragraph 3.

4.      Denies paragraph 4.

5.      Denies paragraph 5.

6.      Denies paragraph 6.

7.      Denies paragraph 7.

8.      Denies paragraph 8.

9.      Admits paragraph 9 except defendant denies that such use is necessarily illegal.

10.     Denies paragraph 10.

## **JURISDICTION AND VENUE**

11.     Admits paragraph 11.

12.     Admits paragraph 12.

13.     Admits paragraph 13.

## **PARTIES**

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

**THE PLAINTIFF**

14.     Admits such a corporation was formed, and denies remaining averments of paragraph 14.

**The Rights of the Plaintiff**

15.     Denies paragraph 15.

16.     Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 16, and, on that basis, denies the same.

17.     Admits paragraph 17.

18.     Denies paragraph 18.

19.     Denies paragraph 19.

20.     Admits paragraph 20.

21.     Denies paragraph 21.

**THE DEFENDANTS**

**In General**

22.     Denies paragraph 22.

23.     Denies paragraph 23.

24.     Denies paragraph 24.

25.     Admits paragraph 25.

26.     Denies paragraph 26.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

**Identification of the Named Defendants**

27.    No response necessary.

28.    No response necessary.

29.    No response necessary.

30.    No response necessary.

31.    No response necessary.

32.    No response necessary.

33.    No response necessary.

34.    No response necessary.

35.    No response necessary.

36.    No response necessary.

37.    No response necessary.

38.    No response necessary.

39.    No response necessary.

40.    No response necessary.

41.    No response necessary.

42.    No response necessary.

43.    No response necessary.

44.    No response necessary.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

45.     No response necessary.

46.     No response necessary.

47.     No response necessary.

48.     No response necessary.

49.     No response necessary.

50.     No response necessary.

51.     No response necessary.

52.     No response necessary.

53.     No response necessary.

54.     No response necessary.

55.     No response necessary.

56.     No response necessary.

57.     No response necessary.

58.     No response necessary.

59.     No response necessary.

60.     No response necessary.

61.     No response necessary.

62.     No response necessary.

63.     No response necessary.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

64.    No response necessary.

65.    No response necessary.

66.    No response necessary.

67.    No response necessary.

68.    No response necessary.

69.    No response necessary.

70.    No response necessary.

71.    No response necessary.

72.    No response necessary.

73.    No response necessary.

74.    No response necessary.

75.    No response necessary.

76.    No response necessary.

77.    No response necessary.

78.    No response necessary.

79.    No response necessary.

80.    No response necessary.

81.    Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 81, and, on that basis, denies the same.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 6

82.    Admits paragraph 82.

83.    Denies paragraph 83.

84.    No response necessary.

85.    No response necessary.

86.    No response necessary.

87.    No response necessary.

88.    No response necessary.

89.    No response necessary.

90.    No response necessary.

91.    No response necessary.

92.    No response necessary.

93.    No response necessary.

94.    No response necessary.

95.    No response necessary.

96.    No response necessary.

97.    No response necessary.

98.    No response necessary.

99.    No response necessary.

100.    No response necessary.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 7

101.   No response necessary.

**Further Identification of the Remaining Doe Defendants**

102.   No response necessary.

## JOINDER

103.   Denies paragraph 103.

104.   Denies paragraph 104.

105.   Denies paragraph 105, other than admitting that the same hash SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 is common to all copyright infringement claims brought in multiple actions in multiple United States District Courts by plaintiff.

106.   Denies paragraph 106.

107.   Denies paragraph 107.

108.   Admits paragraph 108.

## FACTS COMMON TO ALL CLAIMS

**IP Addresses**

109.   Admits paragraph 109.

110.   Denies paragraph 110.

111.   Denies paragraph 111.

112.   Denies paragraph 112.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

113.   Denies paragraph 113.

**Peer-to-Peer Internet Piracy Via Bit Torrent**

114.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 114, and, on that basis, denies the same.

115.   Denies paragraph 115.

116.   Admits paragraph 116.

117.   Admits paragraph 117.

118.   Denies paragraph 118.

119.   Admits paragraph 119.

120.   Admits paragraph 120.

121.   Admits paragraph 121.

122.   Admits paragraph 122.

123.   Admits paragraph 123.

124.   Admits paragraph 124.

125.   Denies paragraph 125.

126.   Denies paragraph 126.   "Torrent file" was likely more accurately defined by plaintiff's paragraph 121.

127.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 127, and, on that basis, denies the same.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

128.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 128, and, on that basis, denies the same.

129.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 129, and, on that basis, denies the same.

