HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
        jeffreys@leehayes.com
        rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>RYAN LAMBERSON,<br><br>        Defendant. | No. 2:13-CV-0395-TOR<br><br>DEFENDANT LAMBERSON'S RESPONSE TO PLAINTIFF'S MOTIONS IN RESPONSE TO DEFENDANT'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM |

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    Plaintiff brings a Motion to dismiss under Fed. R. Civ. P. 12(b)(6), Fed. R.

2    Civ. P. 9(b), and Fed. R. Civ. P. 12(f).  ECF No. 37.  The Motion should be denied.

3    **I.  The counterclaims are proper under Fed. R. Civ. P. 12(b)(6).**

4    Mr. Lamberson's counterclaims for a declaration of non-infringement, and for

5    a declaration of copyright unenforceability and invalidity are properly pled.  Mr.

6    Lamberson is under apprehension of a claim, and is entitled to a declaration (i) that

7    his behavior is non-infringing, and (ii) that plaintiff's behavior prohibits it from

8    maintaining any claim against him. These allegations are sufficient to state claims.

9    See, e.g. *Society v. Hunter,* 655 F.2d 938, 943 (9th Cir. 1981); *Hal Roach Studios v.*

10   *Richard Feiner,* 896 F.2d 1542, 1554-1557 (9th Cir. 1990).

11   **A. Count 1 states a claim for a declaration of non-infringement.**

12   The counterclaim factual narrative at paragraphs 5-17 articulates the

13   defendant's behavior at the time of the alleged infringement: Mr. Lamberson's

14   home had a Comcast internet account, but he did not copy *Elf-Man*, nor had he

15   heard of it, nor did he assist or encourage others to copy it, nor did he have any

16   control over anyone who may have copied it, nor did he have any financial

17   relationship with anyone who may have copied it.

18   Mr. Lamberson is entitled to a ruling now to declare as a matter of law that

19   his behavior does not infringe any copyrights, without the fear, for example, that he

20   would have to re-litigate that his innocence also applies to plaintiff's claim of

21   "indirect copying" should that dismissed claim be revived on appeal. As another

22

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    example, Mr. Lamberson is entitled to a declaratory order that his behavior is non-

2    infringing should plaintiff's assignee Vision Films ever decide to sue him.

3              **B. Count 2 states a claim for a declaration of copyright unenforceability.**

4              The counterclaim factual narrative at paragraphs 18-56 articulates the

5    plaintiff's behavior at the time of the alleged infringement: Plaintiff apparently has a

6    copyright registration, albeit with disclaimed material ("pre-existing footage, pre-

7    existing photographs, and pre-existing music"), and plaintiff has assigned its

8    exclusive rights to Vision Films, but plaintiff has nevertheless filed lawsuits seeking

9    subpoenas and settlements. This is an unlawful attempt to extend its copyright,

10   justifying an equitable order that the copyright is unenforceable and that plaintiff

11   surrender the copyright certificate. *See*, e.g. *Practice Mgmt. v. Am. Med.,* 121 F.3d

12   516, 520-21 (9th Cir. 1997) (adopting a definition of copyright misuse as an

13   improper extension of copyright, rendering the copyright unenforceable).   Mr.

14   Lamberson is entitled to the declaration of unenforceability now without having to

15   re-litigate that the plaintiff's behavior creates unenforceability should plaintiff

16   appeal the dismissal on "indirect copying," or should plaintiff decide to pursue its

17   copyright claim against Mr. Lamberson's child.

18             **C. Mr. Lamberson's counterclaims are plausible.**

19             Mr. Lamberson's counterclaims are plausible under *Twombly/Iqbal*.

20   Counterclaim One, for a declaration of non-infringement, is plausible: Mr.

21   Lamberson denies that he copied *Elf-Man*. This is plausible since it is the truth.

22   Counterclaim Two, for a declaration of copyright unenforceability/invalidity, is

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  plausible since the allegations of the counterclaim explain that plaintiff is enforcing

2  a copyright to which it has assigned-away its exclusive rights.  This is plausible

3  since it is the truth. Declaration of J. Christopher Lynch ("Lynch Dec.") at ¶¶ 2-6.

