Maureen C. VanderMay, WSBA No. 16742
The VanderMay Law Firm PC
2021 S. Jones Blvd.
Las Vegas, Nevada 89146
(702) 538-9300

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RYAN LAMBERSON,<br><br>　　　　Defendant.<br>_____ | Case No.: 2:13-CV-00395-TOR<br><br>DECLARATION OF COUNSEL IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS IN RESPONSE TO DEFENDANT'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIM |

I, Maureen C. VanderMay, submit the following declaration:

1. I am counsel of record for Plaintiff in the above-entitled matter.

2. I make this declaration in support of Plaintiff's Reply Memorandum in Support of Plaintiff's Motions in Response to Defendant's Second Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint; and Counterclaim. My statements are true to the best of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

DECLARATION OF COUNSEL IN SUPPORT
OF REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S SECOND AMENDED ANSWER  – Page 1

3.     Defendant's claim that Plaintiff has refused to produce any explanation of its relationship with its investigators, ECF No. 38 at p. 9, is inaccurate.  At a discovery conference held in this action, the Court ordered Plaintiff to produce documentation regarding its arrangements with its investigators or, in the event that no such documents exist, to provide a description of these arrangements to Defendant.  Promptly after the Court so ruled, I requested that any such documents be provided to me for production to Defendant's counsel.  When I was informed that no such documents exist, I prepared a written narrative which describes the subject arrangement.  I then circulated my draft narrative to the interested parties to ensure that my characterization was accurate.  I also obtained some additional documentation relating to Plaintiff's investigators.  Since it took some time to obtain the confirmation necessary to assure the accuracy of my narrative, I apprized Defendant's counsel of the reasons for the delay in forwarding this information.  Upon receipt of the requested confirmation, I promptly forwarded both my narrative and the above-referenced additional documentation to Defendant's counsel.

In response, Defendant's counsel forwarded a detailed list of follow up questions which consists of approximately three and one half pages.  Despite the fact that in my view the material produced to date fully complies with the Court's above-referenced order, I have informed Defendant's counsel that we are preparing additional material regarding these issues in response to his follow up inquiry and that I will forward it promptly upon its completion.  I have informed Defendant's counsel and I will tell the Court that Plaintiff has nothing to hide with respect to these issues and that my office has put a lot of time and effort into

DECLARATION OF COUNSEL IN SUPPORT
OF REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S SECOND AMENDED ANSWER  – Page 2

addressing these issues and complying with the Court's order.

4. Defendant claims that Plaintiff "appears entirely uninterested in discovering the source of the infringement or in stopping it at its source." ECF No. 38 at p. 9. Presumably Defendant makes this assertion based upon Plaintiff's explanation provided through discovery that it cannot identify the original "seeder" of its work. In an email dated March 14, 2014, to Defendant's counsel, I confirmed that Plaintiff has not identified the original seeder of its work and explained the difficulty of much such a determination. I stated in pertinent part as follows:

> "With respect to why it is almost impossible to identify the initial seeder, it has been explained to me that this person need only appear for a short period of time to make a full copy of the work available. Moreover, even if the initial seeder remained online for a long period of time, he or she is indistinguishable from other participants within the swarm once others have acquired a full copy of the file and begin to seed. By way of analogy, the seeding of a work is akin to the spread of the influenza virus. If 200 people are placed in a room and one of them is infected with the influenza virus, three days hence 50 of these people may have the virus. At that point, identifying the originator of the virus is difficult unless you know who that person was initially or if you happened to be present from the very beginning. While there are undoubtedly limits to this analogy, we provide it by way of an explanation as to why the investigators cannot simply go back and identify the seeder so that information may be disclosed in this action."

While Defendant's counsel has claimed that Defendant has identified the original seeder of Plaintiff's work, the basis for this claim and its accuracy have yet to be tested.

