J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
         jeffreys@leehayes.com
         rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                    Plaintiff,<br><br>  vs.<br><br>RYAN LAMBERSON,<br><br>                    Defendant. | No. 2:13-CV-0395-TOR<br><br>DEFENDANT LAMBERSON'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY OR FOR ISSUANCE OF LETTERS OF REQUEST<br><br>Without Oral Argument |

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Ryan Lamberson submits this Reply Memorandum in Support of His Motion to Compel Discovery (ECF No. 42/45). This Reply Memorandum is supported by the Declaration of Jeffrey R. Smith, counsel for defendant, and its Exhibits.

Plaintiff's Memorandum in Opposition (ECF No. 48) does not dispute any of the operative facts submitted by defendant to support his Motion to Compel Discovery. Consequently, the law and the equities weigh in favor of an Order compelling the deposition of plaintiff's investigators in Spokane.

For example, plaintiff does not dispute that Messrs Patzer and Macek are the only apparent "witnesses" as to the allegations that Mr. Lamberson somehow violated the Copyright Act. Plaintiff does not dispute that Messrs Patzer and Macek are operating from Germany.

## I. There is no "informal" process for deposing German nationals.

As detailed in Mr. Smith's initial Declaration (ECF. No. 43) submitted with the Motion (ECF No. 45), there is no "informal" process for taking a deposition of a German national from the United States. Plaintiff cites Fed. R. Civ. P. 28(b)(1)(C) and the Declaration of plaintiff's counsel to suggest that there may be some informal process of taking these depositions from the United States, for example by telephone. But the international law appears to be clear that there is no legal manner in which to accomplish this as to a German national. After the submission of plaintiff's Memorandum in Opposition (ECF No. 48), defense counsel contacted

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

plaintiff's counsel providing a detailed analysis of the operative law and asking for an explanation how the informal process suggested by plaintiff could possibly work. (Smith Declaration at 2, Exhibit A). This inquiry also requested available dates for such a deposition, if it could be legally conducted.  To date, we have received no substantive reply from plaintiff's counsel – no explanation how the suggested procedure would be lawful, and no indication if the witnesses would be produced on the requested dates.  Plaintiff's inability to explain how such a deposition could legally be conducted is further confirmation that the equities favor Mr. Lamberson's request.

*Slauenwhite v. Bekum Maschinenfabriken,* 104 F.R.D. 616, 619 (D. MA. 1985) supports the relief requested by Mr. Lamberson.  The District of Massachusetts denied a protective order sought by a German party to require its deposition in Germany.  Instead, the Court required the deposition to take place in the district of the lawsuit.  In denying the request to force the deposition in Germany, the Court reviewed the difficulty of taking the depositions of German nationals under the Hague Convention:

> "The [Hague Convention] treaty does not prohibit the taking of discovery in this country [the United States].... Nor does it require an initial resort to the procedures of the [Hague] Convention.... Requiring resort to the procedures of the Convention at this time would be tantamount to an order denying the plaintiff the discovery he seeks." (At 618-619).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

## II. The Court has discretion to Order the depositions in this District.

Although defendant has captioned its Motion as one to "compel discovery," the request is also essentially one for a "protective order" requesting the same relief. Courts addressing these issues use both Rules 37 and 26 in ruling on similar motions.

This Court has ruled that it has the discretion to set the time and place of conducting witness depositions. *Detweiler Bros. v. John Graham and Company,* 412 F. Supp. 416, 422 (E.D. Wa. 1976). *Detweiler* denied the plaintiff's request for the defendant to be required to pay the costs of producing plaintiff's employee-witness in the Eastern District of Washington for deposition:

> "As a normal rule plaintiff will be required to make himself available for examination in the district in which he has brought suit, and costs are not allowable absent good cause. This rule would also apply to plaintiff's agents and employees, especially where, as here, plaintiff is responsible for their absence from the district." (At 422, citations omitted).

