# EXHIBIT B

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 3

**THE VANDERMAY LAW FIRM PC**
2021 S. Jones Blvd.
Las Vegas, Nevada 89146
******************

| | | |
|---|---|---|
| MONTY K. VANDERMAY<br>ADMITTED IN:<br>OREGON<br>NEVADA<br>HAWAI'I | TELEPHONE: (702) 538-9300  FAX: (702) 538-9301 | MAUREEN C. VANDERMAY<br>ADMITTED IN:<br>OREGON<br>CALIFORNIA<br>WASHINGTON |

April 30, 2014

J. Christopher Lynch
Lee & Hayes, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
Email: chris@leehayes.com                               **Sent via E-Mail Only**

      RE:    *Elf-Man, LLC v. Lamberson*
             USDC ED Washington, 2:13-CV-00395-TOR

Dear Chris:

The following sets forth our responses to your follow up questions regarding the material we previously produced regarding Plaintiff's investigators. We address your questions in the numerical order in which you raised them.

1. You reference actions involving Malibu Media and assert that IPP/Guardaley "have admitted they have an 'oral contingency' relationship with Malibu Media." As we previously explained, the investigation at issue in this action was conducted by Mr. Macek for Crystal Bay – IPP/Guardley have no involvement with this action. I will not take the time to address whether your description is accurate since the relationship between Malibu Media and IPP/Guardaley has no bearing on the present action.

With respect to the redacted terms from the APMC, LLC / Vision Films, Inc. agreement, our position remains that these redactions do not contain information that is relevant to the issues in this action, nor is it reasonably likely to lead to the discovery of admissible evidence. Terms were to be addressed at a later time if revenues from the anti-piracy services at issue ever exceeded costs. No payments have been made to date to Crystal Bay, contingent or otherwise. As we explained in Plaintiff's responses to Defendant's first set of interrogatories, Mr. Macek is paid at a set rate in the form of a monthly salary which was in no way contingent upon the results of the subject investigation nor on the outcome of this litigation.

2. You ask for more information regarding the financial arrangements between the following: a) APMC, LLC and Crystal Bay, Inc.; b) Crystal Bay, Inc. and Mr. Macek; and c) Mr. Patzer and Excipio. With respect to a), this arrangement is discussed *infra* at 1. APMC requested that Crystal Bay, Inc. provide investigative services and Crystal Bay agreed to do so and it did so. Financial terms will be addressed should revenues at some point exceed costs. No payments have been made to Crystal Bay, Inc. for this investigation to date. With respect to b), this arrangement is addressed in Plaintiff's responses to

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 4

J. Christopher Lynch
April 30, 2014
Page 2

Defendant's first set of interrogatories which are being served on your office today and *supra* at 1.  With respect to c), the parties to this arrangement are working upon but have not yet finalized the financial terms of their arrangement.  As such, at this time there are no terms to disclose.

3.  With all due respect, the many questions set forth in this portion of your letter read more like a conspiracy novel than a legitimate request for additional discovery.  The fact that APMC, LLC does not maintain offices in the U.S., that Messrs. Macek and Achache perform work for more than one entity and that they both do work for Guardaley is not "suspicious" in the least.

The bottom line here is that we have explained and re-explained the relationship between Plaintiff and its investigators.  We have provided every document that exists concerning the subject relationships.  Our client is a small motion picture production company run by reputable film industry individuals who simply want to make films and their ability to do so is being undermined by rampant piracy of its copyrighted work.  Their sales agent, Vision Films, Inc., contracted with APMC, LLC to provide anti-piracy services for various titles, including *Elf-Man*.  APMC, LLC, in turn, hired Crystal Bay, Inc. to perform the subject investigation with respect to this title.  No financial terms have been reached as yet with Crystal Bay for reasons that we have explained.  To date Crystal Bay has not been paid anything for this investigation, contingent or otherwise.  Mr. Macek has received his set rate of pay to provide investigative services.  There is nothing untoward, let alone suspicious, about these arrangements.  My client, through its sales agent, is entitled to contract with APMC, LLC for anti-piracy services and the fact that work in connection with this matter was conducted outside of the U.S. is irrelevant to the merits of this case.

While you clearly have your own reasons for pursuing extraneous and, indeed, irrelevant material through discovery, please keep in mind that what will ultimately matter will be the accuracy of the monitoring system used by Plaintiff's investigators.  We have offered to make this system available for a test under appropriate conditions by a qualified person at Defendant's sole expense.  We again make this offer to your client.

In closing, as you know, we have grave concerns about the manner in which you have chosen to litigate this action.  You have made it clear that your strategy is to make this action as costly and difficult for my client as possible.  We will, of course, be addressing this issue with the Court if and when fee petitions are filed in this action.

Sincerely yours,

**/s/ Maureen C. VanderMay**

Maureen C. VanderMay
Attorney and Counselor at Law

MCV:jl
cc:      Elf-Man/Lamberson EDWA File

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 5