HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
         jeffreys@leehayes.com
         rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RYAN LAMBERSON, <br><br> Defendant. | No. 2:13-CV-0395-TOR <br><br> DEFENDANT LAMBERSON'S MOTION TO COMPEL DISCOVERY <br><br> Date: July 14, 2014 <br> Time: 6:30 p.m. <br> Without Oral Argument |

DEFENDANT'S MOTION
TO COMPEL - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Defendant Ryan Lamberson (hereinafter, "Mr. Lamberson") moves for an Order to Compel Discovery from plaintiff. Mr. Lamberson served a Second Set of Requests for Production on April 22, 2014, consisting of three numbered requests. The subject of the requests is simple: correspondence about Mr. Lamberson with APMC LLC, the investigative company that was identified in response to the Court's Order of February 27, 2014. ECF No. 31. Plaintiff has failed to provide any of the requested documents.

This Motion is made pursuant to Fed. R. Civ. P. 37(a) and LR 37.1. The Motion is supported by the Declaration of J. Christopher Lynch and its exhibits. This Motion certifies pursuant to Fed. R. Civ. P. 37(a)(1) that defendant has in good faith conferred or attempted to confer with the plaintiff in an effort to obtain the discovery without court action. Lynch Decl. at ¶ 2. Due to the total failure of the plaintiff to provide discovery or to provide any substantive response to correspondence requesting compliance, Mr. Lamberson has chosen to bring this Motion to Compel, rather than availing himself of the telephonic conference discovery process provided as an option under the Jury Trial Scheduling Order. ECF No. 17 at p. 5. Costs, attorneys fees, and sanctions are requested pursuant to Fed. R. Civ. P. 37(a)(5)(A) and LR 37.1(d). Mr. Lamberson requests dismissal with prejudice of the claims against him as a sanction against plaintiff, including a ruling that Mr. Lamberson is the prevailing party in the matter.

DEFENDANT'S MOTION
TO COMPEL - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

A. **The Requests for Production and the Responses**

The Second Set of Requests for Production comprises of three requests. Plaintiff has "responded" to the requests, but no documents were produced. Here are the three requests and the corresponding responses:

**REQUEST FOR PRODUCTION NO. 29:** All correspondence (and included attachments and links) of plaintiff company Elf-Man, LLC with (i.e. to and from) APMC LLC regarding the investigation and prosecution of claims against Mr. Lamberson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Plaintiff objects to this request on the ground that it is overly broad, not likely to lead to discoverable evidence, and seeks material subject to the attorney-client privilege and work product protections. Without waiving these objections, Plaintiff responds to this request as follows: Defendant is aware from documents previously produced in this action that Plaintiff, through its sales agent Vision Films, Inc., has retained APMC LLC to manage its anti-piracy efforts, including but not limited to this litigation. Plaintiff's communications with its agent that is managing this litigation are privileged and not discoverable.

**REQUEST FOR PRODUCTION NO 30:** All correspondence (and included attachments and links) of Elf-Man, LLC's purported agent Vision Films, Inc. with (i.e. to and from) APMC LLC regarding the investigation and prosecution of claims against Mr. Lamberson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:** Plaintiff objects to this request on the ground that it is overly broad, not likely to lead to discoverable evidence, and seeks material subject to the attorney-client privilege and work product protections. Without waiving these objections, Plaintiff responds to this request as follows: Defendant is aware from documents previously produced in this action that Plaintiff, through its sales agent Vision Films, Inc., has retained APMC LLC to manage its anti-piracy efforts, including but not limited to this litigation. Communications between Plaintiff's sales agent and the agent that is managing this litigation are privileged and not discoverable.

**REQUEST FOR PRODUCTION NO 31:** All correspondence (and included attachments and links) of plaintiff's counsel with (i.e. to

DEFENDANT'S MOTION
TO COMPEL - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

and from) APMC LLC regarding the investigation and prosecution of claims against Mr. Lamberson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:** Plaintiff objects to this request on the ground that it is overly broad, not likely to lead to discoverable evidence, and seeks material subject to the attorney-client privilege and work product protections. Without waiving these objections, Plaintiff responds to this request as follows: Defendant is aware from documents previously produced in this action that Plaintiff, through its sales agent Vision Films, Inc., has retained APMC LLC to manage its anti-piracy efforts, including but not limited to this litigation. Plaintiff's counsel's communications with Plaintiff's agent that is managing this litigation are privileged and not discoverable.

## B. <u>Plaintiff's Objections are Waived</u>

The Court can see that no documents were provided, simply objections. But plaintiff has waived its objections because they were not timely served. *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992). Even objections that the information sought is privileged or work-product are waived if not timely served. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *United States v. 58.16 Acres of Land, More or Less,* 66 F.R.D. 570, 572 (E.D. Ill. 1975). Additionally, plaintiff provided no "privilege log" or other explanatory document was provided to support the claim of privilege as is required by Fed. R. Civ. P. 26(b)(5)(A).

