David A. Lowe
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
206.381.3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN LAMBERSON,<br><br>    Defendants. | Civil Action No. 13-cv-00395 TOR<br><br>ELF-MAN'S MOTION TO DISMISS<br><br>8/4/14<br>Without Oral Argument |

Plaintiff ELF-MAN, LLC, by and through its undersigned counsel of record, respectfully moves the Court for dismissal with prejudice of all claims asserted in this case.

Plaintiff's undersigned counsel just appeared in this case for the purpose of the requested dismissal. Based upon analysis of the case at it currently resides before the Court, Plaintiff moves to dismiss its claims with prejudice, and further unconditionally asserts that it will not enforce asserted Copyright Registration No. PA 1-823-286, as set forth in the complaint, against this Defendant for any act occurring to the present date.

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer clear legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Servs. of*

MOTION TO DISMISS - 1
Civil Action No. 13-cv-00395
INIP-6-0001P02 MOTDISMISS

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal."). "Legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. In this case, Plaintiff seeks dismissal of the action with prejudice, thereby removing any possibility of legal prejudice to Defendant.

Plaintiff respectfully submits that Defendant's counterclaims should be dismissed for the reasons set forth in Plaintiff's pending motion to dismiss (Dkt. #37). In addition, the dismissal of Plaintiff's copyright infringement claim also requires dismissal of the Defendant's declaratory judgment counterclaims for noninfringement and copyright invalidity and unenforceability. Rule 41(a)(2) provides that an action shall not be dismissed against the defendant's objection unless the counterclaims can remain for independent adjudication. A declaratory judgment counterclaim may only be brought to resolve an actual controversy under 28 U.S.C. § 2201. The actual controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 45 L.Ed.2d 272, 95 S. Ct. 2330 (1975).

The dismissal of Plaintiff's claim and its express statement that it will not enforce the asserted copyrights against Defendant divorces the Court of jurisdiction over Plaintiff's counterclaims. No objection by Defendant can enable the Court to retain jurisdiction because there is no case or actual controversy and no present basis for subject matter jurisdiction. Consequently, the action in its entirety must be dismissed. *Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 926-927 (C.D. Cal. 2004); *Interscope Records v. Kimmel*, 2007 U.S. Dist. LEXIS 43966 (N.D.N.Y June 18, 2007); *see, e.g., Crossbow Tech., Inc. v. YH Tech.*,

MOTION TO DISMISS - 2
Civil Action No. 13-cv-00395
INIP-6-0001P02 MOTDISMISS

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

531 F. Supp. 2d 1117, 1123 (N.D. Cal. 2007) (no case or controversy where written covenant not to sue filed concurrently with the dismissal of claims).

While Plaintiff's remaining counterclaims remaining pending, they are subject to Plaintiff's pending motion to dismiss (Dkt. #37), and should be dismissed for the reasons set forth therein.

For the foregoing reasons, Plaintiff requests that its claims against Defendant be dismissed with prejudice, and Defendant's claims be dismissed without prejudice, thereby terminating the case with respect to all parties.

RESPECTFULLY SUBMITTED this 13th day of June, 2014.

        s/David A. Lowe, WSBA No. 24,453
        Lowe@LoweGrahamJones.com
        LOWE GRAHAM JONES$^{PLLC}$
        701 Fifth Avenue, Suite 4800
        Seattle, WA 98104
        T: 206.381.3300
        F: 206.381.3301

        Attorneys for Plaintiff Elf-Man, LLC

MOTION TO DISMISS - 3
Civil Action No. 13-cv-00395
INIP-6-0001P02 MOTDISMISS

Lowe Graham Jones PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2014, a true copy of the foregoing was served via U.S. Mail and email addressed as follows:

> J. Christopher Lynch, Esq.
> 601 W. Riverside Avenue, Suite 1400
> Spokane, WA 99201
> chris@leehayes.com

s/Jeremy Black

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTION TO DISMISS - 4
Civil Action No. 13-cv-00395
INIP-6-0001P02 MOTDISMISS

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301