UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC<br><br>                    Plaintiff,<br><br>    v.<br><br>RYAN LAMBERSON,<br><br>                    Defendant. | NO:  13-CV-0395-TOR<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF |

   BEFORE THE COURT is Maureen C. VanderMay's Motion to Withdraw as Counsel for Plaintiff (ECF No. 55).  This matter was submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

   Plaintiff's counsel Maureen C. VanderMay seeks to withdraw from representation of Plaintiff and asks that Plaintiff be afforded sixty days to locate and retain replacement counsel. ECF No. 55-1 at 1-2. She seeks to withdraw on grounds that "[i]ssues have arisen with Plaintiff's representatives that preclude [her] from both continuing with representation of Plaintiff and complying with the

ORDER GRANTING MOTION TO WITHDRAW ~ 1

governing rules of professional conduct." ECF No. 55-1 at 1. Due to the privileged and confidential nature of these issues, Ms. VanderMay declines to disclose details. *Id*.

Pursuant to LR 83.2(d)(4), an attorney must obtain leave from the Court to withdraw as counsel if said withdrawal leaves the party unrepresented. The attorney's motion for withdrawal must demonstrate good cause, and must be filed and served on the client and opposing counsel. Under LR 83.2(d)(3), leave of the Court is also required when a change in counsel affects a termination of one law office and the appearance of a new law office. The decision whether to permit counsel to withdraw is within the sound discretion of the court. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). Rule 1.16(b) of the Washington Rules of Professional Conduct provides:

> Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

RPC 1.16.

Despite this, in federal court, "corporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). *See also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel").

Here, David Allen Lowe entered his Notice of Appearance on behalf of Elf-Man, LLC, on June 13, 2014. ECF No. 56. Ms. VanderMay's withdrawal does not leave Plaintiff unrepresented, and her request demonstrates good cause.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

Ms. VanderMay's Motion to Withdraw as Counsel for Plaintiff (ECF No. 55) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order, and furnish copies to counsel.

**DATED** June 16, 2014.

THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO WITHDRAW ~ 3