David A. Lowe
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
206.381.3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, | Civil Action No. 13-cv-00395 TOR |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL |
| v. | |
| RYAN LAMBERSON, | |
| Defendants. | |

Defendant Ryan Lamberson's motion to compel should be denied on several bases. Defendant's pursuit of this motion given the current posture of the case not only is a waste of judicial and the parties' resources, but provides further evidence of Defendant's counsel's sole purpose to unnecessarily drive up litigation expenses.

First, Plaintiff has moved to dismiss with prejudice all claims against Defendant and further unconditionally confirmed that it will not enforce asserted Copyright Registration No. PA 1-823-286, as set forth in the complaint, against this Defendant for any act occurring prior to the present date. (ECF No. 59) For the reasons set forth in Plaintiff's motion to dismiss, Defendant's declaratory judgment claims should likewise be dismissed, resulting in a complete termination of this case. At this point there is no legitimate justification for Defendant's failure to strike his motion to compel.

Second, even if otherwise justified in an effectively terminated case, Defendant's motion is improper because his counsel failed to meet and confer in good faith with

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 1
Civil Action No. 13-cv-00395
INIP-6-0001P03 OPPMC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Plaintiff's counsel of record on the discovery issue prior to moving to compel, as expressly required by LR 37.1(b). Notwithstanding any claimed communications Defendant's counsel may have had on this topic with prior counsel or record, or "non-appearing counsel," as of the filing of his motion Defendant had been made aware informally and via a formal Notice of Appearance (ECF No. 56) that new counsel was appearing in the case. Defendant had an obligation meet and confer in good faith with counsel of record prior to filing his motion. That was never done. (Lowe Dec. ¶ 2) Under the strict requirements of LR 37.1, Defendant's motion should not be heard.

Third, even if Defendant's motion was properly before the Court, it should be denied on the merits. The three discovery requests made by Defendant were objected to by prior counsel of record on privilege and/or work product bases. The timeliness of Plaintiff's objections is confirmed both by the original certificate of service accompanying the objections—indicating service was made via U.S. mail on May 22, 2014—as well as by the accompanying declarations of prior counsel Maureen VanderMay and her legal assistance Meagan Sweeten. Defendant can only speculate as to the reason why the U.S. Postal Service postmark is dated later in time, and that speculation does not trump the declaration of counsel that it was properly and timely served. It would be truly unusual for a court to hold counsel responsible for the vagrancies of the U.S. Postal Service, and such exception is not warranted here. Plaintiff's objections were not waived and should be respected by Defendant, as has been repeatedly upheld by court decisions in this and other jurisdictions.[1]

---

[1] Plaintiff acknowledges that an exchange of privilege logs would be appropriate where privilege or work product is claimed. Counsel typically mutually agrees on the timing of such exchange, which was apparently not done in this case. Nevertheless, given the current posture of the case as effectively terminated, Plaintiff respectfully submits that there is no justification for the work and expense associated with producing a privilege at this juncture.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 2
Civil Action No. 13-cv-00395
INIP-6-0001P03 OPPMC

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Lastly, even if all other conditions were met and the Court was faced with a reason at this stage to evaluate privilege or work product *in camera*, the character of the discovery would be confirmed. Contrary to Defendant's assertion, he is indeed seeking privileged or work product material. While it is true that prior counsel represented Plaintiff in this case, it is no less true by extension that counsel also represented Plaintiff's agents, which included its sales agent Vision Films, Inc. and manager APMC LLC. Defendant provides no legal authority mandating that attorney-client privilege is limited solely to parties named in a lawsuit, and such a position would be truly exceptional. Moreover, it is well known that apart from such privilege, the work product doctrine protects documents prepared in anticipation of litigation—precisely what Defendant seeks. Defendant's discovery requests are no more than a fishing expedition, having no relevance to the merits of the case, and because they implicate long-recognized exceptions to production provide no basis for compelling discovery.[2]

For the foregoing reasons, Plaintiff requests that Defendant's motion to compel be DENIED, and Plaintiff's pending motion to dismiss (ECF No. 59) be GRANTED and the case terminated.

RESPECTFULLY SUBMITTED this 30th day of June, 2014.

    s/David A. Lowe, WSBA No. 24,453
    Lowe@LoweGrahamJones.com
    LOWE GRAHAM JONES PLLC
    701 Fifth Avenue, Suite 4800
    Seattle, WA 98104
    T: 206.381.3300
    F: 206.381.3301

    Attorneys for Plaintiff Elf-Man, LLC

---

[2] The investigator cases cited by Defendant are not on point as none of the requests are directed to the investigators, but rather agents of Plaintiff.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 3
Civil Action No. 13-cv-00395
INIP-6-0001P03 OPPMC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 30, 2014 to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ David A. Lowe

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 4
Civil Action No. 13-cv-00395
INIP-6-0001P03 OPPMC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301