HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
        jeffreys@leehayes.com
        rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, | No. 2:13-CV-00395-TOR |
| Plaintiff, | |
| vs. | DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL |
| RYAN LAMBERSON, | |
| Defendants. | |

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF HIS MOTION TO COMPEL - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Ryan Lamberson submits this Reply Memorandum in support of his Motion to Compel Discovery, ECF No. 57. This Reply Memorandum is supported by the Declaration of J. Christopher Lynch.

Plaintiff filed an Opposition, ECF No. 62, to Mr. Lamberson's Motion to Compel, but the Opposition was not filed on time under this Court's Local Rule 7.1. Consequently, Mr. Lamberson filed a Motion to Strike the Opposition and its related Declarations. ECF No. 63. Since the Court has not yet ruled on that Motion to Strike, Mr. Lamberson submits this Reply Memorandum.

Plaintiff raises four points in its Opposition, ECF No. 62, but none of those points is sufficient to deny the Motion to Compel.

**1.    The Motion to Compel is Not Moot.**

The Motion to Compel is not moot because plaintiff's Motion to Dismiss has not been granted, and the plaintiff can withdraw it if the conditions the Court imposes are unacceptable. *Lau v. Glendora Unified School District,* 792 F.2d 929 (9th Cir. 1986). Mr. Lamberson will ask the Court to impose payment of costs and attorneys' fees as a condition of granting the dismissal as allowed by *Davis v. McLaughlin*, 326 F.2d 881, 883 (9th Cir. 1964). Mr. Lamberson is concerned that plaintiff's Motion to Dismiss is a delay tactic and that plaintiff might avail itself of the "out" provided under *Lau* after urging the Court not to decide Mr. Lamberson's earlier-pending motions. Defense counsel inquired of Mr. Lowe on this point and he indicated he had no authority to pay any monies to settle the case, so Mr. Lamberson is concerned that plaintiff has no real intention of paying reasonable

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF HIS MOTION TO COMPEL - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  attorneys' fees as a condition of its settlement. Lynch Decl. at ¶ 2. If plaintiff
2  rejects such a condition, then Mr. Lamberson's Motions to Compel are ripe. Mr.
3  Lamberson does, however, acknowledge that if the court imposes conditions on the
4  Motion to Dismiss that are acceptable to both parties then both of his Motions to
5  Compel are indeed moot.

6  Mr. Lamberson has two pending Motions to Compel: (i) a Motion to
7  Compel plaintiff's German investigators to appear for deposition in Spokane at
8  plaintiff's expense, ECF No. 42, and (ii) a Motion to Compel plaintiff to provide
9  documents responsive to defendant's Second Set of Requests for Production
10 regarding APMC, the Germany-based company that apparently is the plaintiff's
11 "representative" with whom plaintiff's former counsel apparently is having her
12 ethical dilemma, ECF No. 57.

13 Each of these motions goes to the heart of the case against Mr. Lamberson.
14 The German investigators are the only "witnesses" against Mr. Lamberson and
15 cannot be lawfully deposed in Germany without tremendous hardship to the
16 parties.  APMC is the Germany-based company that has apparently contracted with
17 plaintiff's assignee Vision Films, Inc. to conduct anti-piracy services for Vision
18 Films. APMC has a direct financial interest in the outcome of this matter, and it is
19 a real party in interest. Plaintiff has never disclosed this interest to the Court as part
20 of its required corporate disclosures under Fed. R. Civ. P. 7.1, but discovery shows
21 it does have a direct financial interest. Lynch Decl. at ¶¶ 6-9.

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF HIS MOTION TO COMPEL - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

Recall that plaintiff initially refused to produce any documents under Request for Production No. 15 about its relationship with its investigators. At a conference on February 27, 2014, the Court required plaintiff to produce any relevant documents as well as a narrative to describe the relationship. ECF No. 31. Plaintiff did not produce this narrative within 14 days as required by LR 37.1(c). After repeated requests from Mr. Lamberson's counsel, Ms. VanderMay provided a narrative on April 14, 2014. On April 16, 2014, counsel for Mr. Lamberson wrote to plaintiff's counsel asking for a truthful explanation, because the April 14, 2014, explanation was obviously implausible. The explanation was obviously implausible because (among other reasons) it had Germany-based APMC hiring South Dakota shelf corporation Crystal Bay Corporation ("CBC") on a termless, paperless relationship, and that Crystal Bay Corporation somehow hired German national Mr. Macek as "plaintiff's primary investigator" on a monthly salary, despite the fact that CBC was a delinquent South Dakota company with no offices and no authority to hire foreign workers. Lynch Decl. at ¶¶ 7-11.

The explanation did include an April, 2012, agreement between APMC and Vision Films that Ms. VanderMay said was part of the explanation. That agreement is filed under seal and is designated as Exhibit B to Mr. Lynch's Declaration. Lynch Decl. at ¶ 8. Page 7 of that agreement includes redacted portions, but does otherwise indicate that any recoveries from APMC's enforcement campaign would be allocated first to APMC's costs, and then "the remaining monies shall be distributed as follows: (a) The appointed Attorney's and

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  litigation [REDACTED IN ORIGINAL], (b) The appointed forensic IT expert
2  costs [REDACTED IN ORIGINAL], (c) The RIGHTS OWNER shall receive
3  [REDACTED IN ORIGINAL]." In other words, it appears that APMC as the
4  investigator and financier of the litigation has a direct and contingent stake in it.

