# EXHIBIT B

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 16

# THE VANDERMAY LAW FIRM PC
2021 S. Jones Blvd.
Las Vegas, Nevada 89146
*******************

| | | |
|---|---|---|
| MONTY K. VANDERMAY<br>ADMITTED IN:<br>OREGON<br>NEVADA<br>HAWAI'I | TELEPHONE: (702) 538-9300   FAX: (702) 538-9301 | MAUREEN C. VANDERMAY<br>ADMITTED IN:<br>OREGON<br>CALIFORNIA<br>WASHINGTON |

April 14, 2014

J. Christopher Lynch
Lee & Hayes, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
Email: chris@leehayes.com                     **Sent via E-Mail Only**

      RE:    *Elf-Man, LLC v. Lamberson*
             USDC ED Washington, 2:13-CV-00395-TOR

Dear Chris:

Enclosed please find documents in response to your client's Request for Production No. 15, Bates Stamped CONFIDENTIAL ELF000210 through ELF000220. Please note that these materials have been marked as confidential pursuant to the protective order in this action.

Sincerely yours,

**Dictated But Not Read**

Maureen C. VanderMay
Attorney and Counselor at Law

MCV:ms
cc:    Elf-Man/Lamberson EDWA File
enc:   CONFIDENTIAL ELF000210 through CONFIDENTIAL ELF000220 Discovery

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 17

In response to Request for Production No. 15 of Defendant's First Set of Requests for Production to Plaintiff, the following describes the relationship between Plaintiff and its investigators: Elf-Man, LLC agreed with Vision Films, Inc. (its sales agent for *Elf-Man)* that Vision Films, Inc. would handle its anti-piracy campaign. This arrangement is confirmed in the letter dated February 13, 2013, which we previously produced to your office. Pursuant to this arrangement, Vision Films, Inc., retained APMC, Inc. to arrange for anti-Internet piracy services for various rights holders, including Elf-Man, LLC. Transmitted herewith is a copy of an agreement between Vision Films, Inc. and APMC, Inc. which was executed in April, 2012. As you will see, Schedule A to this agreement lists titles other than *Elf-Man*. In September, 2012, the parties executed another Schedule A which lists, among other titles, *Elf-Man*. I am awaiting further confirmation on this point but it is my understanding that the September, 2012, Schedule A was intended as a substitute for the Schedule A to the April, 2012, agreement and that no new agreement was executed in conjunction with the revised Schedule A.

As I understand it, the parties to the April, 2012, agreement have abandoned the financial terms of their arrangement with respect to *Elf-Man* in various jurisdictions, including but not limited to the State of Washington. The April, 2012, agreement was provided to me with certain financial terms redacted from Schedule B. In light of the parties' agreement to abandon this arrangement with respect to anti-piracy efforts in this jurisdiction, I do not believe that this is an issue of consequence.

APMC, Inc., acting on behalf of Vision Films, Inc. and Elf-Man, LLC, retained Crystal Bay, Inc. to conduct the subject investigation. As I previously explained, there is no written agreement which memorializes this arrangement with Crystal Bay, Inc. No financial terms were agreed to in connection with this investigation because this was considered to be a test case. The investigators were directed to capture IP addresses and record network traffic between the infringer's computer and the source computer.

With respect to Messrs. Patzer and Macek, Mr. Patzer is an outside consultant who acted as the network architect and who designed the system employed by Crystal Bay, Inc. to conduct the subject investigation. Mr. Patzer is responsible for on-going maintenance of the network infrastructure.

Mr. Macek was working for Crystal Bay, Inc. in conducting the subject investigation.

Given your stated concerns about the integrity of the subject investigation, we can arrange for your expert to inspect the software used to conduct the investigation. The software is owned by a company called Excipio. Crystal Bay, Inc. operates this software under a license. Because this software is proprietary, any such test would need to be conducted in a controlled environment.

