David A. Lowe
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
206.381.3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN LAMBERSON,<br><br>    Defendants. | Civil Action No. 13-cv-00395 TOR<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE |

It is unfortunate that Defendant continues to waste the time of the Court and the parties with unnecessary motion practice in the posture of the case where there is a pending motion to dismiss. On top of that, Defendant does so in a motion requiring proof of prejudice where he has literally none and based on a rule at best ambiguous and subject to two reasonable interpretations.

Plaintiff docketed and prepared its response to Defendant's motion according to its reading of the local rules. LR 7.1(b) establishes a period of 14 days for the responsive memorandum plus "the additional 3-day period allowed under Fed. R. Civ. P. 6(d) . . . regardless of the method of service." In other words, it matters not that Defendant's motion to compel was served via ECF, mail or otherwise, the 3-day period under Rule 6(d) is included, making Plaintiff's response due 17 days after the June 13

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE - 1
Civil Action No. 13-cv-00395
INIP-6-0001P04 OPPMOTStrike

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

motion filing date, or by June 30, when the response was filed and served. Defendant argues a different reading of this rule. At best this local rule is vague, and based on Defendant's argument subject to two different interpretations.

Even if Defendant's interpretation is correct and Plaintiff's response was filed one business day late, there is absolutely no prejudice to Defendant—the hallmark test for invoking the Court's inherent authority to punish a technical violation. Indeed, Defendant cannot even articulate any way in which it would be prejudiced, alleging only in conclusory fashion that "[p]laintiff's late filing prejudices Mr. Lamberson who must now prepare a Reply Memorandum and associated Declaration to counter the misleading Opposition filed by plaintiff in violation of the rules." This statement is completely circular and utterly devoid of merit. Had Plaintiff's response been filed on Friday instead of Monday, Defendant would have still had to prepare a reply, and thus simply having to prepare a reply does not demonstrate prejudice, but rather is simply part of the normal briefing process. Defendant does not even try to point to any actual prejudice caused by Plaintiff's filing on Monday instead of Friday because none exists—even assuming the rule was misunderstood, the deadline was docketed incorrectly and the response filed a day late.

It is ironic that Defendant cites *Sidney-Vinstein*. Defendant's underlying motion to compel privileged discovery where the claims have been voluntarily dismissed and the case should be terminated aptly fits within the category of "litigating spurious issues." Defendant's motion to strike provides yet another example. In an effort to avoid further machinations by defense counsel, Plaintiff respectfully submits in the interest of judicial and party efficiencies that the merits of case be considered as soon as possible. Pending before the Court is Plaintiff's motion to dismiss with prejudice all claims against Defendant, which disposes not only of Plaintiff's claims but also Defendant's declaratory judgment claims, resulting in a complete termination of this

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE - 2
Civil Action No. 13-cv-00395
INIP-6-0001P04 OPPMOTStrike

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

case. As confirmed by the declaration of prior counsel in this case (and her legal assistant) filed with Plaintiff's response, there are no legitimate discovery service issues and this case has been diligently and reasonably prosecuted to this point. There is absolutely no evidence that this case was brought in bad faith or without reasonable prior investigation, and therefore no justification for prolonging and perpetuating the litigation. Plaintiff respectfully requests that Defendant's motion to strike and underlying motion to compel be DENIED and Plaintiff's pending motion to dismiss (ECF No. 59) be GRANTED and the case terminated.

RESPECTFULLY SUBMITTED this 7th day of July, 2014.

>s/David A. Lowe, WSBA No. 24,453
>Lowe@LoweGrahamJones.com
>LOWE GRAHAM JONES PLLC
>701 Fifth Avenue, Suite 4800
>Seattle, WA 98104
>T: 206.381.3300
>F: 206.381.3301
>
>Attorneys for Plaintiff Elf-Man, LLC

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE - 3
Civil Action No. 13-cv-00395
INIP-6-0001P04 OPPMOTStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 7, 2014 to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ Jeremy Black

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE - 4
Civil Action No. 13-cv-00395
INIP-6-0001P04 OPPMOTStrike

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301