HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
jeffreys@leehayes.com
rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RYAN LAMBERSON,<br><br>　　　　　Defendants. | No. 2:13-CV-00395-TOR<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE |

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1   Defendant Ryan Lamberson submits this Reply Memorandum in Support of his Motion to Strike, ECF No. 63. This reply is supported by the Declaration of Mr. Lamberson's counsel, J. Christopher Lynch.

Mr. Lamberson filed his Motion to Compel Discovery, ECF No. 57, on Friday, June 13, 2014. Plaintiff filed its responsive memorandum, ECF No. 62, after its due date, in violation of the Local Rules, on Monday, June 30, 2014. Instead of acknowledging this violation, plaintiff now opposes the Motion to Strike, ECF No. 70. Plaintiff's opposition raises three points, none of which excuse the violations. Consequently, the Motion to Strike should be granted.

**1.    Local Rule 7.1 is Mandatory, not Permissive.**

Plaintiff tries to add a "plus" "the additional 3-day period" to LR 7.1(b) when the rule has no such "plus" language. The rule is clear that the "additional 3-day period" is already "included" in the mandatory 14 day due date. The District's previous Local Rules required responsive memoranda in 11 days, but the rules were revised and the due date was expressly set at 14 days to accommodate the "additional 3-day period" of Fed. R. Civ. P. 6(d). Ms. VanderMay seemed to understand this, as she consistently lodged responsive memoranda within the time frames set by the current Local Rules.  Lynch Decl. at ¶ 3.

///

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  Plaintiff's current counsel's reading of LR 7.1 makes no sense. For example,
2  the former local rules required at least five days after the briefing and before the
3  hearing for the Court to review the pleadings. The current Local Rules are consistent
4  with this: (i) non-dispositive motions are fully briefed 21 days after filing, with a
5  hearing no earlier than 30 days out; (ii) likewise, dispositive motions are fully
6  briefed 35 days after filing, with a hearing no earlier than 50 days out.

7  Here, the Motion to Compel was filed on June 13, 2014; the response was due
8  on June 27; and the reply would have been due on July 7 – giving the Court 7 days
9  until the noted hearing of July 14, 2014. But, according to plaintiff's LR 7.1
10 reading, its response would purportedly be due on June 30, 2014; making the reply
11 purportedly due on July 10 – leaving fewer than five days for the July 14, 2014
12 hearing. As another example, if a dispositive motion were filed this week on
13 Thursday, July 10, 2014, it could be noted at 50 days or August 22, 2014.
14 According to LR 7.1, the responsive memorandum would be due in three weeks, on
15 Thursday, July 31, and the reply would be due in two weeks, on Thursday, August
16 14 – giving the Court seven days until the hearing. However, under plaintiff's
17 interpretation of LR 7.1, the responsive memorandum would be due Monday,
18 August 4, leaving the reply due on Thursday, August 21—only one day before the
19

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

properly-noted August 22 hearing. Shortening the time for the Court to review motions obviously was not the intent of the Local Rules.

With the advent of the ECF system and it instantaneous service of all counsel, the court wisely consolidated all of the due dates in one place, under one rule – and that rule is 14 days for responsive memoranda for non-dispositive motions. There is no an ambiguity in LR 7.1(b)'s briefing schedules – the rules are clear and plaintiff did not follow them.

**2.   Mr. Lamberson is Prejudiced by the Late Pleading.**

Plaintiff asserts its late filing causes "absolutely no prejudice," and that Mr. Lamberson's articulation of prejudice is "completely circular" and "utterly devoid of merit." ECF No. 70 at p. 2. Plaintiff's trifecta of adverbs does not alter the truth: the late pleadings are an obvious prejudice.

Mr. Lamberson filed his Motion to Compel, ECF No. 57, on Friday, June 13, 2014. Plaintiff then filed its Motion to Dismiss, ECF No. 59, later that day. Plaintiff's responsive pleading to the Motion to Compel was due on Friday, June 27, and Mr. Lamberson's reply would be due on Friday, July 4, or Monday, July 7, given the holiday. Mr. Lamberson's responsive pleading to the Motion to Dismiss would also be due on Friday, July 4, or Monday, July 7 due to the holiday. Defense counsel realized it may have to file two significant briefs on the same day, and the

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

goal, given the schedules of counsel and staff, was to file both sets of pleadings on Thursday, July 3. Lynch Decl. at ¶ 4.

