HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
        jeffreys@leehayes.com
        rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                                    Plaintiff,<br><br>      vs.<br><br>RYAN LAMBERSON,<br>                                  Defendants. | No. 2:13-CV-00395-TOR<br><br>DECLARATION OF<br>J. CHRISTOPHER LYNCH IN<br>SUPPORT OF DEFENDANT'S<br>REPLY MEMORANDUM RE<br>MOTION TO STRIKE |

I, J. Christopher Lynch, declare as follows:

1.      I am over 18 years of age and am competent to testify. I make this declaration based on my own personal knowledge. I am one of the attorneys for Defendant, Ryan Lamberson (hereinafter, "Mr. Lamberson").

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 1

1          2.       On June 17, 2014, I had a telephone conversation with Mr. Lowe

2    wherein we discussed the court's Local Rules regarding the scheduling of Motions.

3    Mr. Lowe made a comment about the 50 day hearing schedule for his Motion to

4    Dismiss. I made a comment about the two types of motion schedules  in our

5    District: dispositive motions (50 days), and non-dispositive motions (30 days). I

6    noted in that conversation that plaintiff's responsive brief to the Motion to Compel

7    would be due before Mr. Lamberson's responsive brief to the Motion to Dismiss. I

8    remember mentioning that Mr. Lamberson's responsive brief would be due on

9    Friday, July 4, or 21 days from the filing date. I do not remember mentioning when

10   plaintiff's brief would be due, but I knew it was 14 days from the filing date, or

11   Friday, June 27. Mr. Lowe did not ask for any assistance in resolving the

12   ambiguity he now claims is inherent in Local Rule 7.1. Had he raised this issue, I

13   would have told him the history of the original 11 day response date, five day reply

14   date, and five days for the Court, and how that scheme had been replaced with the

15   current rule 14 day response and 7 day reply due dates, which expressly include the

16   three day time period for electronic filing.

17         3.       Ms. VanderMay seemed to understand LR 7.1, as she consistently

18   lodged responsive memoranda with the court within the time frames set by the

19   current Local Rules.

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

4.    I filed Mr. Lamberson's Motion to Compel, ECF No. 57, on Friday, June 13, after exhausting my efforts to convince plaintiff to comply with the APMC discovery requests and to provide the required privilege log. Plaintiff then filed its Motion to Dismiss, ECF No. 59, later that same day. Under the Local Rules, plaintiff's responsive pleading to the Motion to Compel was due Friday, June 27, and Mr. Lamberson's reply would be due Friday, July 4, or Monday, July 7, given the Independence Day holiday. Mr. Lamberson's responsive pleading to the Motion to Dismiss would also be due Friday, July 4, or Monday, July 7, given the holiday. I realized my counsel team and staff may have to simultaneously file two significant briefs on the same day. Given the Independence Day holiday, my goal was to file both sets of pleadings by Thursday, July 3 so that no one would have to worry about these pleadings over the holiday weekend.

5.    I worked with my counsel team and staff on the response to the Motion to Dismiss during the week of June 23. This required significant research and documentation to cover the issues of applicability of conditions on the dismissal, the potential for withdrawal of the motion, whether sanctions could be a condition, the applicability of attorneys' fees, preparation of declaration testimony to support a claim for fees, and preparation of Mr. Lamberson's testimony to provide his explanation of innocence and inconvenience before the Court. We

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 3

1    completed much of the legal research during the week of June 23, and I personally

2    read over 50 related cases on the topics of Fed. R. Civ. P. 11, 37, 42, and 54 during

3    that week, as well as 28 U.S.C. § 1927 and 17 U.S.C. § 504 cases.

4         6.    We did not work on the reply for the Motion to Compel during the

5    week of June 23, since we did not know what plaintiff would say in opposition to

6    the Motion to Compel, or even if plaintiff would present such an opposition.

