HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
        jeffreys@leehayes.com
        rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ELF-MAN, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RYAN LAMBERSON, <br><br> Defendant. | No. 2:13-CV-00395-TOR <br><br> DEFENDANT'S MOTION FOR ATTORNEYS' FEES <br><br> Without Oral Argument <br> DATE: August 20, 2014 |

DEFENDANT'S MOTION FOR
ATTORNEYS'FEES AND COSTS - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

Defendant Ryan Lamberson is the prevailing party. Judgment was entered. ECF No. 74. The Order of Dismissal, ECF No. 73, invites this motion for attorneys' fees and costs. This Motion is supported by the Declaration of J. Christopher Lynch and previous declarations of counsel. A Cost Bill in the LR 54.1 format of the District is included.

**1.    Statutory Costs under 28 U.S.C. §§ 1920, 1923.**

28 U.S.C. § 1920 allows statutory costs. A Bill of Costs, upon allowance, is included in the Judgment. 28 U.S.C. §§ 1920 (2), (3), and (4) are applicable here. Mr. Lamberson requests: (i) $154.50 for the court reporter fee (§ 1920(2)); (ii) $198.38 for the witness fee and service (§ 1920(3)); (iii) $997.94 for copies of materials (§ 1920(4)); and (iv) the $20 provided by 28 U.S.C. § 1923. The deposition transcript, the subpoena to Vision Films, the PACER entries and the photocopy costs are allowable and were necessarily incurred. Lynch Decl. at ¶¶ 2-6. Fed. R. Civ. P. 54(d)(1) authorizes the award of these costs without motion. The sum of these allowable costs is $1,370.82.

**2.    Statutory Costs and Attorneys' Fees under 17 U.S.C. § 505, RCW 4.84.250, and Fed. R. Civ. P. 54(d)(2)(A).**

The Copyright Act expressly authorizes payment of "full costs," plus attorneys' fees as part of the costs:

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party…. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

In addition, Washington law authorizes attorneys' fees in matters under $10,000 if the defendant prevails. RCW 4.84.250. Plaintiff's demand was $7,400. Lynch Decl. at ¶ 7. This policy makes sense where foreign corporations are suing individuals who may have literally no connection to the false allegations.

Fed. R. Civ. P. 54(d)(2) addresses awards of attorneys' fees and related non-taxable expenses. Unlike the statutory Cost Bill, a request for attorneys' fees and related non-taxable expenses requires a motion. Fed. R. Civ. P. 54(d)(2)(A). Under Fed. R. Civ. P. 54(d)(2)(B)(i): this motion is timely brought on or before July 24, 2014. Under Fed. R. Civ. P. 54(d)(2)(B)(ii) and (iii): the applicable Judgment is ECF No. 73, the applicable statutes are 17 U.S.C. § 505 and RCW 4.84.250, and the requested amount is $191,264.37, plus reply fees and reply costs.

**3.    The Case Law Supports the Requested Attorneys' Fees.**

In *Fogerty v. Fantasy,* 510 U.S. 517, 534 (1994) the Supreme Court held that the prevailing party language of 17 U.S.C. § 505 included prevailing defendants. The U.S. Constitution at Article I, Section 8, Clause 8 expressly sets a balancing test for copyright: advancement of arts and sciences is incentivized by the institution of

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

a limited monopoly – and that balance advances society as a whole. Mr. Lamberson's fees are earned in respect of that test – establishing boundaries of that limited monopoly. Unlike patent (35 U.S.C. § 285) and trademark (15 U.S.C. § 1117(a)), no "exceptional case" is required for copyright defense attorneys' fees. Mr. Lamberson was doing what the law encourages him to do under 17 U.S.C. § 505.

In determining copyright attorneys' fees, the Court may consider: (1) degree of success; (2) frivolousness of the losing party; (3) motivation of the losing party; (4) objective unreasonableness of the losing party; and (5) considerations of compensation, chilling effect, and deterrence. *Fogerty v. Fantasy,* 510 U.S. 517, 535 n.19 (1994); *Ets-Hokin v. Skyy Spirits, Inc.,* 323 F.3d 763, 766 (9th Cir. 2003); *Wall Data v. Los Angeles Cnty. Sheriff's Dep't,* 447 F.3d 769, 787 (9th Cir. 2006).

The factors all support Mr. Lamberson's request. (1) Mr. Lamberson fully prevailed. Plaintiff made no record to the contrary. (2) Plaintiff's claims were frivolous: that is, baseless and without reasonable inquiry. An objective investigation would consider whether a plausible Copyright Act claim case could be lodged against subscriber names, given questionable admissibility of the foreign evidence. (3) Plaintiff was motivated to get subscriber information to coerce those subscribers to pay it money without telling them the truth. Plaintiff was not

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

motivated to participate in discovery on its investigation and evidence. Plaintiff's motivation is seen in the admission it made in discovery: Plaintiff had not served the customary DMCA takedown notice against any hosts of the links about which it complained – in other words, fuel for plaintiff's speculative invoicing program was more of a priority than stopping the alleged piracy at its source. (4) Plaintiff's investigation was not objectively sufficient and is the subject of Mr. Lamberson's Rule 11 Motion filed herewith. (5) This entire matter could have been avoided immediately after service in October 2013 when Mr. Lamberson offered to be interviewed or deposed, to have his computer examined, and to accept a dismissal at that time for no costs or fees before he Answered. Lynch Decl. at ¶ 8.

