HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
        jeffreys@leehayes.com
        rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, | No. 2:13-CV-00395-TOR |
| Plaintiff, | |
| vs. | DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 |
| RYAN LAMBERSON, | |
| Defendant. | Without Oral Argument<br>DATE: August 20, 2014 |

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

Ryan Lamberson brings this Motion for Sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. This Motion is supported by the Declaration of counsel, J. Christopher Lynch and counsels' prior declarations.

**A.    Sanctions are Appropriate under 28 U.S.C. § 1927 and the Court's Inherent Authority.**

28 U.S.C. § 1927 is a tool to curb litigation tactics that needlessly complicate matters:

> Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The court also has inherent authority to sanction parties and counsel. Requests under § 1927 and the Court's inherent authority are often considered together, but the required factual findings differ slightly. The Ninth Circuit recently affirmed an award of $247,397.28 in fees and $10,808.76 in costs awarded to a successful copyright defendant in *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010) under both § 1927 and the Court's inherent authority. *Lahiri* addresses the slight difference in proof required under § 1927 and inherent authority:

> Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding. *See B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107-08 (9th Cir. 2002) (attorney's knowing and reckless introduction of inadmissible

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

evidence was tantamount to bad faith and warranted sanctions under § 1927 and the court's inherent power); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) (attorney's reckless misstatements of law and fact, combined with an improper purpose, are sanctionable under the court's inherent power).

Here, the conduct of plaintiff and its counsel is subject to sanctions under both tests. Plaintiff was reckless in its undertakings, multiplying the proceedings. There is repeated evidence of bad faith, including concealing a real party in interest. Plaintiff's decisions were uniformly inconsistent with the genuine interests of Elf-Man, LLC, a schism that led to withdrawal of counsel. This is improper purpose, and improper purpose is bad faith under the authority. APMC, LLC, Vision Films, Inc., and plaintiff's counsel should be with Elf-Man, LLC before the Court. Here are ten representative examples of multiplication of the proceedings:

**1.    Multiplication #1: The First Amended Complaint.**

Had the First Amended Complaint been withdrawn under the Fed. R. Civ. P. 11 request, the case would have been terminated. It was bad faith to proceed with the First Amended Complaint in spite of warnings about Rule 11 and "false positives" from the investigation. Declining to examine Mr. Lamberson's computer is bad faith. Lynch Decl. at ¶¶ 1-7. Although initial Complaints are not subject to 28 U.S.C. § 1927 sanctions (*see, e.g., in Re Keegan Management*, 78 F.3d 431, 435

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

(9th Cir. 1995)), the First Amended Complaint is a multiplication of the matter that could have been avoided.

### 2. Multiplication #2: Where are the valid summonses?

Plaintiff filed the case on March 22, 2013, and its ability to serve summonses expired July 22, 2013. During this period, plaintiff did not seek an extension under Fed. R. Civ. P. 4(m). Mr. Lamberson was served after plaintiff's time for service had been expired, and before any order for an extension had issued. Plaintiff's delay in seeking summonses and serving Mr. Lamberson after time expired were multiplications of the matter undertaken in bad faith.

### 3. Multiplication #3: Where is the Copyright Certificate?

Ms. VanderMay failed to submit the purported Copyright Registration Certificate for *Elf-Man*. The certificate is jurisdictional (17 U.S.C. § 411(b)(1)); is required for statutory damages and plaintiff's attorneys' fees (17 U.S.C. §§ 411(b)(1), 412)); and is required to make a prima facie case for ownership and copyrightability. 17 U.S.C. §410(c). In none of the *Elf-Man* cases was a complete copy of the certificate included. This failure multiplied the matter as discovery was undertaken on the presumptive rights. Lynch Decl. at ¶ 8.

### 4. Multiplication #4: Who "Observed Infringing"?

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

Plaintiff did not include any witness with its Motion to Expedite Discovery (*Elf-Man, LLC v. Does 1 – 29*, 13-cv-00115-TOR, ECF No. 4 (E.D. Wa. 2013)). When pushed, plaintiff's counsel admitted she was not aware who the witness was. When defense counsel suggested it might be the same "Darren M. Griffin" who had purportedly submitted other *Elf-Man* declarations, Ms. VanderMay indicated she would inquire, but then she indicated she would not inquire, claiming it would be a waste of time. Defense counsel investigated Mr. Griffin, who submitted declarations in dozens of BitTorrent lawsuits, signing only by initials and without ever identifying where is he located, or where the declarations were signed, or how he could be working for Crystal Bay Corporation of South Dakota when it has no operations. Defense counsel tried to locate a Mr. Darren M. Griffin with a technical background in the United States or Germany and could not do so. It may be that plaintiff did not include the name of Mr. Griffin on the Initial Disclosures because he is fictitious. If so, then none of the *Elf-Man, LLC* cases are based on any true witness testimony. Even if Darren M. Griffin is a real person, how could he not be the witness in the Washington and Oregon cases, when the typed-up charts of infringement overlap in dates and times? Lynch Decl. at 9. Ms. VanderMay's admission that she was unaware of her witness and her failure to inquire were multiplications of the matter undertaken in bad faith.