130.   Denies paragraph 130.

131.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 131, and, on that basis, denies the same.

132.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 132, and, on that basis, denies the same.

133.   Denies paragraph 133.

134.   Denies paragraph 134.

135.   Denies paragraph 135.

136.   Denies paragraph 135.

## Conduct of Defendants

137.   Denies paragraph 137.

138.   Denies paragraph 138.

139.   Denies paragraph 139.

140.   Denies paragraph 140.

141.   Denies paragraph 141.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 10

142.   Denies paragraph 142.

143.   Denies paragraph 143.

144.   Denies paragraph 144.

145.   Denies paragraph 145.

146.   Denies paragraph 146.

**Exemplar Defendant**

147.   Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 147, and, on that basis, denies the same.

148.   Denies paragraph 148.

149.   Denies paragraph 149.

**CLAIMS FOR RELIEF STATED IN THE ALTERNATIVE**

**FIRST CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

150.   No response necessary.

151.   Denies paragraph 151.

152.   Denies paragraph 152.

153.   Denies paragraph 153.

154.   Denies paragraph 154.

155.   Denies paragraph 155.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

156.   Denies paragraph 156.

157.   Denies paragraph 157.

158.   Denies paragraph 158.

## SECOND CLAIM FOR RELIEF

## CONTRIBUTORY INFRINGEMENT

159.   No response necessary.

160.   Denies paragraph 160.

161.   Denies paragraph 161.

162.   Denies paragraph 162.

163.   Denies paragraph 163.

164.   Denies paragraph 164.

165.   Denies paragraph 165.

166.   Denies paragraph 166.

## THIRD CLAIM FOR RELIEF

## Alternative Statement Pursuant to FRCP 8(2)(b)

## Indirect Infringement of Copyright

167.   No response necessary.

168.   Denies paragraph 168.

169.   Denies paragraph 169.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

170.   Denies paragraph 170.

171.   Denies paragraph 171.

172.   Denies paragraph 172.

173.   Denies paragraph 173.

174.   Denies paragraph 174.

175.   Denies paragraph 175.

176.   Denies paragraph 176.

## **DAMAGES**

177.   Denies paragraph 177.

### **Notice of Further Claims**

178.   No response necessary.

179.   No response necessary.

180.   Denies paragraph 180.

## **AFFIRMATIVE DEFENSES**

As Affirmative Defenses, Defendant repeats all of its Answer responses, and the Counterclaim factual allegations made *supra* as if stated here, and alleges:

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Necessary and indispensible parties known to plaintiff are not joined.

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

3.      Plaintiff lacks standing to bring its claims because third-parties known to plaintiff own the exclusive rights in the copyright in suit.

4.      Plaintiff's claims sounding in tort or contract are pre-empted by the U.S. Copyright Act, 17 U.S.C. § 301.

5.      Plaintiff's purported work as allegedly infringed is not sufficiently original, fixed, or perceptible to be the subject matter of copyright under 17 U.S.C. § 102(a).

6.      Plaintiff's claims are barred by fair use under 17 U.S.C. § 107.

7.      Plaintiff's claims are barred by archival rights under 17 U.S.C. § 117(a).

8.      Plaintiff's claims for statutory damages are barred under 17 U.S.C. § 504 (c)(1) because plaintiff has been compensated for the work allegedly infringed in the combined action from which this case was severed.

9.      Plaintiff's claims for statutory damages under 17 U.S.C. § 504 are barred as excessive.

10.     Plaintiff has not submitted any certificate of registration to the court and is not entitled to any of the rebuttable presumptions of the U.S. Copyright Act under 17 U.S.C. § 401(c).

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 14

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

11.    If defendant has somehow infringed a copyright owned by plaintiff, defendant is an innocent infringer as he was not aware of, and had no reason to believe his acts constituted infringement.

12.    Plaintiff's claims are barred by misuse of copyright.

13.    Plaintiff's claims are barred by license, express and implied.

14.    Plaintiff's claims are barred by *de minimus non curat lex* (the law cares not for a trifle) (aka *de minimus*.)

15.    Plaintiff's damages are caused by its actions or those of its privies.

16.    Plaintiff's damages are caused by the actions of third-parties.

17.    Plaintiff's claims are barred by its failure to mitigate damages.

18.    Plaintiff's claims are barred by its unclean hands.

19.    Plaintiff's claims are barred by estoppel.

20.    Plaintiff's claims are barred by its waiver.

21.    Plaintiff's copyright is invalid and unenforceable at equity.

22.    Plaintiff is not entitled to injunctive relief because any alleged injury is not irreparable, and plaintiff has an adequate remedy at law.