4  The factual narrative is likewise plausible: plaintiff seeded its own work to

5  bittorrent as a lure to ensnare innocents, because, according to the plaintiff's own

6  documents, the work was being copied before it was publicly released, plus,

7  plaintiff has not acted in a manner that is consistent with an aggrieved copyright

8  holder trying to stop infringement. The other allegations are also plausible: the

9  investigations are flawed, since, for example, the "investigators" were unknown to

10 plaintiff's counsel who did not direct the investigation and who remains unwilling

11 to disclose the relationship of the plaintiff to these German investigators who are

12 now demanding to be paid in order to be deposed.  Lynch Dec. at ¶¶ 7-8.

13      **D. The counterclaims are not barred by the *Noerr-Pennington* doctrine.**

14      Plaintiff argues that it has some right to file a series of baseless claims and

15 that the victims have no legal recourse other than to deny liability, because the

16 plaintiff is somehow "immune" from any counterclaims.  Plaintiff cites *Noerr-*

17 *Pennington* to support its supposed right, but plaintiff cites no authority applying

18 this doctrine to bar claims for declaratory relief under copyright law.

19      *Noerr-Pennington* is complex.  At its heart, *Noerr-Pennington* is defense

20 against antitrust claims, but only under special circumstances, and even if the

21 plaintiff could properly plead and prove the defendant violated the antitrust laws.

22 The "immunity" arises as the doctrine prohibits the court from entering such an

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

antitrust judgment, but only if the totality of the behavior shown to be violative of the antitrust laws was the defendant's "petitioning" of the government, since the right to petition the government is protected along with freedoms of speech and religion of the First Amendment. But, just like the freedoms of speech and religion, the freedom to petition the government is not limitless and its exercise is not without consequences.

*Noerr-Pennington* requires that the accused satisfy tests developed by the Supreme Court. Here, plaintiff fails to demonstrate *Noerr-Pennington* applicability because: (i) plaintiff fails to cite authority applying the doctrine to requests for declaratory relief, (ii) plaintiff fails to address the elements of the doctrine, and (iii) plaintiff fails to address the elements of the applicable exceptions to the doctrine.

*Noerr-Pennington* requires that the Supreme Court tests for applicability be undertaken with the targeted statute of the "claim" in mind. Ordinarily, the targeted statute of the claim is the Sherman Antitrust Act (15 U.S.C. §§ 1-7), but *Noerr-Pennington* has also been applied to the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-68). By contrast, plaintiff cites no cases applying *Noerr-Pennington* to claims under the Declaratory Judgments Act (28 U.S.C. § 2201) for relief regarding copyright non-infringement or unenforceability. In research to oppose this Motion, defendant has found no such cases.

*BE & K Construction v. NLRB*, 536 U.S. 516 (2002) sets the modern three step analysis for application of the *Noerr-Pennington* doctrine: (1) whether an adverse ruling on the claim is a substantial burden on plaintiff's petitioning rights;

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

(2) whether the so-burdened petitioning conduct falls within protection of the Petition Clause; and (3) whether the targeted statutory claim can be narrowly construed to avoid the constitutional issue. A party seeking *Noerr-Pennington* immunity must also address whether its petitioning activity falls within the "sham litigation" exception explained in *Professional Real Estate Investors v. Columbia Pictures,* 508 U.S. 49 (1993) (among other Supreme Court cases addressing the sham exception).

### 1. Plaintiff fails to prove the elements of *Noerr-Pennington* applicability.

Here, Elf-Man LLC does not prove applicability of any of these elements.

First, plaintiff fails to articulate how a declaratory judgment that Mr. Lamberson is not an infringer or that the copyright is unenforceable against him is a burden on plaintiff's petitioning rights – indeed, plaintiff has assigned its petitioning rights to Vision Films. Lynch Dec. ¶¶ 2-6.  Plus, Mr. Lamberson has his own rights to petition for declaratory relief – rights plaintiff seeks to burden with this Motion.