5. Defendant's claim that Plaintiff has demanded that its fact witness be paid to be deposed, ECF No. 38 at p. 9, is false. Although on several occasions I have suggested to Defendant's counsel that we conduct some preliminary discovery regarding issue of the identity of the likely infringer of Plaintiff's copyrighted work before reaching the more costly and complex aspects of discovery,

DECLARATION OF COUNSEL IN SUPPORT
OF REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S SECOND AMENDED ANSWER – Page 3

1  Defendant's counsel has requested that several of the persons identified in
2  Plaintiff's Initial Disclosures and who are based in Europe be made available for
3  deposition in Spokane.  Because our research and experience indicate that in the
4  circumstances at issue the moving party would typically pay certain deposition-
5  related expenses, in a letter dated April 3, 2014, I stated as follows to Defendant's
6  counsel:

> "With respect to depositions of Messrs. Patzer and Macek, can you please advise as to your proposal for covering their travel and related expenses if they appear in Spokane for depositions?  Also, as I understand it Mr. Patzer is an outside consultant who will expect to be paid his hourly rate in addition to his travel expenses. As I previously indicated I would do, I have checked to see if these individuals regularly travel to the U.S. for other reasons which might reduce the cost of deposing them in the U.S. I have been told that they do not generally travel here in the ordinary course."

Plaintiff has made no demand whatsoever on this issue and, as this letter demonstrates, nor have I.  Rather, I simply asked for Defendant's position with respect to various deposition-related expenses.

6.    Defendant also claims without any factual basis that Plaintiff has no interest in litigating the infringement cases brought by it. ECF No. 38 at p. 9.  The Court's docket in both this action and the consolidated action from which this case was severed belie this claim.  The consolidated action, *Elf-Man, LLC v. Brown et al.,* Case No.13-cv-0115-TOR (E.D. WA), was commenced against twenty-nine Doe defendants more than a year ago and my firm and our co-counsel have spent a great deal of time litigating that action.  As the Court will recall, we responded to multiple motions filed as a result of the subpoenas we issued to various Internet Service Providers.  After those motions were resolved, we filed Plaintiff's first amended complaint and effected service upon every defendant that our process

DECLARATION OF COUNSEL IN SUPPORT
OF REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S SECOND AMENDED ANSWER  – Page 4

server could locate. We dismissed against persons who she could not locate, as well as against several persons with whom we reached settlements. We requested and was granted entry of default against the non-responding Defendants and spent a considerable amount of time responding to motions filed under Fed. R. Civ. P. 12. Once the Court issues its scheduling order and the required Rule 26(f) conference is held and initial disclosures exchanged, Plaintiff fully intends to actively engage in discovery in that action.

7. In the present case, the Court is well aware of the extensive activity in this action in the months since severance was granted. Indeed, five months after the case was severed, the pleadings are not yet finalized and I am spending an inordinate amount of time addressing issues in this case due to the manner in which Defendant has chosen to proceed. Given the workload generated by this case and particularly in light of Defendant's approach to this litigation, I simply fail to see how Defendant can credibly allege that Plaintiff has no interest in litigating its infringement actions.

8. With respect to the issue of standing, as our reply memorandum explains, our research has led us to conclude that Plaintiff (and not its sales agent, Vision Films, Inc.) has standing to proceed with this action under the governing precedent. In the event that the Court concludes that our analysis is incorrect, we are prepared to file motions to either add Vision Films, Inc. as a plaintiff in this action or to substitute Vision Films, Inc. in as the sole Plaintiff in this action.

/ / / /

/ / / /

/ / / /

DECLARATION OF COUNSEL IN SUPPORT
OF REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTIONS IN RESPONSE TO
DEFENDANT'S SECOND AMENDED ANSWER – Page 5

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED: April 25, 2014.

                        The VanderMay Law Firm

                        s/ Maureen C. VanderMay
                        Maureen C. VanderMay, WSBA No. 16742
                        Email: elfmanwa@vandermaylawfirm.com
                        2021 S Jones Blvd.
                        Las Vegas, Nevada 89146
                        (702) 538-9300
                        Of Attorneys for Plaintiff

DECLARATION OF COUNSEL IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS IN RESPONSE TO DEFENDANT'S SECOND AMENDED ANSWER  – Page 6