*Grotrian, Helfferich Schultz v. Steinway & Sons,* 54 F.R.D. 280, 282 (S.D.N.Y. 1971) grants a requested protective order requiring a plaintiff to take the deposition of a German witness in the New York venue of the case:

> "Since plaintiff has chosen this forum, it cannot impose upon defendant the extraordinary expense and burden of traveling to a foreign country to conduct a deposition except on a showing of burden and hardship to the plaintiff." (At 281).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

*Minnesota Mining & Manufcturing Co. v. Dacar Chemical,* 707 F. Supp. 793, 795 (W.D. Pa. 1989) granted a defendant's Motion to Compel. The ruling required the plaintiff to produce the patent attorney witness who wrote the patent-in-suit to appear in the district of the lawsuit for deposition, as opposed to his place of residence. Plaintiff argued it did not "choose" the forum, because it had to come to the venue of the accused infringer, but the Court rejected this point:

> "It is true that frequently plaintiffs do not choose the forum in the sense of selecting the one most advantageous forum from many available. Nonetheless it is plaintiffs which make the primary choice to bring suit or not, and thus choose a forum. It is only appropriate that in making that decision, plaintiffs must consider the costs of prosecuting that suit, rather than rely on shifting the cost onto defendants before adjudication on the merits." (At 795).

Indeed, even a defendant's witnesses can be compelled to travel at their expense to the United States for deposition as was the Court's ruling in the civil forfeiture case of *United States v. $160,066.98 from Bank of America, et al.* 202 F.R.D. 624, 624-631 (S.D. CA. 2001) requiring Pakistani defense witnesses to appear in San Diego, and taking into account the relative travel expenses of the attorneys and court reporters. *Fausto v. Credigy Services,* 251 F.R.D. 427, 429-431 (N.D. CA. 2008) is in accord, granting a Motion to Compel and denying a Motion for a Protective Order, requiring employee witnesses of the defendant Brazilian company to appear in the United States for deposition.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

### III. **<u>Plaintiff does not dispute that its investigators operated in violation of Washington law.</u>**

Plaintiff's opposition to this Motion does not dispute the numerous infirmities of the work of its investigators, including that the investigators are operating in contravention of the Washington Private Investigator regulations at RCW 18.165. The statutory scheme at RCW 18.165 is clear: If an investigator is engaged in "detecting, discovering, or revealing" "evidence to be used before a court" then the investigator must be licensed and bonded. Messrs Macek and Patzer are not licensed and bonded in Washington, yet the plaintiff has selected these individuals to detect, discover or reveal evidence it plans to introduce into court. Plaintiff could have used the investigation from Messrs Patzer and Macek to hire a licensed local investigator to confirm the "infringement" – a local investigator who would be subject to the jurisdiction of the court and to service of process to compel testimony. Plaintiff should not be able to hide behind the illegalities of its investigators by refusing to bring them to the situs of the case for deposition. The equities support compelling the plaintiff to produce the witnesses in Spokane.

### IV. **<u>Plaintiff does not dispute the limitations of its investigation.</u>**

Plaintiff does not dispute that neither it nor its counsel hired the investigators. Plaintiff does not dispute that the entirety of its liability evidence is that its investigator's system does a "handshake" with an IP address and then sends a

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL - 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

request for a bit to that IP address and in turn receives a bit. In the case of Mr. Lamberson, Plaintiff does not dispute that that the uploaded bit from the IP address associated with Mr. Lamberson may be too small to be perceptible, or that the investigator's machine doing the actual uploading may have been in The Netherlands, not Germany. Plaintiff does not dispute that its investigation does not account for "false positives" that could lead to erroneous identification of IP addresses, including that bittorrent "client software" can allow the "spoofing" of IP addresses (i.e. a person in a swarm can "make up" an IP address that is displayed to the others in the swarm). The bottom line is that defendant must be able to depose Messrs Patzer and Macek and then to compel their testimony at trial in order for Mr. Lamberson to be fully exonerated. Despite defendant's offer to require the plaintiff to bring the witnesses to Spokane only once for deposition and then a perpetuation deposition to be usable at trial, plaintiff has not offered to make them available, nor made any suggestion as to how to lawfully depose them.

### V. **Plaintiff continues to hide its relationship with the investigators.**

As noted in the Motion to Compel, defense counsel remains unsatisfied with plaintiff's explanation of the relationship of plaintiff to the investigators. (ECF No. 43, Exhibit F). On May 2, 2014, Plaintiff did reply to defendant counsel's inquiry (Smith Dec. Exhibit B, filed under seal), deriding the inquiry as "more like a conspiracy novel than a legitimate request for additional discovery" and failing to