Fed. R. Civ. P. 34 governs Requests for Production. Mr. Lamberson served the three requests on April 22, 2014. Fed. R. Civ. P. 34(b)(2)(A) requires responses in writing within thirty days of service. The "responses" were received in the USPS on May 30, 2014, with an Oregon postmark dated May 28, 2104. Lynch Decl. at ¶ 3, Exhibit A. The responses were not otherwise served by email, FedEx, or other

DEFENDANT'S MOTION
TO COMPEL - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

delivery service. *Id.* at ¶ 13. Plaintiff's Certificate of Service claims the responses were "caused to be served" from Oregon on May 22, 2014, but the May 28, 2014 postmark calls this into question. Service is not effective when the lawyer asks for it to be served or wishes it had been served; service is effective upon mailing. Fed. R. Civ. P. 5(b)(2)(C). This Certificate of Service does not indicate when the document was *actually mailed* – that is, *served*. LR 5.1(b) requires "an affidavit evidencing the service of the document." Consequently, the Certificate of Service is not in compliance with LR 5.1(b) because it does not "evidence" "service" of the document, i.e. mailing – the Certificate of Service only indicates the signatory's apparent direction that it be mailed on Thursday, May 22, 2014, when the postmark six days later on Wednesday May 28, 2014 indicates this was probably not the case.

On May 30, 2014, immediately upon receipt of the discovery responses with the curious Certificate of Service, counsel for defendant wrote counsel for plaintiff offering plaintiff an opportunity to correct the Certificate of Service. *Id*. at ¶ 11, Exhibit D. Plaintiff's counsel replied that same day confirming that she did not mail the document, nor did she have any first-hand knowledge of when the document was actually served, but insisted the Certificate of Service was nevertheless accurate. *Id*. at ¶ 12, Exhibit E. Counsel for defendant replied on that same day asking for a Declaration of the person who actually mailed the document so that the actual date of actual service could be determined. *Id*. at ¶ 13, Exhibit F. No such Declaration of the un-named assistant who mailed the document has been provided to date. *Id*. at ¶¶ 15-17.

DEFENDANT'S MOTION
TO COMPEL - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

On June 2, 2014 counsel for defendant spoke with Oregon attorney Carl Crowell who claimed he represented Elf-Man LLC and who explained that Ms. VanderMay would be moving to withdraw from the case, a withdrawal that was then filed June 3, 2014 as ECF No. 55. On this call with Mr. Crowell, counsel for defendant raised the issue of the curious Certificate of Service and again requested an explanation or a Declaration of the person who actually served the document. *Id.* Mr. Crowell followed up by email on June 2, 2104 asking for "a copy of the letter to Maureen on this and I will see that it is addressed." *Id.* Counsel for defendant immediately provided the requested correspondence and explained the importance of the issue as to waiver of objections:

> "The APMC discovery is important.... None of this can be privileged as plaintiff claims. And the May 22 Declaration of Service vs. the May 28 postmark is critical on this point. If the objections are waived, then we expect the documents immediately. If the objections are not waived, then we expect the privilege log immediately and our first order of business will be our required LR 37 conference on the production."

*Id*. at ¶ 17, Exhibit G.

On June 3, 2014 Ms. VanderMay replied to Mr. Lynch's June 2, 2014 email to Mr. Crowell. Ms. VanderMay again claimed the Certificate of Service was accurate, but without providing any Declaration from the person who mailed the document. *Id.* at ¶ 18. This was the same day that Ms. VanderMay filed her Motion to Withdraw as counsel, ECF No. 55, citing an ethical predicament prohibiting her from continuing as counsel for plaintiff.

DEFENDANT'S MOTION
TO COMPEL - 6

The bottom line is that the "responses" were received late and postmarked late and the Certificate of Service is not in compliance with LR 5.1(b). No additional Declaration has been supplied by any person with actual knowledge of the date of service. Consequently, the objections, including privilege and work-product, are waived. *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

### C. The Requests for Production are Within the Scope of Rule 26

The Requests for Production seek correspondence about Mr. Lamberson with APMC. Mr. Lamberson has no previous relationship with APMC, so all of the requested documents would be about this lawsuit. APMC is the company identified by plaintiff in its long-delayed narrative explanation of the relationship of the plaintiff to its investigators. That explanation includes that Elf-Man, LLC has some contract with Vision Films, Inc. and that Vision Films has some contract with APMC for anti-piracy management services. APMC then has some undefined relationship with Crystal Bay Corporation of South Dakota which then somehow had German national Daniel Macek "working for" it. Mr. Macek is identified in the Initial Disclosures as "plaintiff's primary investigator," a witness plaintiff intends to rely upon at trial.

Request No. 29 seeks correspondence between AMPC and Elf-Man LLC about Mr. Lamberson. Request No. 30 seeks correspondence between APMC and Vision Films about Mr. Lamberson. Request No. 31 seeks correspondence between

DEFENDANT'S MOTION
TO COMPEL - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

APMC and plaintiff's counsel about Mr. Lamberson. None of the requests are for correspondence between plaintiff's counsel and her client of record Elf-Man, LLC.