5      After delivering the April 16, 2014, request for a truthful explanation,
6  counsel for Mr. Lamberson discovered a public website with a "Prezi" presentation
7  that explained the operations of APMC. We provided this link to the Court with the
8  Motion to Compel:

9  http://prezi.com/b_f7djco81ri/copy-ofthemanako123/?utm_campaign=share&utm_medium=copy

10     We also now provide a transcript of this presentation from the website as
11  Exhibit C to Mr. Lynch's Declaration. The presentation was authored by Gerephil
12  Molina and we have been unable to get Mr. Molina's cooperation as a witness to
13  authenticate the document. Lynch Decl. at ¶ 9. But the document is admissible as
14  an admission of APMC, a real party in interest, plus it is submitted only for the
15  purpose of explaining why the Second Set of Requests for Production was served.

16     The transcript makes clear that APMC's job is to harvest BitTorrent data and
17  sell it to rights holders along with litigation services. The transcript expressly
18  mentions the role of Mr. Macek in dealing with preparation of Declarations to use
19  with the lawyers hired by APMC to present to courts. There is no mention that Mr.
20  Macek is somehow an employee of a South Dakota company. Lynch Decl. at ¶ 10.
21  The transcript is astonishing. Here are excerpts:

22
23
24  DEFENDANT'S REPLY MEMORANDUM IN
    SUPPORT OF HIS MOTION TO COMPEL - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

> *"APMC stays in the background where they are invisible, but we are the center (i.e. 'we make things happen.')"*
>
> *"We bring the clients to the law firms. We manage their legal strategy."*
>
> *"A real life settlement is around $2500 - $7500."*
>
> *"APMC's goal: the more individuals that can be contained within the lawsuit, the more cost effective for the company."*
>
> *"Contracts that don't need amending go straight to PA and Dan for signing."*
>
> *"The legal team will assist the lawyers/law firms with legal issues. They will create the legal documents (i.e. the motion of expedited discovery, demand and settlement agreement letter.)"*
>
> *"APMC always goes for statutory damages because of the range ($2,500 to $150,000.)"*
>
> *"What are the relevant things to note on completing the 2nd document, or the Declaration or Affidavit. This is basically a statement that declares what the plaintiff is saying under oath."*
>
> *"BPO Cebu [Philippines] will be receiving these declarations from Daniel Macek."*
>
> *"This declaration supports motion for expedited discovery, or telling the judge we need this information now."*
>
> *"Paragraph 2 in regards to software consultant (i.e. he can talk about software issues) & we're hoping the judge won't question his qualifications too much."*

Lynch Decl. at ¶ 11.

Given this astonishing revelation as to what the real relationship was of plaintiff Elf-Man, LLC to its investigators, and given the discrepancies between this exposé and the April 14, 2014, explanation given by Ms. VanderMay, counsel for Defendant prepared and served the Second Set of Request for Production asking for all communications between (i) APMC and Elf-Man, LLC, (ii) APMC and Vision Films, and (iii) APMC and counsel for Elf-Man, LLC. Lynch Decl. at ¶ 12. Counsel for Mr. Lamberson shared the Prezi presentation with Ms.

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF HIS MOTION TO COMPEL - 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

VanderMay in advance of the service of the Second Set of Requests for Production and asked her to explain if she had any privilege as to these inquiries. Lynch Decl. at ¶ 13. Ms. VanderMay's curt reply is quoted in the Motion to Compel. ECF No. 57 at p. 6.

Given Plaintiff's initial reluctance even in light of a Court order to provide the explanation of the relationship of the investigators to Elf-Man, LLC, counsel for Mr. Lamberson did not expect any cooperation from Ms. VanderMay on this discovery, and that expectation proved to be true. No documents were produced. The "objections" that were produced were mailed six days after the due date. Any counsel who was sincerely interested in addressing the issues would have served these objections right away or at least on time. Untimely objections are waived in the federal system. *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992). Even objections that the information sought is privileged or work-product are waived if not timely served. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

The Motion to Compel explains the efforts Mr. Lamberson's counsel then made with Ms. VanderMay, Mr. Crowell and Mr. Lowe to get an explanation of the seemingly incorrect Certificate of Service (Lynch Decl. at ¶ 14, Ex. D), as well as the required privilege log and the documents themselves. The production would seemingly be simple, since the Prezi presentation explains that communications about each matter are done through the "Podio" web-service and include encoded filter names. But no documents were provided. No privilege log was provided.

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1 Consequently, Mr. Lamberson filed his Motion to Compel discovery of the Second
2 Set of Requests for Production.

3 Neither of Mr. Lamberson's earlier-pending Motions to Compel are moot
4 unless and until the Court orders dismissal of the case.