**ELF CONFIDENTIAL000210**

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 18

Page 1 of 7

## ANTI-INTERNET PIRACY SERVICE AGREEMENT

This Anti-Internet Piracy Service Agreement (herein after "Agreement") is made effective as of the DATE, (the "Effective Date") by and between APMC, INC., a company incorporated in California filed under number 201111810070, with offices located at 400 Capitol Mall, 11th Floor Sacramento, CA 95814(herein after "APMC") and Vision Films, Inc, as sales agent and authorized signatory for various Rights Holders listed on Schedule A, a company incorporated in California, with its principal offices located at 14945 Ventura Blvd, Ste 306, Sherman Oaks, CA 91403, (herein after "Rights Holder").

### RECITALS

**WHEREAS** Rights Holder owns the exclusive intellectual property rights to various motion picture properties listed on Schedule A attached hereto (herein after referred to as the "Works");

**WHEREAS** Rights Holder believes that, without the authorization or approval of the Rights Holder the Works have been and will continue to be copied and distributed over the Internet via peer-to-peer file-sharing technologies;

**WHEREAS** Rights Holder wishes to commence an anti-Internet piracy campaign within the territories to protect its intellectual property rights in the Works, but requires certain resources to do so;

**WHEREAS** APMC is prepared to provide a full range of lawful anti-Internet piracy services within the territories as in Schedule A and to fund the out-of-pocket expenses for such a campaign;

**NOW THERFORE** in consideration of the promises and mutual agreements herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each party hereto, the parties hereto hereby agree with one another as follows:

### TERMS

1. **Services**

The Rights Holder hereby retains and engages APMC to perform the following services for Works listed on Schedule A attached hereto with respect to detected P2P infringements within the territories occurring on or before March 1st, 2012 and involving use of any or all of the Internet Service Providers (ISP's):

  A. To investigate, detect and gather evidence of unlawful copying, publication and distribution of Covered Works in the territories over the Internet by persons or

ELF CONFIDENTIAL000211

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 19

Page 2 of 7

entities using peer-to-peer file sharing networks and/or technology (herein after "Infringers");

B. To select and retain legal counsel within the territories, including, without limitation, to assert and pursue legal claims in the name of the Rights Holder against various Infringers of the Covered Works and to manage, direct and administer the pursuit of said claims through the territories legal system.

C. To negotiate settlements and set settlement terms with Infringers and to enter into settlement agreements with various Infringers and grant releases to said Infringers, shall be binding upon the Rights Holder (herein after "Settlement Agreements");

D. To enforce each Settlement Agreement and receive the proceeds there from;

E. , to pursue judgments against various Infringers who do not enter into a Settlement Agreement and to receive the proceeds from each such judgment;

F. To aggregate, account for and disburse to the Rights Holder on a monthly basis the Rights Holder's share of the proceeds from each settlement or judgment completed and finalized during the previous month (the "Proceeds"), as set forth in Schedule B attached hereto; and

G. To initially provide an estimated budget to be approved in writing by Rights Holder and thereafter monthly accounting records to substantiate the amounts owed and paid to the Rights Holder to ensure complete transparency.

2. **Authority and Power of Attorney**

The following matters, issues and decisions shall be completely and wholly within the authority of APMC and Rights Holder hereby grants to APMC a limited Power of Attorney to act as Rights Holder could otherwise lawfully act with respect to:

A. The lawful methods and means used to investigate detect and collect evidence of unlawful copying, publication and distribution of Covered Works in the territories by Infringers;

B. The decision whether to pursue legal claims against any Infringer shall be mutually agreed between the Parties;

C. intentionally deleted

D. The decision whether to pursue, negotiate and enter into settlement with any Infringer and the determination of the terms of any Settlement Agreement and the means by which to seek to enforce any said Settlement Agreement shall be mutually agreed between the Parties;