Defense counsel set-aside time over the weekend of June 28-29 to prepare a reply to the response to the Motion to Compel which was due on Friday, June 27, so that the week of June 30 could be devoted to the more elaborate briefing required on the Motion to Dismiss. Lynch Decl. at ¶¶ 4-9.

Mr. Lamberson's counsel discussed internally that plaintiff might not even file a response to the Motion to Compel, since plaintiff had otherwise abdicated any responsibility for the case since May, 2014. Mr. Lamberson's counsel knew the Motion to Compel remained important, since plaintiff would have an option under *Lau v. Glendora,* 729 F.2d 929 (9th Cir. 1985) to reject conditions placed on the dismissal (such as payment of defense attorneys' fees) and that the Motion to Compel would then be ripe. Indeed, defense counsel had expressed concern to plaintiff's counsel that the Motion to Dismiss was a delay tactic, expressly citing *Lau*. Lynch Decl. at ¶ 6.

Consequently, counsel waited on Friday, June 27, 2014 for plaintiff's response, but nothing came. Finally, at 6:18 p.m. that Friday evening, we determined that no responsive pleading would likely be filed, and Mr. Lynch's assistant who had been charged with our customary actions upon filing of a brief

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

left the office for home. Mr. Lynch checked the Court the next morning Saturday, June 28, 2014, and concluded that plaintiff had filed nothing. Consequently, no time was spent that weekend as planned to prepare a reply. Defense counsel assumed they would only need to file a Notice to invoke LR 7.1(d) to ask the Court to view plaintiff's silence as consent to the requested order compelling discovery. Lynch Decl. at ¶ 9.

That next Monday, June 30, 2014, at 5:01 p.m., after the filing of the LR 37.1(b) Joint Statement, ECF No. 61, plaintiff filed its late opposition to the motion to compel, along with its three related declarations. ECF No. 62.

Consequently, on Tuesday morning, July 1, 2014, defense counsel had to spend already-allocated time to dissect plaintiff's brief and declarations. After that review, defense counsel realized plaintiff had submitted no real opposition, but that plaintiff's pleading and its declarations were misleading and, without retort, could influence the Court. Therefore, defense counsel conducted the necessary legal research for a Motion to Strike, and prepared and filed the Motion to Strike, ECF. No. 63.

Given the clear violation of LR 7.1, there was some expectation that this Motion to Strike would coerce plaintiff to acknowledge its violation of the Local Rules and withdraw its pleading, or perhaps that the Court would promptly rule on

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

the Motion to Strike; but neither of those happened within the following 24 hours. Therefore, counsel for Mr. Lamberson added preparation of a reply to the Motion to Compel and corresponding declaration to their ongoing preparation of the response to the Motion to Dismiss and its corresponding declarations. Given the schedules to which counsel had already committed, the goal remained to file all of these pleadings on Thursday, July 3, 2014. That July 3 filing goal was met, but it required considerable extra work than counsel had assumed it was facing when Friday, June 27, 2014 came and went without any opposition to its Motion to Compel.

The prejudice to Mr. Lamberson is obvious: when no timely response was filed on Friday, June 27, 2014, it was assumed that that no response would be filed at all. When plaintiff declined to talk on Monday, June 30, 2014 and never indicated that pleadings were impending, it was assumed that no response would be filed at all. If no response had been filed at all, then no substantive reply would be necessary – no time would be required to address the four points raised in the brief, and no time would be required to parse plaintiff's declarations and their "on or about May 22" prevarications. But as it was, a full reply memorandum and supporting declaration were required, as well as the Motion to Strike the violative pleading. This is real prejudice, not simply a one-day delay. Plaintiff acted on its own priorities to submit its Motions for Default Judgments and their accompanying

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

requests for payment of over $200,000 in the *Elf-Man* case before it chose to attend to the June 27, 2014, deadline imposed by to Local Rules as to Mr. Lamberson's Motion to Compel. Lynch Decl. at ¶ 15.