7    Plaintiff and its counsel had just no-showed at the noticed Fed. R. Civ. P. 30(b)(6)

8    deposition of Elf-Man, LLC that we had set for Friday, June 20, 2014, and which

9    my associate Mr. Barney was tasked with conducting. Consequently, our defense

10   team had a feeling plaintiff might not file an opposition to the Motion to Compel –

11   a feeling plaintiff might take the position it could abdicate its responsibilities based

12   on the filing of its Motion to Dismiss. I was concerned since I knew plaintiff could

13   use *Lau v. Glendora,* 729 F.2d 929 (9th Cir. 1985) to reject conditions we would

14   request to be placed on the dismissal, and I had already done as much as I could on

15   that point by writing Mr. Lowe on June 16, 2014, to pointedly state "We are

16   concerned the Motion to Dismiss is a delay tactic."

17        7.    We watched the court filings carefully on Friday, June 27 to see if

18   plaintiff would file its responsive memorandum. We saw the filings by Mr. Lowe

19   in the main *Elf-Man* and *The Thompsons Film* cases, requesting $30,000 from each

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1   defendant in default and asking for attorneys' fees for Mr. Lowe at $495 per hour

2   and Ms. VanderMay at $450 per hour. I could see the apparent errors in Ms.

3   VanderMay's timekeeping and her fee request, including a demand for over 18

4   hours of work for March 26, 2013, for preparation of the *Elf-Man* and *The*

5   *Thompsons Film* Complaints – when the *Elf-Man* complaint had been filed on

6   March 22, 2013. This discrepancy did not come as a surprise to me, since from my

7   experience over the course of the matter, I had lost any sense of trust that I initially

8   had in Ms. VanderMay at the beginning of the case. I also knew that she did not in

9   fact personally prepare these complaints, since the form of the Complaint, the form

10  of the Motion for Expedited Discovery, and the form of the Amended Complaint

11  were carbon copies of those same pleadings filed by Mr. Crowell in the District of

12  Oregon. I recall feeling sad that Ms. VanderMay was making these apparent

13  inaccurate requests for fees and that Mr. Lowe had not checked or challenged them

14  and thinking that the poor defendants who might in fact be innocent like Mr.

15  Lamberson would have no advocate to point out the inaccuracies.

16      8.      My principal paralegal staff member Julie Sampson stayed at the

17  office that Friday evening, June 27, waiting for plaintiff's pleading, and she had

18  instructions when it arrived to forward the copies to our defense team. She would

19  also have the other customary tasks we undertake when a new pleading is filed

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  such as gathering the authority and preparing initial reply pleading shells for the

2  lawyers to complete. At 6:18 p.m., we concluded no pleading would be filed, and

3  Ms. Sampson left the office. I had already left. Her email to me on the point is

4  attached as Exhibit A.

5      9.      I checked my ECF mail that night at 10:00 p.m. and no pleading had

6  been filed. I checked again Saturday morning, June 28, before 6:00 a.m., and no

7  pleading had been filed. I concluded plaintiff was filing nothing. I concluded that

8  the only reply that would be necessary would be a Notice under LR 7.1(d)

9  requesting the Court to assume that the plaintiff conceded the Motion to Compel

10  by its silence.

11      10.     On Monday, June 30, 2014, I knew that our required LR 37.1(b) Joint

12  Statement would be due to the Court to explain if any differences remained on the

13  discovery at issue. I wrote that morning to Mr. Lowe offering to talk at 10:00 a.m.

14  or 1:00 p.m., and provided an advance copy of my part of the Joint Statement. Mr.

15  Lowe replied by email at 11:30 a.m., saying "Thanks Chris. I'm in meetings most

16  of today, but will get you our statement by mid-afternoon at the latest." A copy of

17  this email string is attached as Exhibit B.  Mr. Lowe said nothing about filing a

18  responsive memorandum or declarations on that date. Over the prior three weeks, I

19  had continually been asking for such a declaration if in fact the objections had been

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  served on May 22 when the postmark was May 28. The fact that such a

2  Declaration had never been voluntarily provided had confirmed my suspicions that

3  Ms. VanderMay's May 22 Certificate of Service was in error.

4        11.     Later on June 30, after the LR 37.1(b) Joint Statement, ECF No. 61,

5  had been filed, plaintiff filed its late opposition and the related declarations of Mr.