*Pythagoras Intellectual Holdings v. Stegall* awarded defense copyright attorneys' fees following withdrawal of plaintiff's counsel and the Court's order of dismissal. Case No. 8:08-cv-0087, ECF No. 376, 2009 WL 3245000 (C.D. Cal. 2009). The Court found for the defendant on all five of the *Wall Data* factors, and concluded as to factor five:

> Finally, the Court finds that the need for deterrence here is strong. An award of fees in this case will deter plaintiffs from filing and arguing frivolous and baseless claims in the future….Further, an award of fees will encourage plaintiffs to choose defendants carefully in future suits to ensure that plaintiffs have a reasonable basis for each claim against each defendant.

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

*Id. Pythagoras* awarded attorneys' fees under the Copyright Act to each requesting defendant. *See, e.g., Id.,* at ECF No. 388 (awarding $128,264); and ECF No. 386 (ordering the payment to be made by plaintiff immediately).

*Atlantic Recording v. Andersen* awarded attorneys' fees of $103,175 to prevailing defendants in a peer-to-peer copyright case. Case No. 3:05-cv-00933, at ECF No. 199, 2008 WL 2536834 (D. Or. 2008). *Capitol Records v. Foster* awarded attorneys' fees of $86,685.23 to prevailing defendants in a peer-to-peer copyright case. Case No. 5:04-1569, at ECF No. 161, 2007 WL 1028532 (W.D. Okla. 2007). *Mattel v. Walking Mountain* awarded attorneys' fees of $1,548,089 to prevailing defendants in copyright fair use case. Case No. 2:99-cv-08543, ECF No. 388 (C.D. Cal 2004). The Ninth Circuit in *Inhale Inc. v. Starbuzz Tobacco, Inc.* affirmed an award of $111,993 in attorneys' fees to prevailing defendants in a copyright design case. 739 F.3d 446, 450 (9th Cir. 2013) *amended by* 2014 WL 2465052 (9th Cir. 2014). In *Wall Data, supra,* the Ninth Circuit affirmed attorneys' fees of $516,271 under copyright's Section 505. All of these cases support the request here.

**4.    The Requested Attorneys' Fees were Necessarily Incurred.**

Intellectual property cases are complex, especially where the plaintiff actively avoids discovery. The American Intellectual Property Law Association

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

publishes cost statistics. The 2013 statistics show an average of $216,000 through discovery for copyright cases with a value less than $1,000,000, and an average of $373,000 through trial for those small cases. Although *Elf-Man* can be purchased for under $10, plaintiff has sought $30,000 from each defendant in default judgments and the value of its Washington cases at 181 multiplied by $30,000 is over $5,400,000. The average cost of copyright cases with a value between $1,000,000 and $10,000,000 through discovery is $415,000, and the cost through trial for those cases is $710,000. Lynch Decl. at ¶ 9.

Here, the defense requests an award of attorneys' fees for 377.7 hours for Mr. Lynch, 84 hours for Mr. Smith, and 43.8 hours for Mr. Barney. Although the time has been lodged to Mr. Lamberson's bills at rates of $250 for Mr. Lynch and $200 for Messrs Smith and Barney, this Motion requests a lodestar of $400 for Mr. Lynch, $300 for Mr. Smith, and $250 for Mr. Barney. These are reasonable hourly rates for the relative experience and skill of each counsel and such an award furthers the policies of the factors. Lynch Decl. ¶¶ 10-13. Mr. Lowe has requested $495 per hour for his time and $450 for Ms. VanderMay in the default judgments. ECF No. 112-1. The lodestar rate charged to the client carries a strong presumption of reasonableness, *see, City of Burlington v. Dague,* 505 U.S. 557, 561 (1992), yet the Court's duty is to use the prevailing market rate for similar services of lawyers

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

of reasonably comparable skill, experience and reputation, *see, Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210-1211 (9th Cir. 1986). In the end, the Court has discretion to set reasonable hourly rates for the market and multiply those rates by the number of hours reasonably spent. *See, Hensley v. Eckerhart,* 461 U.S. 433, 437 (1983). At the hourly rates lodged to Mr. Lamberson's files, the requested amount for attorneys' fees is $122,485, plus reply fees. At the requested lodestars, the requested amount for attorneys' fees is $191,230, plus reply fees.