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

**5.     Multiplication #5: Where are the Initial Disclosures?**

Plaintiff's Initial Disclosures due on December 16, 2013, included no documents. Defendant immediately requested the documents. Plaintiff refused to provide them, offering to produce them only later in January 2014. Nothing was produced in January 2014. Plaintiff served discovery on January 16, 2014, despite Fed. R. Civ. P. 26(d)(1)'s prohibition. Lynch Decl. at ¶¶ 7-11. It was a multiplication of the matter undertaken in bad faith for plaintiff to decline to provide the Initial Disclosures, while serving it own discovery in violation of Fed. R. Civ. P. 26(d)(1).

**6.     Multiplication #6: Where is the Discovery?**

Defendant served requests for production on plaintiff on December 16, 2014. Plaintiff provided no documents on the due date. Defense counsel made multiple requests for the documents to no avail. A hearing resulted in the Court's Order, ECF No. 32, on February 27, 2014. It was a multiplication of the matter undertaken in bad faith to refuse to provide relevant discovery.

**7.     Multiplication #7: Where is the Technical Report?**

Plaintiff's Initial Disclosures identify a PCAP report and a related "technical report." Plaintiff provided the PCAP report, but not the technical report. Defense counsel decrypted the PCAP report. It confirmed only one technical exchange: one

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

request was made by the foreign computer, and one imperceptible piece was sent by the unknown device. The PCAP report confirmed plaintiff had no evidence that Mr. Lamberson downloaded anything, including no evidence that he downloaded the entire movie, or uploaded the entire movie. Had plaintiff provided the technical report, this might have been more readily apparent. Lynch Decl. at ¶ 10. It was a multiplication of the matter in bad faith not to provide the technical report and to require decryption of the PCAP report and its exculpatory evidence.

**8.    Multiplication #8: Where is the Investigator Explanation?**

Plaintiff claimed it had no documents in response to request for Production No. 15. The Court on February 27, 2014, ordered plaintiff to provide a narrative explanation of the relationship of the plaintiff to the investigators. Plaintiff did not provide the explanation within 14 days as required by LR 37.1(c), nor after several written requests. On April 14, 2014, the proffered explanation was provided but it is implausible. Defense counsel confronted plaintiff on April 16, 2014, that the explanation could not be true. No plausible explanation was ever provided. Lynch Decl. at ¶¶ 12-14. It was a multiplication of the matter undertaken in bad faith to perpetuate a false explanation of the relationship in response to a Court order.

**9.    Multiplication #9: Where are the Investigators?**

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

Along with providing an implausible explanation of the relationship of the plaintiff to its investigators, plaintiff provided inaccurate contact information for them. The inaccurate information was designed to disguise the witnesses' true employer, a company associated with GuardaLey of Karlsruhe, Germany. Defense counsel asked repeatedly for true information; plaintiff's stated they would look into it, but nothing was done. Plaintiff refused the offer to depose the investigators in Spokane and preserve their testimony since they would have to come to Spokane in any event. Lynch Decl. at ¶¶ 12-14. It was a multiplication of the matter undertaken in bad faith to provide false information in Initial Disclosures and to refuse depositions.

**10.    Multiplication #10: Who is APMC?**

Plaintiff failed to respond to discovery about APMC. APMC is the apparent real party in interest in this case, yet it has never been the subject of any corporate disclosure statement or other identification to the Court. Plaintiff did not admit APMC was a party when resisting the deposition in Spokane of Mr. Macek – a party is required to submit to deposition in the District. Plaintiff was so reluctant to reveal evidence about APMC that it moved to dismiss its own action, ECF No. 59, right after Mr. Lamberson filed his Motion to Compel the APMC evidence, ECF No. 57. It was a multiplication of the matter undertaken in bad faith for plaintiff to refuse to

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

participate in discovery over its APMC correspondence and to fail to identify APMC as a real party in interest.

There are other examples of multiplication of actions undertaken for the interests of APMC and not Elf-Man, LLC. Plaintiff went to great lengths not to ever answer the Counterclaims, including never asking for a ruling on its esoteric *Noerr-Pennington* antitrust immunity doctrine Motion to Dismiss, ECF No. 37. That motion gave plaintiff an indefinite stay from answering the counterclaim allegations that exposed APMC's unlawful speculative invoicing program. APMC's multiplications of the lawsuit, undertaken at Elf-Man, LLC's expense, and Ms. VanderMay's withdrawal over ethical issues in two different cases, demand that APMC come before the Court.