23.    Plaintiff is not a third-party beneficiary entitled to any specific performance under any contracts between defendant and his internet service provider.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 15

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

24.    Plaintiff's investigators are not authorized to conduct private investigations in the State of Washington under R.C.W. 18.165. 010, .150.

25.    Plaintiff's investigators have not posted any bond as required to conduct private investigations in the State of Washington under R.C.W. 18.165.100.

26.    Plaintiff's investigators' technologies and methodologies are inadequate to create any admissible evidence of violation of United States copyright law by defendant.

27.    Plaintiff's two identified investigators are located in Germany and are not actual fact witnesses as to the alleged acts of infringement, nor are they qualified as expert witnesses to testify as to alleged acts of infringement.

28.    Plaintiff is not authorized to conduct business in the State of Washington and its unlawful business model is void *ab initio.*


## **COUNTERCLAIMS**

As Counterclaims against Plaintiff, Defendant alleges as follows:

1.    Counterclaim-plaintiff Ryan Lamberson is the defendant hereunder. He is a single person residing in Spokane County, Washington.

2.    Counterclaim-defendant Elf-Man, LLC is the plaintiff hereunder.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 16

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

3.    The Court has subject matter jurisdiction over these counterclaims under the Copyright Act, the Declaratory Judgments Act, 28 U.S.C. § 2201-2202, and by supplemental jurisdiction.

4.    Venue is proper in this district because the plaintiff has consented to this district and the effects of its unlawful activities are felt in this district.

5.    Defendant brings these Counterclaims because he is entirely innocent of the claims against him as are many if not most of the similarly-accused defendants in plaintiff's speculative invoicing program, and because that program is unlawful and not grounded in legitimate enforcement of any legal rights. The speculative invoicing program employed by plaintiff is not authorized or supported by law; it is based on flawed data and inadequate investigations; and it seeks monies from parties with no legal obligation to pay.  Plaintiff is engaged in the continued, unlicensed trade of an unlawful speculative licensing program which is an unfair business practice including the improper use of a copyright to the detriment of the public, causing certain injury to its targets such as Mr. Lamberson in their business and property.

6.    Counterclaim-plaintiff Ryan Lamberson is a single man and single father.  At the time in question, he lived in a two-bedroom apartment in Spokane

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 17

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

County with a male roommate who also is a single father; there are multiple other households within 200 feet of their residence.

7.    Defendant's household maintained an internet account (including telephone and television) from Comcast over the relevant time frame.

8.    Defendant's household also had a Netflix account over the relevant time frame from which he could have rented *Elf-Man* for no marginal cost.

9.    Defendant is in possession of a lawful copy of *Elf-Man* purchased from Amazon.com and given to him in January 2014.  Defendant has never possessed any other copy of *Elf-Man* either in disc, tape, or electronic form.

10.    Prior to this action, Defendant had never seen *Elf-Man* or even heard of *Elf-Man.*  Prior to this action, Defendant had never seen the copyright notices plaintiff alleges to have used nor had he seen any of the alleged advertising or promotional materials for *Elf-Man.*  *Elf-Man* was never released in theaters in Spokane nor was the motion picture the subject of local advertising or local promotion in the Spokane area where defendant resided over the time frame.

11.    Defendant has never used any methods, computerized or not, to reproduce, distribute, perform, or display *Elf-Man,* nor did he create any derivate works of it.  Defendant did not search for or seek any .torrent file for *Elf-Man.* Defendant did not click, copy, open, or download any .torrent file for *Elf-Man.*

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 18

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Defendant did not participate in a swarm regarding *Elf-Man* on Sunday December 2, 2012 at 8:39:20 a.m. local time or at any other time.

12.    Defendant is not aware of any person who did participate in a swarm regarding *Elf-Man* on Sunday December 2, 2012 at 8:39:20 a.m. local time nor at any other time.

13.    Defendant did not encourage or facilitate any third-parties or parties oven whom it had control (e.g. his children) to violate of any rights in *Elf-Man*.

14.    Defendant did not have any control or financial relationship with any person who did violate any rights in *Elf-Man*.

15.    Defendant has received no monies or other value from any third-party known to have violated in rights in *Elf-Man*.

16.    Prior to asking this court to sever his case, defendant offered his personal computer for inspection in addition to a limited interview or deposition in order to demonstrate his innocence, but plaintiff was not willing to accept such an offer of proof.

17.    Despite his innocence and his offers to plaintiff to directly examine the evidence which would conclusively corroborate his innocence, defendant has been inconvenienced and financially injured in a manner that could have been avoided had plaintiff acted in a reasonable and business-like manner.