Second, plaintiff fails to articulate how its lawsuit is within the protection of the Petition Clause, when it has assigned-away its exclusive rights. Indeed, plaintiff's request for subpoenas without any fact witness to support them is not "petitioning activity." Immunity applies only to what may fairly be described as *petitions,* not to litigation conduct generally. For example, the Ninth Circuit in *Theofel v. Farey-Jones,* 359 F.3d 1066, 1078-79 (9th Cir. 2004) reversed a lower court's 12(b)(6) dismissal entered in reliance on *Noerr-Pennington.*  In *Theofel,*

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Judge Kozinski vacated the dismissal, ruling expressly that subpoenas were not petitioning activity:

> "Subpoenaing private parties in connection with private commercial litigation bears little resemblance to the sort of governmental petitioning the [*Noerr-Pennington*] doctrine is designed to protect. Nevertheless, assuming arguendo the defense [*Noerr-Pennington*] is available, it fails." (at 1080.)

The court found the subpoenas to be "objectively baseless." *Id*. The party arguing immunity urged the court to look only at the merits of the underlying litigation, not at the subpoena. *Id*. But Judge Kozinski disagreed:

> "They apparently think a litigant should have immunity for any and all discovery abuses so long as his lawsuit has some merit. Not surprisingly, they offer no authority for that implausible proposition. Assuming *Noerr–Pennington* applies at all, we hold that it is no bar where the challenged discovery conduct itself is objectively baseless" (at 1080.)

Elf-Man LLC's subpoena campaign, attached to lawsuits where it has no standing and no chance of success, is likewise objectively baseless.

Third, plaintiff fails to articulate whether the Declaratory Judgments Act can or cannot be narrowly tailored to avoid an improper burden on plaintiff's legitimate petitioning rights while providing Mr. Lamberson the declarations he seeks.

### 2.  The sham exception to *Noerr-Pennington* applies.

Plaintiff fails to explain how the sham exception to *Noerr-Pennington* does not apply.  *Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 938 (9th Cir. 2006), cited by plaintiff, does not include analysis of the sham exception because it was not raised.

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    Legitimate petitioning activity might be immunized if the *Noerr-Pennington*

2  tests are met, but sham petitioning activity cannot be immunized even if the *Noerr-*

3  *Pennington* tests are met. The Ninth Circuit has developed three circumstances

4  indicative of when certain litigation is "sham" litigation.

5    First, if the alleged unlawful behavior consists a single sham lawsuit, the

6  antitrust plaintiff must demonstrate that the lawsuit was (1) objectively baseless, and

7  (2) a concealed attempt to interfere with the plaintiff's business relationships.

8    Second, if the alleged unlawful behavior is the filing of a series of lawsuits,

9  the question is not whether any one of them has merit, but whether they are brought

10  pursuant to a policy of starting legal proceedings without regard to the merits.

11    Third, if the behavior consists of making intentional misrepresentations to the

12  court, litigation is a sham if "a party's knowing fraud upon, or its intentional

13  misrepresentations to, the court deprive the litigation of its legitimacy." *Freeman v.*

14  *Lasky, Haas,* 410 F.3d 1180, 1183-1185 (9th Cir. 2005), citing *Kottle v. Northwest*

15  *Kidney,* 146 F.3d 1056, 1060 (9th Cir. 1998) and *USS-POSCO Industries v. Contra*

16  *Costa County Bldg. & Construction Council,* 31 F.3d 800, 811 (9th Cir. 1994).