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

provide any further explanation as to exactly how Mr. Macek, a German national, could possibly be "working for" a delinquent South Dakota corporation, and how such a delinquent South Dakota company with no offices could have "been retained" by Anti-Piracy Management Company, a company that pretends to have an office in Sacramento, California (but presumably is located in Karlsruhe, Germany) – all without any paperwork or financial terms.  The May 2, 2014 explanation indicates "Mr. Macek is paid at a set rate in the form of a monthly salary which was in no way contingent upon the results of the subject investigation nor the outcome of this litigation" – but how could this be the case?  How could a German national work for a delinquent South Dakota company? The May 2, 2014 explanation indicates "We have provided every document that exists concerning the subject relationships," but this cannot be true since the explanation also admits "the parties to this arrangement are working upon but have not yet finalized the financial terms of their arrangement."  There must be some written explanation as to why the financial terms were redacted from the APMC agreement provided in discovery and there must be some written explanation why there are no terms at all with Crystal Bay.  Indeed, if the South Dakota company Crystal Bay Corporation were a real company, we could seek discovery from it, but, as our April 16 letter questions, how could we seek discovery from a company with no office, and with a registered agent with no office? (Smith Dec. at ¶¶4-6, Exhibits C, D, E, and F).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

To compound matters, it appears the identical Stuttgart, Germany addresses for Messrs. Patzer and Macek provided by plaintiff in the Initial Disclosures (Smith Dec. Exhibit G) may be entirely inaccurate.  Both Messrs Patzer and Macek are identified in plaintiff's initial disclosures as having an identical address of "Heilbronnerstr. 150, 70191 Stuttgart, Germany," but our investigation shows this building is a "mail drop" and a place where offices can be rented for a short term, including by the hour.  (Smith Dec. ¶7). Mr. Patzer was identified as a plaintiff's witness in Initial Disclosures in another U.S. bittorrent case as having an address of "Flat 9, Queens Mansions, 1A Queens Gardens, BN21 3EG Eastbourne, United Kingdom."  (Smith Dec. Exhibit H).  These other Initial Disclosures were signed by that plaintiff's attorney on May 2, 2014 – after the filing of this Motion to Compel, but prior to Elf-Man LLC's Memorandum in Opposition – yet Elf-Man LLC's opposition says nothing about the true location of Mr. Patzer and whether it is in Germany or the U.K.  We informed plaintiff of this discrepancy and requested clarification, but have received nothing. (Smith Dec. Exhibit I).  The bottom line is that the plaintiff is doing nothing to aid in the discovery from its only witnesses.

**VI.    The balance of equities favors the depositions in Spokane.**

Denial of the present Motion to Compel would leave Mr. Lamberson without recourse to compel the testimony of the only fact witnesses against him.  In other words, even if Mr. Lamberson were able to depose Messrs. Patzer or Macek in

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Germany, and such deposition exonerates Mr. Lamberson, Mr. Lamberson might not be able to compel these witnesses to Spokane for trial. This result would render plaintiff's choice of forum a *forum non conveniens:*

> "To fix the place of a trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury, or most litigants." *Gulf Oil v. Gilbert,* 330 U.S. 501, 511(1947)

*Gulf Oil v. Gilbert,* 330 U.S. 501, 511(1947) affirmed dismissal of an action under principles of *forum non conveniens* when necessary fact witnesses could not be compelled to trial. *See also, Interface Partners v. Hananel,* 575 F.3d 97, 105 (1st Cir. 2009) (Israeli witnesses available only by videoconference weighed in favor of *forum non conveniens* dismissal); and *Kultur Int'l Films v. Covent Garden Pioneer,* 860 F.Supp. 1055, 1067-1068 (D. N.J. 1994) (videotaped deposition of key witness to breach of contract and tort case would not be an acceptable substitute for his live testimony, which could not be compelled in the United States, but could be compelled in England, and thus weighed in favor of *forum non conveniens* dismissal).

**VII.  Conclusion.**

Defendant respectfully requests an Order that Plaintiff be required to produce its two fact witnesses Messrs Patzer and Macek in Spokane for deposition at plaintiff's expense.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 10

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  DATED this 20th day of May, 2014.

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*

    J. Christopher Lynch, WSBA #17462
    Jeffrey R. Smith, WSBA #37460
    Rhett V. Barney, WSBA #44764
    601 W. Riverside Avenue, Suite 1400
    Spokane, WA 99201
    Phone: (509) 324-9256
    Fax: (509) 323-8979
    Emails:  chris@leehayes.com
                jeffreys@leehayes.com
                rhettb@leehayes.com

    *Counsel for Defendant Ryan Lamberson*

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Maureen C. VanderMay          efile@vandermaylawfirm.com

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Email: chris@leehayes.com

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979