This correspondence is discoverable under Fed. R. Civ. P. 26(b). The documents sought include the putative "investigator" of the matter and relate to Mr. Lamberson. These documents are relevant (i) to plaintiff's claims (i.e. APMC is the "investigator"), and (ii) to Mr. Lamberson's defenses (i.e. the correspondence likely reveals admissions about the nature and extent of the investigation, and, thus, the limits thereto). All of this could lead to admissible evidence.

These requests for correspondence are not overly broad. Each of the three requests was narrowly tailored to include only correspondence about Mr. Lamberson and which includes APMC and its related companies.

### D. The Requests for Production do not Seek Privileged Information

The requested correspondence is not privileged. None of the requests are for correspondence between plaintiff's counsel and her client of record Elf-Man, LLC. Counsel for defendant forewarned counsel for plaintiff that these inquiries about APMC would be served and invited a discussion of privilege from the start. Counsel for plaintiff declined to engage in such a discussion. *Id.* at ¶¶ 4-9, Exhibits B and C.

Plaintiff has the burden to show evidence as to each element of attorney-client privilege in order to shield such documents from discovery. *United States v. Munoz,* 233 F.3d 1117, 1128 (9th Cir. 2000). Blanket assertions of privilege such as those made here by plaintiff are not proper. *Clarke v. Am. Commerce,* 974 F.2d 127, 129 (9th Cir. 1992). Plaintiff must establish the privilege as to each document

DEFENDANT'S MOTION
TO COMPEL - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

withheld: "[A party] must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted." *United States v. Martin,* 278 F.3d 988, 1000 (9th Cir. 2002). This privilege log requirement is expressly covered in the civil rules. Fed. R. Civ. P. 26(b)(5)(A). Plaintiff has provided no such privilege log and has refused to do so.

The Washington Supreme Court has recently ruled on the scope of privilege and work product in a case where an analogous discovery request was pending. In *Cedell v. Farmers Ins. Co. of Washington,* 176 Wn.2d 686, 295 P.3d 239, 247 (Wa. 2013), Mr. Cedell claimed that his insurer Farmers had acted in bad faith in its handling of his insurance claim for fire damage. Farmers had hired coverage counsel and investigated the claim. Mr. Cedell sought a copy of the claims file, including correspondence between Famers and its coverage counsel. The Washington Supreme Court held that "Cedell is entitled to broad discovery, including, presumptively the entire claims file," rejecting an insurance company's argument that its entire claims file about the plaintiff was privileged or work-product.

Here, Mr. Lamberson does not seek correspondence between plaintiff's counsel and its client Elf-Man, LLC. Mr. Lamberson seeks documents between plaintiff's counsel and the investigator, plus any direct communications there may be between the investigator and the plaintiff company itself, or its alleged agent. This request is analogous to the "claims file" against Mr. Lamberson. Counsel for plaintiff owes a duty to the client, Elf-Man, LLC, not the apparent financier of the

DEFENDANT'S MOTION
TO COMPEL - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

matter. On this point, *Tank v. State Farm*, 105 Wn.2d 381, 388, 715 P.2d 1133 (Wa. 1986) finds: "The standards of the legal profession require undeviating fidelity of the lawyer to his client. No exceptions can be tolerated."

### E.     Conclusion

The requested documents are discoverable. Plaintiff's objections are waived and not well taken. It is obvious the plaintiff is exceedingly reluctant to allow discovery of its investigators, unlike in a legitimate case where such discovery would be *de regueur*. Plaintiff has provided no assistance in setting the deposition of the investigators (including even failing to provide a legitimate address when challenged), and plaintiff now fails to even make a good faith response to provide written documentation from these investigators. Plaintiff's failures to allow discovery from its principal witnesses prejudices Mr. Lamberson's ability to defend the claims against him and to develop facts to support his counterclaims that plaintiff's copyright should be rendered unenforceable under equity.

Mr. Lamberson respectfully requests and Order Compelling Discovery, and costs and attorneys fees for bringing this Motion. He also respectfully requests dismissal of the action against him with prejudice and that he be declared the prevailing party with an ability to present a request of costs and attorneys fees under 17 U.S.C. § 505. The equities support such relief. Lynch Decl. at ¶¶ 1-23.

//

//

//

DEFENDANT'S MOTION
TO COMPEL - 10

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  DATED this 13th day of June, 2014.

2

3                                  LEE & HAYES, PLLC

4                          By: *s/ J. Christopher Lynch*
                               J. Christopher Lynch, WSBA #17462
5                              Jeffrey R. Smith, WSBA #37460
                               Rhett V. Barney, WSBA #44764
6                              601 W. Riverside Avenue, Suite 1400
                               Spokane, WA 99201
7                              Phone: (509) 324-9256
                               Fax: (509) 323-8979
8                              Emails:  chris@leehayes.com
                                        jeffreys@leehayes.com
9                                       rhettb@leehayes.com

10

11                              *Counsel for Defendant Ryan Lamberson*

12

DEFENDANT'S MOTION
TO COMPEL - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Maureen C. VanderMay       efile@vandermaylawfirm.com

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Email: chris@leehayes.com

DEFENDANT'S MOTION
TO COMPEL - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979