**2.    Mr. Lamberson has Certified his Efforts to Resolve the Dispute.**

Fed. R. Civ. P. 37(a)(1) requires a Certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Mr. Lamberson's Motion to Compel provides this Certification and Mr. Lynch's associated Declaration explains his correspondence with Ms. VanderMay, his 44 minute telephone conversation and correspondence with Mr. Crowell, and his 66 minute conversation with Mr. Lowe – all of which were primarily about APMC and plaintiff's continued efforts to hide the truth. Lynch Decl. at ¶ 15. When the Motion was filed, Mr. Lynch informed all three of these counsel that LR 37.1(b) requires a report 14 days before the noted hearing to explain the current state of the dispute. Mr. Lynch offered a 10:00 a.m. time for the call and offered to file the report. On the morning of the due date of the report, Mr. Lynch wrote Mr. Lowe offering to hold the call at 10:00 a.m. or 2:00 p.m., and Mr. Lynch provided an advance copy of defendant's position on the point. Mr. Lowe said he was too busy to talk, but he did submit his part of the statement, which Mr. Lynch compiled into the Joint Statement that was timely filed June 30, 2014. Lynch Decl. at ¶ 16. Mr.

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF HIS MOTION TO COMPEL - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Lamberson has fully complied with his Certification obligations of Fed. R. Civ. P. 37(a)(1) and his reporting obligations of LR 37.1(b).

Plus, what is plaintiff trying to suggest by claiming there was no conference on the point – that it might have otherwise complied with its discovery obligations? Doubtful.

### 3. Plaintiff has Waived its Objections.

Ms. VanderMay's explanation of the May 22 Certificate of Service and the May 28 postmark is unpersuasive. Ms. VanderMay says she was in deposition on May 22, and that she forwarded the responses to Ms. Sweeten to finalize and serve. ECF No. 62-2, page 2. But Ms. Sweeten says that she "personally had Ms. VanderMay sign it" "on or about May 22." Didn't Ms. VanderMay recall signing the document, and when? Note that Ms. VanderMay does not say she actually signed the documents on May 22, and her narrative seems to indicate she was not in the Salem office on that day. The signatures on the responses and the Certificate of Service appear slightly different, like real signatures instead of an autopen signature or a copied signature. The Certificate of Service says it was served from Salem. Ms. Sweeten should be commended for her "on or about" candor, but this is not evidence of *service* on May 22. The most logical reading of these two declarations is that Ms. VanderMay did in fact sign them, but not on May 22.

### 4. Plaintiff has not Demonstrated Privilege or Work-Product.

Even if the objections are not waived, the entirety of communications between APMC and Elf-Man, LLC, Vision Films and the VanderMay and Crowell

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF HIS MOTION TO COMPEL - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

firms, is not and cannot be covered by some unexplained blanket privilege. Blanket assertions of privilege are "extremely disfavored." *Clarke v. Am. Commerce,* 947 F.2d 127, 129 (9th Cir. 1992). The burden is on the party asserting the privileged relationship to establish the elements of the relationship. *U.S. v. Munoz,* 233 F.3d 1117, 1128 (9th Cir. 2000). (The burden for proving work product is also on the party raising the privilege. *Yurick v. Liberty Mutual*, 201 F.R.D. 465 (D. Ariz. 2001)). This requires proving the elements of the privilege: that legal advice was sought from the attorney in that capacity in a confidential setting. *In re Fischel,* 557 F.2d 209, 211 (9th Cir. 1977). No such explanation has been provided and no privilege log has been provided.

Mr. Lamberson is concerned that plaintiff's counsel never communicated Mr. Lamberson's numerous offers to settle the case and that Elf-Man, LLC was never advised that its potential exposure for defense attorneys' fees was growing with each new dilatory tactic mandated by APMC. The requested discovery would show this, and the fact of these communications would not be privileged.

Finally, APMC is not a "functional employee" of Elf-Man, LLC entitled to invoke the privilege under *United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010). If a true agent meets this threshold, the corporation can claim attorney-client privilege "as long as the communications are 'made at the direction of corporate superiors in order to secure legal advice.'" *Graf,* 510 F.3d at 1158 (quoting *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996)).

///

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL - 10

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

### 5. Conclusion.

The discovery sought by defendant is relevant and not privileged. Plaintiff has waived any objections. Plaintiff's Opposition filed in violation of this Courts Local Rules should be stricken.

Mr. Lamberson respectfully requests an Order compelling discovery, and awarding attorneys' fees and a sanction of dismissal of plaintiff's case with prejudice.

DATED this 3rd day of July, 2014.

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
Jeffrey R. Smith, WSBA #37460
Rhett V. Barney, WSBA #44764
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails:  chris@leehayes.com
jeffreys@leehayes.com
rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Lowe        lowe@lowegrahamjones.com

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
    J. Christopher Lynch, WSBA #17462
    601 W. Riverside Avenue, Suite 1400
    Spokane, WA 99201
    Phone: (509) 324-9256
    Fax: (509) 323-8979
    Email: chris@leehayes.com

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979