**ELF CONFIDENTIAL000212**

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 20

Page 3 of 7

E. The authority to enter into and execute Settlement Agreements and releases issued to Infringers on behalf of Rights Holder the terms of which shall be mutually agreed between the Parties and once approved by Rights Holder shall be fully binding upon Rights Holder and dispositive of any rights or claims of Rights Holder released thereby;

F. The decision whether to pursue to judgment a claim against any Infringer and the means by which to seek to enforce said judgment shall be mutually agreed between the Parties;

G. The decisions regarding the acceptance and collection of proceeds from Settlement Agreements with and judgments against Infringers shall be mutually agreed between the Parties;

H. The selection and retention of any agent to perform all or any portion of the services listed in paragraph 1 of this Agreement shall be at the sole discretion of APMC and costs of which shall be mutually agreed between the Parties; and

I. The direction given to legal counsel to pursue, not pursue, settle with and/or otherwise deal with, in any manner, any Infringer or potential Infringer shall be mutually agreed between the Parties

3. **Obligations of Rights Holder**

Rights Holder shall cooperate as reasonably required by APMC and legal counsel in the registration of selected Works with the United States Copyright Office and with the investigation, documentation and prosecution of claims against Infringers of Covered Works and to provide APMC and legal counsel with all pertinent facts and details regarding the creation, ownership, copyright, licensure and distribution of the Works. Rights Holder hereby acknowledges and affirms as complete and factual the states set forth herein under the section heading "Declaration of Rights" and hereby agrees to indemnify APMC and its attorneys and affiliates with respect to any breach of any representation or warranty herein and will hold same harmless from any such claims.. Rights Holder shall not be required to advance any funds, incur or pay any fees or costs, or directly collect any proceeds in connection with Services provided by APMC under this Agreement. Rights Holder will also, upon request sign any other engagement letter(s) that may be requested by legal counsel or other documents necessary to effectuate or confirm the contents of this Agreement.

4. **Declaration of Rights**

Rights Holder warrants and represents that Rights Holder: a) is the exclusive sales agent representing the creator of the Works; b) is the current exclusive sales agent representing the owner of all rights to the Works and that no portion of the Works infringes or violates the copyright or other property right of any other person or entity not a party to this Agreement; c) sales agent on behalf of the Rights Holder, including any agents or affiliates thereof, states that



**ELF CONFIDENTIAL000213**

Page 4 of 7

the works were complied fully with 18 U.S.C. Section 2257, or the equivalent regulations in the territory of origin of the production.

5. **Consideration and Distribution of Proceeds**

Consideration due to APMC for services performed pursuant to this Agreement and the division of proceeds from settlements and judgments resulting from said services shall be paid in accordance as provided for in Schedule B attached hereto and incorporated herein.

APMC may not cross collateralize between the Works, and shall report on each title separately.

Timely reporting and payment of Rights Holder's share of all proceeds due to Rights Holder is of the essence of this Agreement, and is an express condition pursuant to APMC's services. If APMC fails to report or make payment each month in a timely manner, it shall constitute a breach. If such breach is not cured within ten (10) days of notification of breach, then this Agreement shall be terminated and all rights conveyed under this Agreement shall revert back to Rights Holder, and all materials relating to the Works shall be returned to Rights Holder and Rights Holder shall automatically be entitled to collect all monies due, or yet to become due to APMC prior to such termination.

6. **Term of Agreement**

The term of this Agreement shall run for five (5) consecutive years commencing with the Effective Date except that claims arising out of any investigation completed by APMC during the term of this Agreement shall be covered by this Agreement until such time as APMC has, at its sole election, either obtained and collected on an agreed settlement or judgment of said claims or has, by written notice delivered to Rights Holder, waived and disavowed any further right or interest therein.

7. **Language Construction**

Unless the context otherwise requires, singular nouns and pronouns, when used herein, shall be deemed to include the plural of such noun or pronoun and pronouns of one gender shall be deemed to include the equivalent pronoun of the other gender.