Plaintiff sloughs-off Mr. Lamberson's assumptions that plaintiff's counsel would follow the Local Rules – with its cavalier opposition to the Motion to Strike asserting no prejudice. Plaintiff's former counsel had consistently lodged responsive memoranda with the court within the time frames set by the current Local Rules. Lynch Decl. at ¶ 3. The bottom line is that additional attorney time was necessitated by plaintiff's violation of the local rules and those violations caused Mr. Lamberson's counsel to have to realign its schedules and priorities, affecting the very pleadings it filed in the case. These are real prejudices, even if plaintiff thinks it has some right to impose these circumstances at its whim without repercussion.

Defendant brought its Motion to Strike for plaintiff's violation of the mandatory briefing schedule, but not for the variety of other Local Rule violations plaintiff has committed since Mr. Lowe's admission to the case. Those other violations have not expressly prejudiced Mr. Lamberson, although they are a frustrating flouting of the Local Rules and the Court may not especially appreciate them. For example, all three of the pleadings and related declarations filed by Mr. Lowe in this case have violated LR 10.1(a)(2) on font size, line spacing, and word

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

count per page. For example, Mr. Lowe's font size appears to be 13, when the Local Rule is 14. Mr. Lowe's line spacing appears to be 1.5, when the Local Rule is 2. Each of the full pages of the three pleadings exceeds the Local Rule full-page average word count of 280. The footnote of plaintiff's offending pleading, ECF No. 62 on p. 2, is single-spaced, but the Local Rule requires footnotes to be double-spaced. Lynch Decl. at ¶17. These are the types of violations that do not necessarily prejudice Mr. Lamberson – but a late-filed pleading when no pleading was otherwise timely on file does prejudice him.

### 3.    This Motion is not Spurious.

Mr. Lamberson's Motion to Strike is not spurious because his Motions to Compel are not moot. Plaintiff could moot those Motions by agreeing to pay the requested sum of $100,154.50 that Mr. Lamberson has requested as a condition on plaintiff's Motion to Dismiss. But plaintiff has done no such thing. The concern that plaintiff will use *Lau* as a delay tactic if the Court imposes such a condition is real.

Mr. Lamberson's two pending Motions to Compel make clear that plaintiff has deliberately avoided discovery of its investigators and investigative methods. Plaintiff's stubborn refusal to explain its real relationship to the German investigative company APMC, and the implausible explanation it finally provided, show plaintiff's reluctance to reveal the truth of its case when pushed. Plaintiff's

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

twice-repeated Fed. R. Civ. P. 12(b)(6) Motion based on the esoteric *Noerr-Pennington* antitrust immunity doctrine, combined with its twice-repeated Rule 9 and 12(f) Motions to Strike Mr. Lamberson's well-pleaded counterclaims are obvious attempts by plaintiff to avoid ever having to substantively *answer* the Counterclaims. The allegations of these counterclaims include that *Elf-Man* was seeded to BitTorrent before its public release date and that plaintiff has done nothing to stop the alleged infringement at its source because it needs BitTorrent activity for its speculative licensing program to work. The last thing plaintiff wants to do is to face the truth of the underlying facts. It is no wonder that plaintiff does not want to depose Mr. Lamberson or review his machine – plaintiff knows it will find nothing. Despite suing over 180 people in Washington State, plaintiff never has taken one deposition nor examined one computer. Plaintiff is engaged in 21st century champerty – manufacturing lawsuits to wrest settlements from people who might be innocent but would certainly pay more to defend themselves than they could pay to make the plaintiff go away. Mr. Lamberson has fully been acting within his rights to defend this case to clear his name – his pending Motions to Compel and this Motion to Strike are all consistent with this defense. Mr. Lamberson's counsel took his case because counsel *knew for certain* that Mr. Lamberson would prevail in the end. Lynch Decl. at ¶ 21. The "unfortunate waste

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 10

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

of time" here is not this Motion to Strike, it is plaintiff's failure to honestly deal with Mr. Lamberson from the start.

Ryan Lamberson respectfully requests that the Court grant his Motion to Strike, and to grant his Motions to Compel, and ordering immediate payment of sanctions and dismissal of plaintiff's case with prejudice.

///

DATED this 9th day of July, 2014.

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
Jeffrey R. Smith, WSBA #37460
Rhett V. Barney, WSBA #44764
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails:  chris@leehayes.com
         jeffreys@leehayes.com
         rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Lowe            lowe@lowegrahamjones.com

LEE & HAYES, PLLC


By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Email: chris@leehayes.com

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979