6  Lowe, Ms. VanderMay, and Ms. Sweeten. I evaluated this pleading and these

7  declarations and concluded the pleading was fundamentally misleading and that

8  the declarations each might include some true statements, but the combination of

9  the Declarations continued to support my conclusion that Ms. VanderMay's

10  Certificate of Service was in error. I concluded that Ms. Sweeten's "on or about

11  May 22" language was her attempt at helping her boss, but trying to remain

12  truthful for the Court. I knew I had to respond to these pleadings, even though they

13  were late and otherwise in violation of the local rules.

14        12.     Consequently, on Tuesday, July 1, 2014, even though we had

15  scheduled this time for continued preparation of Mr. Lamberson's response to the

16  Motion to Dismiss, I researched Motions to Strike and all of the applicable Local

17  Rules as to the timing and form of pleadings. I decided to bring a Motion to Strike

18  the offending opposition and its misleading declarations, and to articulate the

19  prejudice the late filing had caused, as I have explained above. I decided not to

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 7

1  base the Motion to Strike on the formatting errors plaintiff had made, but to base

2  the Motion to Dismiss on the late filing which had indeed prejudiced Mr.

3  Lamberson and our defense team. The Motion to Strike was prepared, finalized

4  and filed on Tuesday, July 1.

5      13.    I concluded the Motion to Strike might coerce Mr. Lowe to admit his

6  error and withdraw the pleading. To my knowledge, Mr. Lowe has a good

7  reputation as an attorney, and my telephone conversations with him showed he had

8  considerably more understanding of the Copyright Act than Ms. VanderMay had

9  ever displayed. But, no such withdrawal came and the Court did not rule on the

10 Motion to Strike right away.

11      14.    Consequently, now I had only two days to prepare and file a reply

12 memorandum and related declarations all in conjunction with the other work we

13 were doing to respond to the Motion to Dismiss. We were able to prepare all of

14 these pleadings by my deadline of Thursday, July 3, 2014. The pleadings are

15 satisfactory, but I know I would have been able to make more points and better

16 points if plaintiff had filed its pleadings on time.

17      15.    The prejudice to Mr. Lamberson is obvious: when no timely response

18 was filed on Friday, June 27, it was assumed that that no response would be filed at

19 all. When plaintiff refused to talk on Monday, June 30 and never indicated that

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

pleadings were impending, it was assumed that no response would be filed at all. If no response had been filed, then no substantive reply would be necessary – no time would be required to address the four points raised in the brief, and no time would be required to parse plaintiff's declarations and their "on or about May 22" prevarications. But as it was, a full reply memorandum and supporting declaration were required, as well as the Motion to Strike the violative pleading. This is real prejudice, not simply a one-day delay engendered by plaintiff's priorities to submit its Motions for Default Judgments and their accompanying requests for payment of over $200,000 in the *Elf-Man* case before it chose to attend to its actual June 27 deadline imposed by the Local Rules as to Mr. Lamberson's Motion to Compel. The bottom line is that additional attorney time was necessitated by plaintiff's violation of the local rules and those violations caused Mr. Lamberson's counsel to have to realign its schedules and priorities. These are real prejudices, even if plaintiff thinks it has some right to impose these circumstances at its whim without repercussion.

16.    Now that plaintiff continues to fight to support its actions in violation of the Local Rules as a no-harm-no-foul type of incident. I had my staff look carefully at Mr. Lowe's pleadings in the case for other violations of the Local Rules. I knew there were such violations since the fonts looked too small, and the

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    line spacing looked too small, and the footnote was not double spaced as the rules

2    require.

3        17.    My staff did a word count on Mr. Lowe's three recent pleadings and

4    concluded each full page from each pleading exceeded the 280 word average of LR

5    10.1(a)(2) (i.e. 323 words, 350 words, and 326 words). My staff physically retyped

6    Mr. Lowe's most recent pleading, ECF No. 70, using different type fonts and line

7    spacing to accurately reproduce his work. We concluded plaintiff's type font is 13

8    point type, not 14 as the Local Rules requires, and the line spacing is 1.5, not 2 as

9    the Local Rules require. The single-spaced footnote was evident. These violations

10   of the Local Rules have not prejudiced Mr. Lamberson but they are a violation of

11   Local Rules. I brought the Motion to Strike for plaintiff's violation of the

12   mandatory briefing schedule, but not for this variety of other Local Rule violations

13   plaintiff has committed since Mr. Lowe's admission to the case.