**5.   Non-Taxable Costs were Incurred and should be Awarded.**

17 U.S.C. § 505 allows the court to award "full costs" in addition to attorneys' fees. Here, the incidental costs in addition to those awardable as part of the Cost Bill under 28 U.S.C. § 1920, are: $24.63 for postage and federal express; and $9.74 for a copy of the *Elf-Man* video. This total request is $34.37. Lynch Decl. at ¶ 14.

**6.   Immediate Payment, Bond, or Security are Appropriate.**

The Court has discretion to Order the plaintiff and/or its representatives to pay costs and attorneys' fees immediately. *Pythagoras Intellectual Holdings v. Stegall*, No. 8:08-cv-0087, at ECF No. 386, 2009 WL 3245000 (C.D. Cal. 2009) (ordering payment of costs and fees awarded to copyright defendant to be made immediately). Equity supports payment now rather than forcing Mr. Lamberson to

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

chase the plaintiff back to Maryland or California or Germany for the compensation he is due. Plaintiff filed numerous federal mass-defendant lawsuits, and plaintiff's un-named "representatives" are responsible for many more cases. Plaintiff and its representatives should expect the real cost at this time in this District of having to immediately compensate those individuals who prevail in the manner of Mr. Lamberson. Mr. Lamberson never undertook any actions directed toward plaintiff, or Maryland, or California, or Germany; it would be unfair to require him to venture to those places to enforce the award that was supposed to make him whole.

RCW 4.84.210 allows the Court to order entry of a bond or other security to cover costs and other charges that may be awarded against a foreign corporation bringing litigation in the state. Elf-Man LLC is a Maryland LLC. Vision Films, Inc. is a California corporation. APMC, LLC is a California LLC. None of these companies is authorized to conduct business in the state of Washington. These companies have used unlicensed private investigators to create evidence they hoped to introduce into court in contravention of RCW 18.165.010 *et seq*.

Mr. Lamberson's sincere claims of innocence, accurately articulated by his counsel under the operative law and facts, were ignored by plaintiff who insisted on payment of $7,400. The policy of RCW 4.84.210 is to insert a decision point on litigation for a foreign corporation: filing, then cutting and running is not an option

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  in Washington courts. Washington law expressly allows the requirement of a bond
2  or other security to cover the assessed costs of a case. *See White Coral Corp. v.*
3  *Geyser Giant Clam Farms, LLC,* 145 Wn. App. 862, 867-69 (Ct. App. 2008)
4  (affirming order of $125,000 bond against defense costs and attorneys' fees). The
5  requirement of immediate posting of a bond/security, or immediate payment into
6  the Court would facilitate orderly payment to Mr. Lamberson and allow plaintiff
7  coordination of plaintiff's requested default judgments with the other attorneys'
8  fees matters that will presumably follow from the other innocent defendants in the
9  principal *Elf-Man* case who have answered.

10  Finally, Mr. Lamberson requests that any award herein become a judgment
11  against plaintiff and its "representatives," including APMC, LLC, the financier of
12  the case and real party in interest. AMPC stood to collect first had Elf-Man LLC
13  prevailed, so APMC should stand to pay first when Elf-Man LLC loses. Lynch
14  Decl. at ¶15.

15  **7.   Conclusion.**

16  Mr. Lamberson is the prevailing party in the case. The law and the facts
17  support an award of full costs and attorneys' fees in the amounts sought. Mr.
18  Lamberson respectfully requests the Court order immediate payment from all real

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 10

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

parties in interest, or immediate posting of security from all real parties in interest, to support the following award and judgment:

 (i) $1,370.82 for costs under 28 U.S.C. § 1920, including the $20 fee under 28 U.S.C. § 1923;

 (ii) $191,230 for attorneys' fees under 17 U.S.C. § 505; plus any fees incurred in reply and argument of its motions filed today;

 (iii) $34.37 under 17 U.S.C. § 505 for full costs incurred in addition to those awarded under 28 U.S.C. §§ 1920, 1923; and

 (iv) For any and all other monetary or equitable relief this Court deems just.

DATED this 21st day of July, 2014.

       LEE & HAYES, PLLC

       By: *s/ J. Christopher Lynch*
        J. Christopher Lynch, WSBA #17462
        Jeffrey R. Smith, WSBA #37460
        Rhett V. Barney, WSBA #44764
        601 W. Riverside Avenue, Suite 1400
        Spokane, WA 99201
        Phone: (509) 324-9256
        Fax: (509) 323-8979
        Emails: chris@leehayes.com
           jeffreys@leehayes.com
           rhettb@leehayes.com

       *Counsel for Defendant Ryan Lamberson*

DEFENDANT'S MOTION FOR
ATTORNEYS'FEES AND COSTS - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Lowe          lowe@lowegrahamjones.com

And I hereby certify that I have mailed by United States Postal Service the document to the following:

Maureen C. VanderMay
The VanderMay Law Firm
2021 S. Jones Boulevard
Las Vegas, NV 89146

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Email: chris@leehayes.com

DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979