**B.    The Case Law Support an Award of Sanctions.**

Judge Otis Wright's Order Issuing Sanctions, ECF No. 130, in *Ingenuity 13 v. John Doe*, Case No. 2:12-cv-08333, C. D. Cal. (2013) against a copyright holder's flawed mass-defendant BitTorrent strategy is directly on-point:

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and affordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle – for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

designed to compensate starving artists allow starving attorneys in this electronic-media era to plunder the citizenry. Plaintiffs do have a right to assert their intellectual property rights, so long as they do it right. But Plaintiff's filing of cases using the same boilerplate complaint against dozens of defendants raised the Court's alert. It was when the Court realized Plaintiffs engaged their cloak of shell companies and fraud that the Court went to battle stations.

*Id.* ECF No. 130 at pp.1-2. Lynch Decl. 14.

*Elf-Man* is the same, only the stigma is banality, not pornography. Judge Wright called all interested parties before the court and sanctioned them under inherent authority. Full requested costs and attorneys' fees were awarded and doubled under equity. Judge Wright's order is applicable to Ms. VanderMay, Ms. Crowell, Mr. Lowe and their clients. Ordinary people are not accustomed to being summonsed to federal court – plaintiff should be careful about it. Un-fixed mistakes, like the case against Mr. Lamberson, should come with a price.

*Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 362 (S.D.N.Y. 2006) awards sanctions to a prevailing copyright defendant, ruling:

> Thus, an award under 1927 is proper when the attorneys' actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.

Here, "improper purpose" is evident: the multiplying actions taken were not helpful to Elf-Man, LLC – the actions were protective of the unnamed real party in interest, APMC. Elf-Man, LLC has direct exposure to defense attorneys' fees under 17 U.S.C. § 505. So why would Elf-Man, LLC not have an urgent interest in trying to

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 10

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

limit its exposure by quickly dispatching of any mistakes with dismissals or settlements? What interest does Elf-Man, LLC have in avoiding discovery of communications between the attorney and the investigator? These communications are routine discovery in an ordinary intellectual property case. What interest does Elf-Man, LLC have in not spending the money to examine a defendant's computer when the consequences of that decision could cost (someone) several-fold more? Actions taken to support APMC, not Elf-Man, LLC, show improper purpose. Improper purpose and recklessness amount to bad faith. *Fink v. Gomez,* 239 F.3d 989, 993-994 (9th Cir. 2001). The use of shell corporations to commit misdeeds is sanctionable and establishes alter ego liability of the real parties in interest. *Guifu v. A Perfect Day Franchise, Inc.,* 281 F.R.D. 373, 402 (N.D. Cal. 2012).

Judge Silver in *Haeger v. Arizona,* 906 F. Supp. 2d 938, 940 (D. Az. 2012) ordered sanctions for discovery tactics and ruled:

> Litigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice. When a corporation and it counsel refuse to produce directly relevant information an opposing party is entitled to receive, they have abandoned these basic principles in favor of their own interests. The little voice in every attorney's conscience that murmurs *turn over all material information* was ignored (emphasis in original).

### C.    Conclusion

Mr. Lamberson respectfully requests sanctions be awarded under 28 U.S.C. § 1927 and this Court's inherent authority.

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1 | DATED this 21st day of July, 2014.

2 | LEE & HAYES, PLLC

3

4 | By: *s/ J. Christopher Lynch*
J. Christopher Lynch, WSBA #17462
Jeffrey R. Smith, WSBA #37460

5 | Rhett V. Barney, WSBA #44764
601 W. Riverside Avenue, Suite 1400

6 | Spokane, WA 99201
Phone: (509) 324-9256

7 | Fax: (509) 323-8979
Emails:  chris@leehayes.com

8 | jeffreys@leehayes.com
rhettb@leehayes.com

9

10 | *Counsel for Defendant Ryan Lamberson*

---

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    David A. Lowe           lowe@lowegrahamjones.com

And I hereby certify that I have mailed by United States Postal Service the document to the following:

Maureen C. VanderMay
The VanderMay Law Firm
2021 S. Jones Boulevard
Las Vegas, NV 89146

LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
    J. Christopher Lynch, WSBA #17462
    601 W. Riverside Avenue, Suite 1400
    Spokane, WA 99201
    Phone: (509) 324-9256
    Fax: (509) 323-8979
    Email: chris@leehayes.com

DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927 - 13

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979