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

18.    The Maryland records indicate Plaintiff Elf-Man, LLC was formed as a Maryland LLC #W14390330 on November 11, 2011.  Miranda Wideman signed as incorporator and, on information and belief, Miranda Wideman was then employed by the incorporation-services company Legal Zoom of Glendale, CA and signed as incorporator in furtherance of her duties to Legal Zoom and its arrangements with the person or people who own or operate Elf-Man, LLC.  Elf-Man, LLC designates Richard Jeffries as registered agent.  An address of 7820 Wormans Mill Rd. Suite 222, Frederick MD 21701 is listed.

19.    The Maryland records indicate that Wiseacre Films LLC was formed as a Maryland LLC #W14390322 on that same November 11, 2011.  The address, incorporator, and registered agent are the same. The address is the same. The movie trailer for *Elf-Man* identifies Wiseacre Films as the motion picture's producer. Entertainment database IMDB lists both Wiseacre Films LLC and Elf-Man LLC as the producers of *Elf-Man*.

20.    Neither Wiseacre Films LLC nor Elf-Man LLC has a Certificate of Authority from the Washington State Secretary of State as foreign LLCs to conduct business in the state of Washington.

21.    A copy of the U.S. Copyright Office webpage pertaining to plaintiff's purported copyright registration PA-0001823286 is attached as Exhibit 1 ("the '286

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 20

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Registration") with an effective date of October 19, 2012. Exhibit 1 is not a certified copy of the '286 Registration from the U.S. Copyright Office; plaintiff has not submitted such a copy as required to initiate a copyright action and to receive any of the legal presumptions that a certificate may carry. Exhibit 1 identifies plaintiff as the copyright claimant "by Transfer;" the associated '286 Registration indicates "by written agreement;" no such agreement or transfer is made of record. Ex. 1 identifies plaintiff as the author by "employer for hire;" no such employment or work made for hire agreements are made of record. The nature of authorship is listed as "direction/director, script/screenplay," and the basis of claim is "production as a motion picture." The deposit is described as "videodisc/DVD." The pre-existing material excluded from the copyright is listed as "preexisting footage, preexisting photograph(s), preexisting music;" the associated '286 Registration includes "preexisting footage, preexisting photograph(s), preexisting music" as "material excluded from this claim" in the "Limitation of copyright claim" section. The title of the work is *Elf-Man*. There is no recorded assignment of the '286 Registration.

22.    Elf-Man, LLC was formed on November 11, 2011. To the extent that *Elf-Man* the motion picture is a copyrightable work, Elf-Man, LLC can only be the "author" of that work if its W-2 employees and only those employees created the

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

work, and/or if everyone making a copyrightable contribution to *Elf-Man* each executed a written and signed, valid work-made-for-hire agreement with Elf-Man, LLC in compliance with 17 USC § 101 and 201.  Elf-Man, LLC could also be the "owner" of the copyright by written assignment, executed by the author.  Plaintiff has alleged no such authorship relationships or assignment relationships, nor submitted into the record any of the associated documentation required to create such relationships.

23.  Wiseacre Films LLC was also formed on November 11, 2011.  The trailer for *Elf-Man* shows Wiseacre Films as the principal producer. The well-known movie database IMDB shows both Elf-Man, LLC and Wiseacre Films, LLC as producers of *Elf-Man.* Plaintiff's facebook page for the motion picture indicates that Wiseacre Films, LLC is a producer.  IMDB also lists the following other producers: Jason Acuña, Russell Denove, Richard Jefferies, Lise Romanoff, Melissa Skoff, Alan Somers, Kurt Uebersax, and Chris Walas.  On information and belief, plaintiff may not have employed each of these individuals who may have made a copyrightable contribution, and it may not have an executed work made for hire or assignment agreement with each of them.  Consequently, each such producer who was not so employed or who did not have an executed work made for hire or assignment agreement, retains ownership of his or her exclusive rights as may apply

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 22

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

to          the          subject          of          hash          piece

SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72.

24.    A second U.S. Copyright Registration is relevant. Attached as Exhibit 2 is a copy of the U.S. Copyright Office webpage pertaining to U.S. Copyright Registration PAu-003584737 ("the '737 Registration.")  The '737 Registration issued to Ethan Jacob Wiley and Richard Lynn Jeffries as co-authors.  The title of the work is *Elf-Man*.  The registration effective date is November 3, 2011.  The basis of the claim is "dramatic work and music, or choreography." The deposit is text. "Wiseacre Films" is listed as the party to contact regarding "Rights and Permissions." No pre-existing material is disclaimed in the '737 Registration.  There is no recorded assignment of the '737 Registration.