17    *Kearney v. Foley & Lardner,* 590 F.3d 638, 647-48 (9th Cir. 2009)

18  distinguished *Sosa* and vacated a 12(b)(6) dismissal, finding that the court erred in

19  holding that the sham exception did not apply against a law firm for its litigation

20  activities.  The court found the plaintiff's allegations of the sham sufficient by

21  identifying what representations were made and how they were improper. *Id.*

22

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    Mr. Lamberson's counterclaims demonstrate applicability of the sham

2    exception: Elf-Man LLC clearly is more interested in the process of its litigation

3    than the outcome. Elf-Man LLC assigned away its exclusive rights, but it has

4    brought nine lawsuits.  Each lawsuit includes a Motion for Expedited Discovery, but

5    without a witness to support its claims. Each complaint alleges each defendant was

6    "observed infringing," but it is clear this was not the case – at the most, each case

7    includes only the uploading of one bit of information from an IP address with no

8    corroborating evidence as to who uploaded the bit or whether the bit is within the

9    scope of the copyrighted material not otherwise covered by the disclaimers of the

10   copyright registration.  Elf-Man LLC has refused to produce any explanation of the

11   relationship of its investigators. Elf-Man LLC appears entirely uninterested in

12   discovering the source of the infringement or in stopping it at its source. Elf-Man

13   LLC demanded that its fact witness be paid to be deposed.  Elf-Man LLC has

14   obtained no substantive rulings in any of its nine cases.  PACER shows that Elf-

15   Man LLC has a pattern of (i) filing its Doe lawsuits with un-attested allegations that

16   defendants were "observed infringing," (ii) obtaining Subpoenas to identify IP

17   address subscribers, and (iii) then doing NOTHING to substantively prosecute the

18   copyright actions. Indeed, even Vision Films adopted this three-step process in its

19   Tennessee *Elf-Man* case: filing against Does, obtaining the right to and serving

20   subpoenas, and then succumbing to administrative dismissal of the case by the court

21   for failure to prosecute.  Lynch Dec. at ¶¶ 4-5, 11-12.

22

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 9

1    Several other Supreme Court cases provide guidance to detect sham litigation.
2  *Cal. Motor Trans. v. Trucking Unlimited,* 404 U.S. 508, 512 (1972) found that a
3  pattern of actions brought "with or without probable cause, and regardless of the
4  merits," may justify application of the sham exception. *Otter Tail Power Co. v.*
5  *United States,* 410 U.S. 366, 380 (1973) describes a sham as "evidenced by
6  repetitive lawsuits carrying the hallmark of insubstantial claims." *Allied Tube v.*
7  *Indian Head,* 486 U.S. 492, 500 n.4 (1988) explains a sham as "private action that is
8  not genuinely aimed at procuring favorable government action," as opposed to "a
9  valid effort to influence government action." *Columbia v. Omni Outdoor,* 499 U.S.
10 365, 380 (1991) explains that a sham is the use of the governmental process – as
11 opposed to the outcome of that process – as a weapon.

12    This is precisely what is alleged in the counterclaims: plaintiff is more
13 interested in the litigation *process* than the litigation *outcome* – the exact distinction
14 that led the Ninth Circuit to deny application of *Noerr-Pennington* in its most recent
15 examination of the doctrine. *Rock River Commc'n  v. Universal Music Grp.,* __
16 F.3d __, 2014 WL 223689 (January 22, 2014) (copy attached to Lynch Dec. ¶ 13)
17 declined to rule on summary judgment that *Noerr* immunity applied, instead finding
18 a question of fact as to the sham exception. Coincidentally, the genuine issue for
19 trial was whether defendant UMG had a copyright ownership interest – both the
20 district court and the Ninth Circuit agreed that UMG might have known that it did
21 not own exclusive rights when it engaged in its demand letter process. *Id.* This was
22 evidence that could satisfy the first prong of the sham exception.  *Id.* Transmission

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 10

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  of cease and desist letters without concurrent litigation was evidence that could

2  satisfy the second criterion for the sham exception – hoping to "achieve its aim

3  through the litigation *process* rather than through the *result* of that process." *Id.*

4  (emphasis in original). *Rock River* is a traditional *Noerr-Pennington* case because

5  the statutory claims at issue were the antitrust laws, but the sham exception issues

6  are similar to those in this case – questions of ownership of the copyright asserted

7  by the plaintiff.