8. **Assigns and Successors**

This Agreement shall be binding upon and inure to the benefit of the parties, their respective representatives, predecessors, successors, heirs, assigns, officers and directors.

9. **Counterpart Signatures**

This Agreement may be executed in any number of counterparts, each of which shall constitute one and the same instrument, and either party hereto may execute this Agreement by signing any such counterpart.



**ELF CONFIDENTIAL000214**

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 22

Page 5 of 7

10. **Choice of Laws**

This Agreement will be construed and governed in accordance with the laws of the United States of American and the State of California in particular without application of choice-of-law provisions that would require application of the laws of another jurisdiction.

11. **Indemnities**

APMC will, at its own expense, indemnify, save and hold harmless Rights Holder from and against any and all claims, demands, causes of action, obligations, liability loss, damage, cost and expense (including attorney fees and court costs), incurred or sustained by reason of or arising out of any breach of any of the warranties, representations or agreements herein made by APMC.

11. **Complete Agreement**

This Agreement is the complete agreement between the parties respecting all subject matter addressed herein, superseding any and all prior oral or written understandings between the parties relating thereto. In the event of any conflict between this Agreement, and any Schedule or exhibit hereto, the terms and conditions of this Agreement shall prevail.

12. **Modification**

This Agreement may be modified in whole or in part only in writing signed by the authorized representatives of the parties.

13. **Construction**

If any provision of this Agreement is found illegal or unenforceable, the legality and enforceability of the other provisions of this Agreement will not be affected. No failure of either party to exercise or enforce any of its rights hereunder will act as a waiver of such rights.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the dates set forth below.

RIGHTSHOLDER                              APMC, INC.

By: _____            By: _____
Lise Romanoff, Vision Films, Inc              Patrick Achache

Its: Managing Director, authorized       Its:   President
Signatory on behalf of various Rights
Holders as listed on Schedule A.

Date: April 3rd 2012                      Date: 20.04.2012

**ELF CONFIDENTIAL000215**

Page 6 of 7

## ANTI-INTERNET PIRACY SERVICE AGREEMENT SCHEDULE A

| Title (including aka title(s)) | Territories for proceedings | Comment |
|---|---|---|
| Love's Kitchen aka No Ordinatry Trifle | All territories of the world | (see attachment for Licensees as of the date of this agreement and to be amended from time to time during the Term) |
| 7 Below | All territories of the world | " |
| | | |
| | | |

RIGHTSHOLDER                               APMC, LLC.

By: *[signature]*                          By: *[signature]*
Lise Romanoff, Vision Films, Inc

Its: Managing Director, authorized         Its: President
Signatory on behalf of various Rights
Holders as listed on Schedule A.

Date: April 23rd, 2012                     Date: 20.04.2012

**ELF CONFIDENTIAL000216**

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 24

Page 7 of 7

## ANTI-INTERNET PIRACY SERVICE AGREEMENT
## SCHEDULE B

**Consideration Terms and Payment**

APMC shall remit to Rights Holder in full and final satisfaction of all rights conveyed under attached Anti-Internet Piracy Agreement (herein after "Agreement") ▬▬▬▬▬ all net receipts generated by means of the Services provided by APMC under the Agreement including, but not limited to, any and all settlement funds, judgments, interest and penalties. All remittances due and payable to Rights Holder under this Agreement shall be paid in the local currency.

Net proceeds mean all income minus court fees and ISP charges, any other costs but legal fees.

The costs incurred by APMC in performing its obligations under this Agreement shalled be recouped from the monies colleted on behalf of the Rights Holder ("Collections").

    ISP disclosure and administration costs shall be paid from the Collections in the <u>first priority</u>. The <u>remaining</u> monies shall be distributed as follows:

    (a)    The appointed Attorney's and litigation ▬▬▬▬▬

    (b)    The appointed forensic IT expert costs s ▬▬▬▬▬

    (c)    The RIGHTS OWNER shall receiv ▬▬▬▬▬

**Reporting**

Within four-teen (14) days following the close of each calendar month APMC shall provide Rights Holder with a report identifying that month's receipts attributable to any title listed on Schedule A.