14       18.    Mr. Lamberson's Motion to Strike is not spurious because his

15   Motions to Compel are not moot. Plaintiff could moot those Motions by agreeing

16   to pay the requested sum of $100,154.50 that Mr. Lamberson has requested as a

17   condition on plaintiff's Motion to Dismiss. However, plaintiff has done no such

18   thing. The concern that plaintiff will use *Lau* as a delay tactic if the Court imposes

19   such a condition is real.

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 10

19.   Mr. Lamberson's two pending Motions to Compel make clear that plaintiff has deliberately avoided discovery of its investigators and investigative methods. Plaintiff's stubborn refusal to explain its real relationship to the German investigative company APMC and the implausible explanation it finally provided show plaintiff's reluctance to show the truth of its case when pushed. Plaintiff's twice-repeated Fed. R. Civ. P. 12(b)(6) Motion based on the esoteric *Noerr-Pennington* antitrust immunity doctrine, combined with its twice-repeated Rule 9 and 12(f) Motions to Strike Mr. Lamberson's well-pleaded counterclaims are obvious attempts by plaintiff to avoid ever having to substantively *answer* the Counterclaims. The allegations of these counterclaims include that *Elf-Man* was seeded to BitTorrent before its public release date and that plaintiff has done nothing to stop the alleged infringement at its source. The last thing plaintiff wants to do is to face the truth of the underlying facts. It is no wonder that plaintiff does not want to depose Mr. Lamberson or review his machine – plaintiff knows it will find nothing. Despite suing over 180 people in Washington State, plaintiff never has taken one deposition nor examined one computer. Plaintiff is engaged in 21st century champerty – manufacturing lawsuits to wrest settlements from people who might be innocent but would certainly pay more to defend themselves than they could pay to make the plaintiff go away.

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 11

1    20.    Mr. Lamberson has fully been acting within his rights to defend this

2  case to clear his name – Mr. Lamberson's pending Motions to Compel and this

3  Motion to Strike are all consistent with this defense.

4    21.    I took Mr. Lamberson's case because I *knew for certain* that Mr.

5  Lamberson would prevail in the end. The "unfortunate waste of time" here is not

6  this Motion to Strike, it is plaintiff's failure to honestly deal with Mr. Lamberson

7  from the start.

8    I declare under penalty of perjury under the laws of the United States that

9  the foregoing is true and correct.

10    DATED this 9th day of July, 2014 at Spokane, Washington.

11          LEE & HAYES, PLLC

12
          By: *s/ J. Christopher Lynch*
13          J. Christopher Lynch, WSBA #17462
            601 W. Riverside Avenue, Suite 1400
14          Spokane, WA 99201
            Phone: (509) 324-9256
15          Fax: (509) 323-8979
            Emails:  chris@leehayes.com
16                   jeffreys@leehayes.com
                     rhettb@leehayes.com
17
          *Counsel for Defendant Ryan Lamberson*
18

19

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 9th day of July, 2014, I caused to be electronically

3

filed the foregoing with the Clerk of the Court using the CM/ECF system which

4

will send notification of such filing to the following:

5

David A. Lowe          lowe@lowegrahamjones.com

6

7

LEE & HAYES, PLLC

8

9

By: s/ J. Christopher Lynch
    J. Christopher Lynch, WSBA #17462

10

    601 W. Riverside Avenue, Suite 1400
    Spokane, WA 99201

11

    Phone: (509) 324-9256
    Fax: (509) 323-8979

12

    Email: chris@leehayes.com

13

14

15

16

17

18

19

DECLARATION OF J. CHRISTOPHER LYNCH
IN SUPPORT OF DEFENDANT'S REPLY
MEMORANDUM RE MOTION TO STRIKE- 13