25.    Messrs Wiley and Jeffries were the writers of *Elf-Man* and submitted and own the '737 Registration that is Exhibit 2.  On information and belief, they have not assigned their rights to Elf-Man, LLC as to the subject of hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 and thus retain their exclusive rights as to that material.

26.    *Elf-Man* was first publicly released in DVD and over video-on-demand services on December 4, 2012, and *Elf-Man* was not in contractual limited release in the United States prior to November 20, 2012.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 23

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

27.    Vision Films, Inc. of Sacramento CA claims to be the owner of all exclusive rights in *Elf-Man* as claimed in paragraph 30 of its Complaint *Vision Films, Inc. v. John Does 1-41*, Case No. 3:13-cv-00128, filed in the Eastern District of Tennessee on March 8, 2013 (Exhibit 3), and by way of its Sales Agent Agreement with plaintiff.    As such, Elf-Man LLC lacks standing to bring its copyright actions against defendant, or any defendants.

28.    The owners of Exhibit 2, Messrs Wiley and Jeffries, may be the owners of the authorship purportedly transmitted during the timeframes of plaintiff's allegations against defendant, and thus may be necessary and indispensible parties that are not named. Exhibit 2 also identifies Wiseacre Films as the party to contact regarding rights and permissions, and Wiseacre Films is identified as a producer of the work who thus may have ownership of copyrights in the work and be a necessary and indispensible party.

29.    On information and belief, plaintiff has assigned exclusive United States distribution rights and/or all exclusive rights under its copyright to Anchor Bay Entertainment (aka Starz Media LLC) and/or Vision Films, Inc. known distributors of direct-to-DVD productions such as *Elf-Man*, who also thus may be necessary and indispensable parties as owners of exclusive rights under 17 U.S.C. § 106.  The *Elf-Man* trailer identifies Vision Films as the distributor, and Anchor Bay

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 24

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Entertainment's website includes *Elf-Man* among its distributed titles. The table of alleged copying of hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72 submitted by plaintiff to the Eastern District of Missouri (Exhibit 9 hereto) identifies Vision Films as the rights holder, yet Elf-Man, LLC is the named plaintiff in that action.

30.    *Elf-Man* debuted in Frederick, Maryland, the town where the Wiseacre Films facilities are located.  The motion picture was initially publicly shown at a local film event on Saturday December 1, 2012; there have been no other reported public showings of *Elf-Man*, which did not have a theatrical release. *Elf-Man* was first publicly distributed on DVD on Tuesday December 4, 2012 and also first publicly released to video-on-demand services on December 4, 2012.  There is no other known earlier distribution of the work other than a reference in an interview by Mr. Ubersax of a pre-release to the Redbox service two weeks prior to December 4, 2012, which is Tuesday November 20, 2012. The claimed August 1, 2012 "date of first publication" on the '286 Registration is incorrect, perhaps a mistake made by improperly designating an internal, pre-publication, completion of some milestone in the *Elf-Man* project like sending a final edition of the work to the distributor.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 25

31.    Plaintiff has brought at numerous lawsuits against John Does alleging copyright infringement by users of peer-to-peer networks.  Despite plaintiff's apparent forensic software, plaintiff has never alleged that it has determined the IP address of the original source of the unique hash piece SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72, nor do any of the John Doe cases allege that any of the John Does are the original source of the unique hash piece.

32.    Plaintiff has brought no lawsuits making direct accusations against an individual or organization of initially seeding the work into bit torrent, creating the unique hash piece  SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD7. For example, plaintiff has brought no lawsuits against any of plaintiff's privies who may have violated the pre-release confidentiality obligations of a contract with plaintiff regarding a version of *Elf-Man* to which the privy had pre-release access. Plaintiff has brought no lawsuits against any software providers of any aspects of peer-to-peer, nor against any owners or operators of websites where peer-to-peer links to *Elf-Man* can apparently be found.

33.    Plaintiff has issued no takedown notices under the Digital Millennium Copyright Act ("DMCA"), an act expressly designed to facilitate copyright owners

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

in removing infringements of their works from the internet.  DMCA takedown notices are a standard part of any legitimate anti-piracy campaign.