8        Other cases undertake review of facts as to the sham exception. *Primetime 24*

9  *Joint Venture v. Nat'l Broad. Co.,* 219 F.3d 92, 101 (2nd Cir. 2000) held *Noerr*

10  protection inapplicable because the accused had coordinated a series of challenges

11  "without regard to the merits" of each.  *Litton v. AT&T*, 700 F.2d 785, 806-809 (2nd

12  Cir. 1984) found that AT&T's continued filing of objectively unreasonable

13  administrative tariffs supported a sham finding – the court held the filings were

14  private commercial activity, not requests for governmental action. *Coalition v.*

15  *VeriSign,* 611 F.3d 495, 506 (9th Cir. 2010) reverses a 12(b)(6) dismissal of

16  antitrust claims because the district court mis-applied *Noerr* to all of the unlawful

17  activity, and not just the litigation activity. *Livingston Downs v. Jefferson Downs,*

18  192 F. Supp.2d 519, 537-39, 541 (MD LA 2001) concluded that the defendants

19  "filed a series of predatory lawsuits" with "repetitive and groundless claims," so the

20  court ruled it would "invoke the *USS-POSCO* variant of the sham-litigation

21  analysis." The court found that the "approximately nine law suits at issue" were

22  sufficient to trigger the sham test.  *Id.*

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    Plaintiff has not proven application of the *Noerr Pennington* doctrine, and
2 even if the court were to so conclude, facts sufficient to constitute the sham
3 exception have been pled and should be tried. Consequently, the Motion to dismiss
4 the Counterclaims should be denied (or leave to amend should be granted to allow
5 Mr. Lamberson to more fully plead facts to support the sham exception).

6    **II. Count 2 is not subject to any Fed. R. Civ. P. 9(b) deficiencies.**

7    Mr. Lamberson's counterclaim count 2 for a declaration that plaintiff's
8 purported copyright should be rendered unenforceable and invalid is properly pled
9 under the principles of Fed. R. Civ. P. 9(b). Plaintiff cites no authority for
10 application of 9(b) to a declaratory relief claim under copyright law. In any event,
11 the counterclaim factual narrative satisfies the requirements of "identification of the
12 circumstances constituting fraud so that the [accused] can prepare an adequate
13 answer from the allegations" and the "time, place, identity, and content" factors of
14 *Schreiber Distrib. v. Serv-Well Furniture,* 806 F.2d 1393, 1400 (9th Cir. 1986).

15    Paragraphs 1-4 of the narrative are procedural and not subject to Rule 9(b).

16    Paragraphs 5-17 of the narrative explain the events of December 2, 2012 that
17 Mr. Lamberson did not copy the movie or assist anyone else in doing so.
18 Paragraphs 5-17 identify dates, places, people, and conduct regarding these points.

19    Paragraphs 18-25 and 28 of the narrative explain that there are two purported
20 relevant copyrights, and the second copyright (at issue here) includes express
21 disclaimed portions. Plaintiff cannot prove the imperceptible bit allegedly "copied"
22 is in fact a bit to which Elf-Man LLC owns copyright. In other words, part of

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1   plaintiff's inequitable conduct is claiming copyright infringement of material it does

2   not own. Paragraphs 18-25 and 28 identify dates, places, people, and conduct

3   regarding these points.

4        Paragraphs 27 and 29 of the narrative explain that plaintiff has assigned-away

5   its exclusive rights to Vision Films and/or Anchor Bay and that this is confirmed by

6   Vision Films' Tennessee lawsuit to enforce copyrights in *Elf-Man*.  Paragraphs 27

7   and 29 identify dates, places, people, and conduct regarding these points.

8        Paragraphs 26 and 30-48 of the narrative explain that the plaintiff's conduct is

9   not consistent with a party trying legitimately to stop copyright infringement, but is

10  consistent with a party who either directly or through its contractual agent seeded its

11  own work into bittorrent for the purpose of harvesting IP addresses to use to pursue

12  lawsuits without any other corroborating evidence.   Paragraphs 26 and 30-48

13  identify dates, places, people and conduct regarding these points.