**Auditing**

Once per calendar year Rights Holder is entitled to appoint a neutral, independent chartered accountant or auditor at its own expense for the purpose of examination of the books of APMC which concern payment to the Rights Holder in connection with this Agreement. Any errors will result in a corresponding additional payment or credit, as the case may be. Both parties agree to maintain secrecy about the audit result. If a shortfall of a▬▬▬▬▬mined during an audit to be due to Rights Holder, APMC will reimburse Rights Holder the costs of the accountant or auditor to the extent they are reasonable and customary within the industry.

| RIGHTS HOLDER | APMC, LLC |
|---|---|
| By: *[signature]* Lise Romanoff | By: *[signature]* |
| Lise Romanoff, Vision Films, Inc | |
| Its: Managing Director, authorized Signatory on behalf of various Rights Holders as listed on Schedule A. | Its: President |
| Date: April 23rd 2012 | Date: 20.04.2012 |

**ELF CONFIDENTIAL000217**

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 25

## ANTI-INTERNET PIRACY SERVICE AGREEMENT
## SCHEDULE A

| Title (including aka title(s)) | Territories (for proceedings) | Company Role (Producer / Sales Agent / Distributor) | Copyright-Nr. | German Distributor |
|---|---|---|---|---|
| 12 Dogs of Christmas: Great Puppy Rescue | ALL | Sales Agent | | |
| A Matter of Justice | ALL | Sales Agent | | |
| Adventure of Mark Twain | ALL | Sales Agent | | |
| Blind Revenge aka A Closed Book | ALL | Sales Agent | | |
| Blood Money | ALL | Sales Agent | | |
| Boogie | ALL | Sales Agent | | |
| Cupid's Arrow | ALL | Sales Agent | | |
| Diamond Dog Caper | ALL | Sales Agent | | RRS |
| Division II: Football's Finest | ALL | Sales Agent | | |
| Elf-Man | ALL | Sales Agent | | |
| Elle: A Modern Cinderella Tale | ALL | Sales Agent | | KSM |
| Exit Speed | ALL | Sales Agent | | Anolis |
| Fist of the Warrior | ALL | Sales Agent | | Prior sale |
| Gooby | ALL | Sales Agent | | |
| Hard Times aka Holy Water | ALL | Sales Agent | | |
| Lake Effects | ALL | Sales Agent | | |
| Listen to Your Heart | ALL | Sales Agent | | |
| Los Ilusionatas aka The Illusionauts 3D | ALL | Sales Agent | | |
| Love's Kitchen aka No Ordinary Trifle | ALL | Sales Agent | | Peppermint |
| Night Wolf aka 13 Hours | ALL | Sales Agent | | KSM |
| Restitution | ALL | Sales Agent | | |
| Resurrection County | ALL | Sales Agent | | MIG |
| Seal Team | ALL | Sales Agent | | MIG |

**ELF CONFIDENTIAL000218**

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 26

| Title | | | |
|---|---|---|---|
| Seven Below | ALL | Sales Agent | MIG |
| Snow White: A Deadly Summer | ALL | Sales Agent | Palatin |
| Terror Experiment | ALL | Sales Agent | |
| The Presence | ALL | Sales Agent | |
| Wrath of Cain | ALL | Sales Agent | KSM |
| Zombie Die-ner | ALL | Sales Agent | |

**ELF CONFIDENTIAL000219**

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 27

Vision Films, INC.

By: _____
　　　Lise Romanoff

Its:　CEO

Date: Sept 12th 2012

APMC, LLC.

By: _____

Its:　President

Date: 09/12/2012

ELF CONFIDENTIAL000220

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO COMPEL - 28