34.     Plaintiff's lawsuits against John Does include the following nine:

a.     District of Oregon: Case No. 6:2013-cv-00331

b.     District of Oregon: Case No. 1:2013-cv-00333

c.     District of Oregon: Case No. 2:2013-cv-00334

d.     Eastern District of Washington: Case No. 2:2013-cv-00115

e.     Western District of Washington: Case No. 2:2013-cv-00507

f.     Eastern District of Missouri: Case No. 4:2013-cv-00576

g.     Northern District of Illinois: 1:2013-cv-02362

h.     Northern District of Ohio: 1:2013-cv-00727

i.     Southern District of Ohio: 2:2013-cv-00308

35.     The Complaints in each of the nine matters are brought by Elf-Man, LLC as the sole plaintiff, claim copyright ownership in *Elf-Man,* and proceed against a group of John Does, seeking subpoenas leading to service of the Complaints on individual ISP subscribers such as defendant.  None of these nine cases has proceeded to a successful trial nor resulted in any summary judgment in favor of the plaintiff.   Multiple Defaults have now been entered against served defendants, including in the combined case from which Mr. Lamberson's matter

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 27

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

was severed, for example, the Defaults now entered against Andrew Lint, Brenda Barnett, Dean Barnett, Rafael Torres, Carlos Rodriguez, Stephanie Housden, and Shannon Williams.

36.    None of the nine Complaints are verified by Elf-Man, LLC, its principals, nor any other witness.  Each of the nine Complaints attaches a table of typed, organized data – also not verified. In other words, there is no witness to support the tables that plaintiff submitted to the court in order to obtains its subpoenas.  In Mr. Lamberson's case, the table is not attached or incorporated in the First Amended Complaint (ECF #3), but it is attached to the original Complaint (ECF #1) as (ECF #1-1), although no witness verifies the data or provides any foundational testimony for it.  The data from the tables is not a matter of known public record nor an ordinarily-kept business record.  The table of data in each case includes the number of a John Doe, a purportedly-related IP address, a one-second time and date (sometimes denoted as UTC, sometimes not), and reference to the hash SHA1:33E6C4D563C276F29A7A48502C6640191DE3DD72.

37.    In a customary case of alleged piracy, the distribution copyright holder investigates and issues take down notices to websites indexing the copyright holder's works (i.e. those public sites where the .torrent links are found.)  These websites are then provided legal safe harbors for taking their subscriber's links

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

down where there is no fair use, license, or other reason to retain the link. Those links originate with seeders who initially upload a work through the bit torrent protocol to be broken into hash-valued pieces indexed into a link accessible by others operating compatible protocols. Seeders may be "super-fans" of the work, who have a desire to comment and criticize on the work and who might be fairly using and enhancing the demand for the legitimate work. The seeders may also be commercial profiteers operating in violation of the law as plaintiff alleges.

38.    Plaintiff is one of those commercial profiteers operating in violation of the law. The table from each Complaint is attached hereto and incorporated herein:

a.    District of Oregon: Case No. 6:2013-cv-00331 (Ex. 4).

b.    District of Oregon: Case No. 1:2013-cv-00333 (Ex. 5).

c.    District of Oregon: Case No. 2:2013-cv-00334 (Ex. 6).

d.    Eastern District of Washington: Case No. 2:2013-cv-00115 (Ex. 7).

e.    Western District of Washington: Case No. 2:2013-cv-00507 (Ex. 8).

f.    Eastern District of Missouri: Case No. 4:2013-cv-00576 (Ex. 9).

g.     Northern District of Illinois: 1:2013-cv-02362 (Ex. 10).

h.    Northern District of Ohio: 1:2013-cv-00727 (Ex. 11).

i.    Southern District of Ohio: 2:2013-cv-00308 (Ex. 12).

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 29

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

j.    The table from the Vision Films case in the Eastern District of Tennessee 3:13-cv-00128 (Ex. 13)

39.    Each of the attached tables shows at least one alleged transfer of the hash piece prior to the December 4, 2012 (05:00 UTC) release date of *Elf-Man* – this even includes the Tennessee case where Vision Films is the plaintiff, and which includes alleged infringement on December 2, 2012 and December 3, 2012, dates identical to those in the ED WA case brought by Elf-Man, LLC.  *Elf-Man* was not officially released to the public through DVD or streaming technology until Tuesday December 4, 2012.  The tables for Ex. 4 and Ex. 6 show transfer of the hash piece prior to November 20, 2012 (05:00 UTC), the apparent Redbox pre-release of *Elf-Man.*  Each of the tables (including the Tennessee case) shows the identical hash, thus, each has the same seed origin.  That seed origin for that hash piece was prior to any known public showing or public distribution of the motion picture.   On information and belief, that seed origin is with the plaintiff, or is a result of plaintiff's lack of due care with its distributors including Vision Films, Anchor Bay, its German investigator, agents, and/or privies.