14       Paragraphs 49-56 of the narrative explain that plaintiff is using

15  "investigators" who are not licensed and who are using techniques known to lead to

16  "false positives" dues to many factors for which the investigators admittedly do not

17  account, and that plaintiff has no other corroborating evidence, but that plaintiff has

18  pursued its lawsuits nonetheless, potentially exposing itself to sanctions and defense

19  attorneys fees in every one of the nine courts.  Paragraphs 49-56 identify places,

20  people, and conduct regarding these points and the applicable dates are identified

21  indirectly by reference to public records and in the preceding 48 paragraphs.

22

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 13

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    Consequently, Mr. Lamberson's factual narrative adequately pleads facts with

2  specificity to show the scope and breadth of Plaintiff's business scheme.

3    **III. Affirmative defenses are not subject to Fed. R. Civ. P. 9(b) deficiencies.**

4    Mr. Lamberson's affirmative defenses are also proper under Fed. R. Civ. P.

5  9(b). Plaintiff challenges affirmative defenses 12, 15, 18, 19, 20, and 21.  Plaintiff

6  cites no authority applying Fed. R. Civ. P. 9(b) to any of these traditional

7  affirmative defenses.  In any event, the factual narrative discussed above provides

8  numerous dates, places, people, and conduct as support to meet any notice-pleading

9  requirements of these affirmative defenses.  Plaintiff's copyright misuse (#12) is

10  detailed; the actions of plaintiff or its privies (#15) that caused its damages is

11  detailed; plaintiff's unclean hands (#18) are detailed; facts indicating plaintiff

12  should be estopped from asserting its copyright (#19) are detailed; facts indicating

13  plaintiff has waived its copyright (#20) are detailed; and facts indicating the

14  unenforceability of the copyright (#21) are detailed.

15    Consequently, plaintiff's argument that Fed. R. Civ. P. 9(b) somehow applies

16  and somehow has not been met should be denied.  If, however, the court is inclined

17  to grant this aspect of the motion, Mr. Lamberson seeks leave to amend to provide

18  more detail to satisfy any deficiencies the court may find.

19    **IV.  The affirmative defenses, exhibits, and prayer for relief are proper.**

20    Pursuant to Fed. R. Civ. P. 12(f), Plaintiff challenges several of Mr.

21  Lamberson's affirmative defenses, exhibits, and requests from the prayer for relief.

22  Interestingly, plaintiff cites to *Fogerty v. Fantasy*, 984 F.2d 1524, 1527 (9th Cir.

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 14

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1   1993) as authority for its Motion – the very case where the Supreme Court

2   recognizes that defendants who prevail in copyright cases are entitled to attorneys

3   fees (510 U.S. 517 (1994)).  Rule 12(f) motions are generally disfavored (*see, e.g.*,

4   *Dep't of Toxic Substances Control v. Alco Pacific*, 217 F. Supp.2d 1028, 1032-33

5   (C.D. Cal. 2002); *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 971 (D.

6   Haw. 1982)), and plaintiff's Motion should be denied.

7       **A. Mr. Lamberson's affirmative defenses should not be stricken.**

8       Plaintiff challenges affirmative defenses 2, 3, 5, 8, 10, 14, 23, 24, 25, 26, 27,

9   and 28.  But, all of these allegations are proper – none are "spurious" – and, thus,

10  they should remain in the case at Mr. Lamberson's disposal.

11      Affirmative defenses 2 and 3 regarding necessary parties and standing are

12  proper: Plaintiff is unaware which aspect of its movie has been allegedly infringed

13  by the IP address associated with Mr. Lamberson – for example, the aspect

14  allegedly infringed might be the "disclaimed" "pre-existing" works expressly

15  excluded from the copyright, and presumably owned by others who are not named

16  in the action. Plaintiff has assigned away its exclusive rights, yet pursues numerous

17  copyright claims without right to do so. Affirmative defense 5 is proper: plaintiff is

18  not able to show that the allegedly uploaded piece from defendant's IP address is in

19  fact an aspect of the work which is covered by the plaintiff's purported copyright

20  certificate.  Affirmative defense 8 is proper: plaintiff is only entitled to a maximum