40.    None of the tables shows any alleged transfer of the hash piece prior to October 19, 2013, the effective date of Elf-Man, LLC's copyright application for the '286 Registration.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 30

41.    Plaintiff's Complaint and First Amended Complaint show plaintiff's awareness of peer-to-peer technology and the distribution implications of it. Despite this knowledge, plaintiff introduced *Elf-Man* onto DVD without significant anti-copying measures and in a manner designed to encourage its use over the very peer-to-peer networks upon which it relies to generate data for its unlawful speculative invoicing program.

42.    On information and belief, plaintiff, its contractual parties, agents, and/or privies first seeded its work to bit torrent prior to its public release for the express purpose of a dragnet speculative invoicing business model, leveraging the mandatory statutory damages applicable to those with prompt copyright registration certificates while ignoring the estoppel, license and waiver implications of its seeding.

43.    Statutory damages are only available if the copyright holder promptly registers its copyright or before the acts of infringement.  17 U.S.C. § 412.  The effective date of the '286 Registration is October 19, 2012.  The earliest noted passing of a hash piece from any of the evidence submitted in any of the nine cases is November 19, 2012.  The public release date of the DVD was December 4, 2012, with an apparent limited pre-release to Redbox on November 20, 2012.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 31

44.    Technology is available to determine the IP address of the original seeder of a work onto bit torrent, which plaintiff has not done. On information and belief, the copy of *Elf-Man* at issue was put into the bit torrent environment on or about November 14, 2012, prior to its U.S. public release by an unknown "Hero Master."   This same "Hero Master" is also noted to have put at least one other Vision Films distributed motion picture *Blood Money* into bit torrent prior to its public release.

45.    *Elf-Man* is a Vision Films motion picture that was put into bit torrent prior to its release date by "Hero Master," and where bit torrent activity is allegedly found prior to its release date, and which is the subject of a Vision Films v. John Doe case.   *Blood Money* is a Vision Films motion picture that was put into bit torrent prior to its release date by "Hero Master," and where bit torrent activity is allegedly found prior to its release date, and which is the subject of a Vision Films v. John Doe case.

46.    The plaintiff's own evidence shows activity of the hash piece prior to any public release of the work, indicating the initial seeder must have been plaintiff or one of its privies, none of whom plaintiff has sued for copyright infringement or breach of contract.

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

47.    Even if the plaintiff itself did not seed the hash at issue, it is responsible for the seeding, because it otherwise must have directed the seeding by an agent, or it failed to exercise due care with its contractual parties, assignees, suppliers, or vendors with respect to the unpublished work prior to the public release of *Elf-Man*.

48.    Plaintiff purposefully released *Elf-Man* into the bit torrent environment knowing, authorizing, and inviting its copying and distribution.    There is no evidence that Mr. Lamberson or any of the other John Does in any of the cases was the seeder of the hash piece at issue.

49.    Plaintiff has also used investigative methods that are known to lead to "false positives" and are not calculated to lead to the true identity of the perpetrator of any unlawful conduct. There are numerous reasons why Mr. Lamberson's IP address may appear on plaintiff's list that do not include copyright infringement, such as others using the network, a mis-assigned IP address, spoofing of an IP address by another bit torrent user, data capture errors, a viral bot operating autonomously, the passing of an uncopyrightable bit, or errors in collection and assessment of plaintiff's purported data. Plaintiff's investigators' data capture methodologies do not account for any of these possibilities for false positives or other errors, because their methodologies simply capture the available data without

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 33

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

any analysis of the local situation of any one identified IP address.  Plaintiff has no other corroborating witnesses to its claims of infringement against Mr. Lamberson. Even if there were copying, plaintiff's investigative methodologies do not account for fair use; for example, a child's copying and viewing as research for a school project on elf-based holiday movies of the 21st century would be non-infringing fair use under 17 U.S.C. § 107, even if the copyright holder disapproved.

50.    IP addresses are temporarily assigned to devices, not people.   IP addresses are not account numbers.    ISP customers have no control over the assignment or re-assignment of IP addresses that its ISP may use or change for devices owned by or leased to its customer.

51.    Plaintiff's tables attached to its complaints are un-attested, provide no foundational evidence, do not identify any person who created the lists, do not identify any software used to create the lists, and do not identify how the lists are created.  Numerous John Does who have now been identified have filed Answers flatly denied ever hearing of *Elf-Man*, let alone copying it.  Nevertheless, plaintiff has proceeded to accept monies from people who may in fact be innocent of the copyright infringement allegations like Mr. Lamberson is innocent, despite knowledge of the high risk of false positives inherent in its investigative methodology.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 34

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

52.    On information and belief, plaintiff is using IPP Ltd, or IPP International, (IPP), fka Guardaley Ltd of Germany as its "investigator."  IPP and Guardaley are not licensed to conduct private investigations in Washington nor have they posted the legally requisite bonds. Plaintiff has provided no witness in the United States as to the facts of its allegations of infringement against any of the defendants in any of the Washington state *Elf-Man* cases.