21  statutory damage for any one work from any defendants who are liable jointly and

22  severally, as the First Amended Complaint alleges Mr. Lamberson is liable (ECF

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 15

No. 1 at ¶146).  Affirmative defense 10 is proper: despite numerous opportunities, plaintiff has never made its purported copyright registration certificate of record.  17 U.S.C. § 411 requires registration as a pre-requisite to suit and 17 U.S.C. § 412 requires prompt registration as a pre-requisite to statutory damages.  17 U.S.C. § 411(b)(1) acknowledges that "A certificate of registration satisfies the requirements of this section [411] and section 412…" but plaintiff has nevertheless failed to submit the certificate. Additionally, 17 U.S.C. §410(c) provides statutory prima facie presumptions as to the validity of the copyright and the facts in the certificate, but, here the certificate has never been presented to the court, and, thus, the presumptions are not available. Affirmative defense 14 is proper: *Newton v. Diamond,* 388 F.3d 1189, 1192-1193 (9th Cir. 2004) recognizes the *de minimus* defense – trivial copying is not actionable.   Affirmative defense 23 is proper: although the First Amended Complaint does not articulate any third-party beneficiary contract claim, plaintiff's response to a Fed. R. Civ. P. 12(b)(6) motion claims that Elf-Man LLC is somehow a third-party beneficiary of the ISP relationship between Mr. Lamberson and Comcast. Plaintiff might appeal the ruling dismissing its Count 3, and Mr. Lamberson is entitled to defend that Elf-Man LLC is not entitled to enforce any terms of Mr. Lamberson's agreement with Comcast. Affirmative defenses 24 and 25 are proper: plaintiff's "investigator" was "engaged in the business of detecting, discovering, or revealing" "evidence to be used before a court," thereby triggering applicability of the private investigator statutory provisions at R.C.W. § 18.165.010 (definition of "private investigator agency"), but

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 16

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1   these investigators are not licensed under the provisions, they have not sought

2   temporary assignment rights, nor have they posted the required bond. Affirmative

3   defenses 26 and 27 are proper: plaintiff claims to have "investigators" that have

4   "observed infringing" by Mr. Lamberson (ECF No. 1 at ¶83), but in fact these

5   investigators were not in physical or technical proximity to Mr. Lamberson and,

6   thus, by definition, could not have "observed" Mr. Lamberson doing anything.

7   These are avoidances under Fed. R. Civ. P. 8(c)(1) – not only is the "observed

8   infringing" allegation denied, Mr. Lamberson is entitled to show that it could never

9   have been true and that any objective plaintiff should have known this.  Affirmative

10   defense 28 is proper because foreign corporations are required to be authorized to

11   conduct business in Washington state, and plaintiff is engaged in a business

12   program to trick people into paying it money, premised on sham litigation.

13       **B. Mr. Lamberson's exhibits should not be stricken.**

14       Plaintiff moves to strike the exhibits attached to the counterclaims but

15   provides no authority for doing so.  Each of the 13 exhibits are items in the public

16   record directly attributable to plaintiff (Exhibits 1 and 2 from the U.S. Copyright

17   Office relate to *Elf-Man* copyrights; Exhibit 3 is the Complaint filed by Vision

18   Films, the assignee of the exclusive rights in *Elf-Man;* Exhibits 4-12 are the typed-

19   up "charts" allegedly showing infringement in each of the cases plaintiff has

20   initiated; Exhibit 13 is the typed-up "chart" allegedly showing infringement in the

21   case filed by Vision Films showing direct date/time overlap with the charts

22

1  submitted to the courts by Elf-Man LLC.  All of these exhibits illustrate the points

2  made in the counterclaims and provide additional detail for them.

3  **C. Mr. Lamberson's prayer for relief should not be stricken.**

4  Plaintiff moves to strike Mr. Lamberson's prayer requests (d) (for an order to

5  plaintiff to cancel its own registration), (f) (for money damages), (g) (for an order

6  prohibiting plaintiff's "investigators" from presenting testimony), (h) (requiring the

7  posting of a bond), and (i) (for sanctions). Plaintiff cites no authority that prayer

8  requests are subject to Rule 12(f).  Nevertheless, each of the prayer requests is

9  material and pertinent to Mr. Lamberson's defense and should stand.