53.    IPP/Guardaley are noted for flawed and inaccurate data harvesting techniques, which were used in the case against defendant. Guardaley is a defendant in a class action lawsuit in the District of Massachusetts, Case No. 1:10-cv-12043 alleging Guardaley's commission of fraud in connection with its relationship with a copyright owner and law firm in bringing lawsuits based on faulty investigation in order to drive nuisance settlements.  Guardaley's "technology" that has apparently been used in this case as plaintiff's only evidence has also been found fundamentally flawed by a German tribunal.

54.    On information and belief, IPP/Guardaley is compensated according to a contingency relationship, making their witnesses' testimony inadmissible. Plaintiff is operating its unlawful speculative invoicing enterprise in Washington without any certificate of authority to conduct business in the state.  On information and belief, plaintiff is paying for the "evidence" in its tables from IPP (and/or the

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 35

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

delinquent South Dakota Crystal Bay Corporation) and has agreed to share proceeds of these matters with IPP (and/or the delinquent South Dakota Crystal Bay Corporation) and those responsible for creation of the tables, but none of whom is authorized to conduct business in Washington.   Unless enjoined, the plaintiff's unlawful conduct is certain to continue.

55.    On information and belief, Plaintiff is not adequately capitalized to meet the liability caused by its unlawful business operation and thus is operating as the *alter ego* of its yet unidentified principal(s).

56.    Plaintiff's claims are the result of an inadequate investigation of the facts and an inadequate analysis of the controlling law.

## COUNTERCLAIM COUNT ONE

### Declaration of non-infringement

57.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

58.    Mr. Lamberson has not infringed any of plaintiff's exclusive rights in *Elf-Man* and seeks a formal declaration of the same.   Defendant has been accused of three types of infringement, but he engaged in none.   This is an exceptional case warranting an award of attorneys' fees and costs to Mr. Lamberson.

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 36

## COUNTERCLAIM COUNT TWO

<u>Declaration of copyright invalidity and unenforceability</u>

59.    Mr. Lamberson repeats all of his Answer, Affirmative Defenses, and Counterclaim as if stated here.

60.    Plaintiff's has engaged in unlawful speculative invoicing, improperly using its copyright as a weapon against innocent citizens such as defendant.  Mr. Lamberson seeks a formal declaration that the '286 registration is unenforceable and invalid and an order to plaintiff to cancel the '286 registration. This is an exceptional case warranting an award of attorneys fees and costs to Mr. Lamberson.

**WHEREFORE, Ryan Lamberson prays for:**

a.    Dismissal of plaintiff's claims with prejudice;

b.    An order that plaintiff shall be afforded no relief from its complaint herein;

c.    A declaration of non-infringement and injunctive relief;

d.    An order to the plaintiff to cancel plaintiff's purported copyright registration;

e.    Attorneys' fees and costs awardable under 17 U.S.C. § 505;

f.    For any and all damages suffered by defendant;

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 37

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

g.    A ruling prohibiting the testimony of Daniel Macea, Michael Patzer, or any representative of IPP or Guardaley on the basis of lack of foundation, inequitable conduct, lack of licensure, and *Daubert* principles;

h.    A ruling requiring plaintiff to post a bond to secure payment of costs and attorneys fees against it;

i.    Sanctions for failure to provide discovery and to conduct a reasonable investigation;

j.    For post-judgment interest on the entire amount until paid in full; and

k.    For such other and further relief as the Court may deem just.

DATED this 17th day of March, 2014.

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
Jeffrey R. Smith, WSBA #37460
Rhett V. Barney, WSBA #44764
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails:   chris@leehayes.com
jeffreys@leehayes.com
rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 38

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on the 17th day of March, 2014, I caused to be electronically

4

filed the foregoing with the Clerk of the Court using the CM/ECF system which

5

will send notification of such filing to the following:

6

7
    Maureen C. VanderMay              efile@vandermaylawfirm.com

8

9
                        LEE & HAYES, PLLC

10

By: *s/ J. Christopher Lynch*

11
    J. Christopher Lynch, WSBA #17462

12
    601 W. Riverside Avenue, Suite 1400
    Spokane, WA 99201

13
    Phone: (509) 324-9256
    Email: chris@leehayes.com

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND AMENDED ANSWER OF
DEFENDANT RYAN LAMBERSON - 39