10  Prayer request (d) is proper: the court can through its equitable powers order

11  the plaintiff to surrender its copyright certificate.  Prayer request (f) is proper: Mr.

12  Lamberson has pled facts sufficient to state a claim under the Washington

13  Consumer Protection Act, R.C.W. § 19.86. (e.g. paragraph 5 of the Counterclaim

14  narrative).  Should the court find that *Noerr-Pennington* does not apply or that the

15  sham exception applies, Mr. Lamberson reserves his right to assert claims for

16  money damages and prayer request (f) is lodged to put plaintiff on notice that such

17  monies will be sought.  Prayer request (g) is proper: Mr. Lamberson has pled facts

18  indicating that plaintiff's "investigators" are un-licensed, are using inadequate

19  techniques, and are seeking compensation for their testimony.  Indeed, plaintiff has

20  indicated that Mr. Patzer, identified as a fact witness in the Initial Disclosures and as

21  a witness to one of the "charts" plaintiff claims support its claims, expects to be

22  compensated by Mr. Lamberson for having his deposition taken. Lynch Dec. ¶¶ 7-8.

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 18

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1   Prayer request (h) is proper: the court can through its equitable powers order the
2   plaintiff to post a bond in order to answer the inevitable defense attorneys fees
3   against it under *Fogerty v. Fantasy,* 510 U.S. 517 (1994) – fees which are mounting
4   due to plaintiff's motion tactics and failure to produce discovery and comply with
5   this Court's discovery Order. Lynch Dec. ¶ 7.  Prayer request (i) is also proper: the
6   court can sanction plaintiff for failure to conduct a proper investigation and for
7   filing objectively meritless claims.  The procedural pre-requisites for such a sanction
8   have been satisfied.  Lynch Dec. ¶ 14.

9                              **V. Conclusion**

10          Plaintiff's elaborate Motion should be denied in its entirety and plaintiff
11   should be ordered to promptly respond to Mr. Lamberson's Second Amended
12   Answer, Affirmative Defenses and Counterclaims.   Mr. Lamberson respectfully
13   requests fees and costs incurred in opposing this Motion.

14          DATED this 11th day of April, 2014.

15                              LEE & HAYES, PLLC

16                              By: *s/ J. Christopher Lynch*
                                    J. Christopher Lynch, WSBA #17462
17                                   Jeffrey R. Smith, WSBA #37460
                                    Rhett V. Barney, WSBA #44764
18                                   601 W. Riverside Avenue, Suite 1400
                                    Spokane, WA 99201
19                                   Phone: (509) 324-9256
                                    Fax: (509) 323-8979
20                                   Emails:  chris@leehayes.com
                                    jeffreys@leehayes.com
21                                   rhettb@leehayes.com

22                              *Counsel for Defendant Ryan Lamberson*

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 19

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    **CERTIFICATE OF SERVICE**

2        I hereby certify that on the 11th day of April, 2014, I caused to be

3    electronically filed the foregoing with the Clerk of the Court using the CM/ECF

4    system which will send notification of such filing to the following:

5        Maureen C. VanderMay            efile@vandermaylawfirm.com

6

7        LEE & HAYES, PLLC

8

9    By: *s/ J. Christopher Lynch*
         J. Christopher Lynch, WSBA #17462
10        601 W. Riverside Avenue, Suite 1400
         Spokane, WA 99201
11        Phone: (509) 324-9256
         Fax: (509) 323-8979
         Email: chris@leehayes.com

12        *Counsel for Defendant Ryan Lamberson*

13

14

15

16

17

18

19

20

21

22

LAMBERSON'S RESPONSE TO PLAINTIFF'S
MOTIONS IN RESPONSE TO DEFENDANT'S
SECOND AMENDED ANSWER - 20