David A. Lowe
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
206.381.3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, | Civil Action No. 13-cv-00395 TOR |
| Plaintiff, | |
| v. | DECLARATION OF MAUREEN VANDERMAY IN OPPOSITION TO DEFENDANT'S POST-DISMISSAL MOTION |
| RYAN LAMBERSON, | |
| Defendants. | |

I, Maureen VanderMay, declare as follows:

1.      I was previously counsel of record for Plaintiff in this action. I make this declaration in support of Plaintiff's opposition to Defendant Lamberson's post-dismissal motion (ECF Nos. 75, 78, 80) and in support of Attorney's VanderMay's Opposition to Defendant's Motions for Rule 11 Sanctions and Sanctions Pursuant to 28 U.S.C. § 1927. My statements are true to the best of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

2.      I initiated on behalf of Plaintiff Elf-Man, LLC the underlying action from which the case was severed on or about March 22, 2013 (ECF No. 1 in Case No. CV-13-115-TOR). I was counsel of record for Plaintiff in both the underlying

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 1
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

1    action and the present action until the Court granted my motions to withdraw as

2    Plaintiff's counsel in these actions on, respectively, June 19, 2014 (ECF No.111 in the

3    underlying action) and June 16, 2014 (ECF No. 60 in the present action).

4        3.    On or about October 11, 2013, my office received a letter from

5    Mr. Lamberson's attorney, Christopher Lynch, (ECF No. 81-1 at 15-18). Mr. Lynch's

6    letter attached a brief Rule 11 motion (October 11 Motion), which is also attached to

7    Mr. Lynch's declaration in support of Mr. Lamberson's instant Rule 11 Motion. ECF

8    No. 81-1 at 40-41. Although the October 11 Motion purported to be supported by a

9    memorandum and declarations by Messrs. Lynch and Lamberson, none were attached.

10   See id. The October 11 Motion purports to be based upon the submission of a

11   complaint, subpoena, and amended complaint in Case No. 2:13-CV-00115-TOR, but

12   provided no details concerning why these pleadings were sanctionable or what specific

13   conduct or statements should be cured to avoid sanctions. Id.

14       4.    After the effective date of my withdrawal as Plaintiff's counsel, Plaintiff

15   opted to move to dismiss this action. (ECF No. 69) The Court granted Plaintiff's motion

16   by order dated July 10, 2014. (ECF No. 73) Defendant subsequently filed motions for

17   sanctions under Fed. R. Civ. P. 11 (ECF Nos. 80 through 81-11), for sanctions under 28

18   U.S.C. § 1927 (ECF Nos. 78 through 79-3), for attorney's fees (ECF Nos. 75 through

19   76-1) and for costs (ECF Nos. 77 through 77-1). Defendant's Motion for Rule 11

20   Sanctions filed with this Court differs substantially from the October 11 Motion. See

21   ECF Nos. 80, 81-1 at 40-41. Lamberson served these motions on July 21, 2014 by mail.

22       5.    Each of Defendant's motions is based in large part on his assertion that

23   Plaintiff's first amended complaint was baseless and filed without reasonable inquiry.

24   This assertion does not withstand scrutiny and is contrary to the facts set forth below.

25

26

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 2
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

6.     Defendant was named in the first amended complaint based upon the fact that he was identified by Comcast, his internet service provider, as the subscriber assigned to an Internet Protocol address that Plaintiff's investigators observed engaging in infringement of Plaintiff's copyrighted work. While Defendant's counsel has adamantly denied his client's engagement in the subject infringement, such a denial does not render Plaintiff's claim baseless, nor does it support Defendant's claim that Plaintiff, its representatives and its counsel have acted in bad faith.

7.     Despite his protestations of innocence after having been named in the first amended complaint, Defendant had several opportunities to address the merits of Plaintiff's claims against him prior being named in this action and he declined to do so. Based upon information and belief, before responding to a subpoena seeking the identity of the subscriber(s) assigned to a given IP address, Comcast's practice is to afford notice to the affected subscriber. Moreover, because Comcast qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), it was required to afford such notice pursuant to this Court's Order Granting Motion for Limited Expedited Discovery, ECF No. 6 in underlying action. Indeed, my office received communications from several persons who had received notices from their ISPs of the subpoenas we had issued. We have no record of receiving any such communications from Defendant Lamberson. After we received the subpoena response from Comcast which identified Defendant Lamberson, we forwarded to him a letter dated July 30, 2013, which afforded him additional notice of this action and which enclosed a copy of the complaint and waiver of service of process forms. This letter also stated as follows:

> In light of your ISP's identification of you as the responsible subscriber, we intend to name you as a defendant in this action. It is not, however, our

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 3
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

intention or desire to name persons who are not responsible for the infringement at issue. Therefore, if you believe that neither you nor anyone for whom you are legally responsible engaged in the infringement alleged in the complaint, please feel free to contact us to discuss the bases for your position and the identity, if known, of the infringing party. Please understand that in light of the evidence that we have and the law governing copyright infringement, we cannot agree to dismiss people simply because they claim that someone must have 'hacked' into their account.

A true and correct copy of this letter and the accompanying notice is attached hereto as Exhibit A.

8.    We have no record of receiving any response from Defendant Lamberson to this letter, either. In citing to these communications, I do not intend to suggest that Mr. Lamberson had some obligation to contact us prior to being named in this action. Rather, my intention is to show that Defendant had multiple opportunities to address the issues raised in this action prior to being named as a party and he chose not to do so.

9.    As my July 30th letter indicated, we did not wish to name any party as a defendant who was not legally responsible for the infringement at issue. To that end, I negotiated resolutions with counsel for various persons identified by their ISPs in the underlying action, in the substantially similar action brought by my firm on behalf of The Thompsons Film, LLC (Case No. 2:13-CV-126-TOR), and in several actions we brought in the Western District of Washington. While the specific terms of these resolutions are subject to confidentiality provisions, I can say that we took account of a number of factors in reaching these resolutions, including the information provided regarding the subscriber's position as to liability, the identity of the likely infringer, and the person's economic circumstances. Moreover, not all such resolutions involved the payment of monetary compensation—our clients' claims for damages and fees were simply one of several factors to be considered in fashioning these resolutions.

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 4
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

10.    In response to Defendant's repeated (albeit unsubstantiated) claims that Plaintiff's investigation was somehow wanting, on several occasions I offered to Defendant's counsel the opportunity to have an expert test the software used in Plaintiff's investigation at Defendant's expense. At no point did defense counsel respond to this offer, let alone accept it.

11.    Defendant's counsel, however, did pursue a considerable quantity of discovery regarding third parties who "might" be necessary parties in this action, relying on a misreading of the Ninth Circuit's decision in *Righthaven, LLC v. Hoehn*, 716 F.3d 116 (9th Cir. 2013). This included, but was not limited to, a subpoena issued to Vision Films, Inc. I explained to Defendant's counsel that the *Righthaven* case did not support any need to subpoena Vision Films. *Righthaven* actually stands for the proposition that only Plaintiff had standing to file this action, not that it deprived Plaintiff of standing. In sum, there was absolutely no identifiable basis relevant to this case for Defendant's subpoena to Vision Films. Moreover, Defendant's counsel was aware of the contractual relationship between Plaintiff and Vision Films, Inc. and, in fact, had been provided with documentation regarding this relationship in discovery. Nonetheless, rather than contacting me to see if I could facilitate the production of materials by Vision Films, Inc., counsel opted to pursue this material through the more costly and cumbersome subpoena process.

12.    The part of Defendant's motion requesting 28 U.S.C. § 1927 sanctions purports to list ten examples of "multiplication" of these proceedings by Plaintiff. I will address the factual fallacies with each of these below:

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 5
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**Multiplication #1: First Amended Complaint.**

13.    Defendant complains vehemently that I opted not to engage in some limited discovery offered by his counsel prior to the commencement of formal discovery in this action. My reason for rejecting this was simple, straightforward and explained to Defendant's counsel at the time: given the parameters of their offer we concluded that it would not be in the interest of economy or efficiency to engage in the limited discovery offered at that early stage. Defendant's counsel made it clear that it was his intention to make Defendant available to deny that he was the direct infringer of Plaintiff's copyrighted work and that if I found him to be credible that Plaintiff would be expected to dismiss its claims.

14.    I explained that this expectation was based upon too narrow a view of this action. Because Plaintiff's first amended complaint contained three claims for relief, it would accomplish nothing to engage in limited early discovery that related only to one of these claims. I was similarly concerned about defense counsel's offer to make a single computer available and the expectation that I could assume that the one proffered computer was the sole computer maintained in Defendant's household. I explained to defense counsel that unless we could fashion an approach to such early discovery that it could lead to a resolution of this matter that it would simply increase the costs of this litigation to both parties.

15.    Defendant's protestations of innocence were undermined by the extensive BitTorrent activity that was associated with his assigned IP address close in time to the infringement at issue in this case. Exhibit B is a true and correct copy of a printout which lists this activity. Because at Defendant's request this document was deemed "confidential" under the protective order entered by the Court in this action, Exhibit B is being filed under seal. Defense counsel has previously ridiculed this document,

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

suggesting that its inclusion of foreign language material renders it unlikely that Defendant Lamberson engaged in the BitTorrent downloading of this content. Of course, Plaintiff has no knowledge as to Defendant's linguistic abilities, nor can one preclude the possibility that the material was accessed solely for its visual content or for a third party. Moreover, defense counsel's position ignores the fact that this volume of BitTorrent activity would necessarily be so disruptive of Defendant's internet service that it is highly likely that he was himself engaged in this activity or was aware of the fact that someone in his household was doing so. At the very least, such evidence of voluminous BitTorrent activity close in time to the subject infringement is inconsistent with claims that such infringement must have been done by some casual visitor or a passer-by.

16.    Defendant's protestations were further undermined by his failure to provide forthright responses to Plaintiff's discovery requests. To this day, despite Plaintiff having served written discovery requests on Defendant in the form of interrogatories and requests for production of documents and my having sent a follow up letter seeking clarification on some basic issues, he still has not provided straight answers as to his living circumstances at the time of the subject infringement and the identity of an unnamed person who allegedly resided in his basement with an unidentified computer. Mr. Lamberson's references to the unidentified roommate in the basement appeared to be inconsistent with his claims in his answers to the first amended complaint that he resided in a two-bedroom apartment. Mr. Lamberson did not explain this apparent conflict.

17.    Perhaps most importantly, Defendant ignores the fact that discovery had commenced but was nowhere near complete when Plaintiff opted to move to dismiss this action and that no trial on the merits had occurred. Defendant argues that Plaintiff's

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

motion to dismiss this action demonstrates that there was no good faith basis for Plaintiff's first amended complaint. This, of course, ignores that there are various reasons why Plaintiff would move to dismiss this action, including the most obvious one: Defendant and his counsel succeeded in their strategy to make this action too costly for Plaintiff to pursue.

18.    With respect to Judge Lasnik's comment, Defendant's counsel takes this out of context and fails to disclose what occurred in the litigation of the actions I had pending before Judge Lasnik. Judge Lasnik issued orders to show cause in the two copyright infringement actions I filed in 2013 in the Western District of Washington. Judge Lasnik's orders questioned the propriety of joinder and questioned Plaintiffs' approach to these actions. In response, I filed detailed declarations which addressed Judge Lasnik's stated concerns. Judge Lasnik subsequently allowed the two actions pending before him to proceed as filed. In response to the first amended complaints that we filed in these actions, one defense counsel filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). After oral argument, Judge Lasnik granted these motions but afforded Plaintiffs the opportunity to file amended complaints. We filed second amended complaints in each case and subsequently settled both cases. After Judge Lasnik issued his orders lifting the previous stays, at no point did Judge Lasnik issue any further orders to show cause to Plaintiffs, nor did he express any concerns about the propriety of either my conduct or that of Plaintiffs.

19.    In the quoted passage from my response to Judge Lasnik's order to show cause, I accurately described to the Court our standard response to persons who contacted us claiming that they were not responsible for the infringement at issue. Defendant's counsel, however, omits a significant portion of my statement. In that portion of my statement, I explained to Judge Lasnik as follows:

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 8
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

> Plaintiff, through its counsel, has diligently indicated to parties who claim no responsibility that Plaintiff has no interest in trying to obtain money and/or consent decrees from persons who are in fact innocent of the conduct alleged in the complaint. However, counsel has requested some reasonable proof that the information Plaintiff has developed which identifies the IP address and the conduct occurring through that IP address is in fact mistaken or that some excusable conduct has occurred.

ECF No. 22 at pp. 5-6 in *Elf-Man, LLC v. Cariveau*, Case No. C-13-0507-RSL (WDWA). As explained elsewhere in my declaration, while defense counsel offered to make his client available to deny that he was the direct infringer, he has been obstructionist in responding to Plaintiff's legitimate discovery requests which relate to Defendant's living arrangements and the identity of other potential infringers residing in his home.

20.    Defendant's counsel is incorrect in stating that Judge Lasnik found me in violation of a court order. While he took issue with our construction of the Federal Rules of Civil Procedure to require service of my response to his OSC on parties who had appeared in the action, he made no finding that I had violated a court order. Moreover, he also noted that my "handling of this litigation has been generally commendable." ECF No. 30 in *Elf-Man, LLC v. Cariveau*, Case No. C-13-0507-RSL (WDWA) at p. 5, n.2.

**Multiplication #2: Where are valid summonses?**

21.    Defendant was properly served with the summons and first amended complaint. Even if otherwise, Defendant waived any right to challenge after multiple answers.

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 9
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### Multiplication #3: Where is Copyright Certificate?

22.     It is not disputed that the copyright certificate for Elf-Man in the possession of Plaintiff or its counsel was produced in this case. Likewise, at any time that Defendant deemed that copy insufficient, it could have contacted the Copyright Office to obtain a certified copy. See Lowe Dec. ¶ 10.

### Multiplication #4: Who "Observed Infringing?"

23.     There is no requirement that live testimony or a factual declaration be submitted with a motion to expedite discovery. The fact that the motion was granted confirms this point. Moreover, I told Defendant's counsel on numerous times that the forensic investigation was performed at least in part by Daniel Macek, whose confirming declaration is submitted herewith. I never told Defendant at any time that the subject investigation was performed by a "Darren M. Griffin." Indeed, I have no recollection of ever having heard of Mr. Griffin until Mr. Lynch asked me in a telephone conference at the outset of this case if Mr. Griffin served as the investigator in this matter. To this day I have no information which would suggest that anyone by this name played any role in the subject investigation.

### Multiplication #5: Where are the Initial Disclosures?

24.     As is common in litigation proceedings, Plaintiff provided categories of documents and their location in the initial disclosure, not actual document production. As admitted by Defendant, Plaintiff produced numerous documents pursuant to subsequent discovery requests. Plaintiff likewise offered to make documents available for inspection and copying.

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 10
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**Multiplication #6: Where is the Discovery?**

25.    With respect to Defendant's renewed complaints about the timing of Plaintiff's production of documents, I previously addressed these issues in connection with the various discovery matters brought before the Court. Our staff and I have spent an inordinate amount of time responding to Defendant's formal and informal discovery. Prior to the date of my withdrawal, we had produced approximately 222 pages of documents, as well as additional materials stored in electronic form. Additionally, defense counsel sent multiple lengthy letters requesting additional information and we spent a considerable amount of time responding to these inquiries. I personally reviewed well in excess of 1,500 pages of documents in order to respond to Defendant's various discovery requests.

**Multiplication #7: Where is the Technical Report?**

26.    With respect to the technical report referenced in Plaintiff's initial disclosures, I previously explained to Defendant's counsel that the report had not yet been prepared and that it would be produced once it was promulgated and pursuant to Court rules. Plaintiff was under no obligation to prepare this report approximately one year before the discovery cut off in this case and more than a year before the scheduled trial date.

**Multiplication #8: Where is the Investigator Explanation?**

27.    Defendant complains that the detailed explanation that we proffered as to the relationship between Plaintiff and its investigators was "implausible." My obligation was to proffer an accurate description of this relationship and that is precisely what I did. If this description in fact struck defense counsel as "implausible," he could have explored this issue in deposition if this action had gone forward.

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 11
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### Multiplication #9: Where are the Investigators?

28.     Defendant's counsel's claim that contact information provided in Plaintiff's initial disclosures was not accurate is incorrect, as is his claim that "nothing was done" in response to his inquiry on this issue. In preparing Plaintiff's initial disclosures, I confirmed the accuracy of this information before serving the document on defense counsel. When several months later defense counsel indicated that he doubted the accuracy of this information, I agreed to send a follow up inquiry to confirm this information. Neither Plaintiff's representatives nor my co-counsel indicated that the addresses provided were inaccurate.

### Multiplication #10: Who is APMC?

29.     There is no basis, legal or otherwise, for Defendant's position that APMC is the "apparent real party in interest." There has never been a credible dispute that Elf-Man, LLC is the owner of the copyright and entitled to pursue enforcement for infringement. This is yet another example of Defendant's fishing expedition in this case. Moreover, Plaintiff produced or timely objected to any discovery requests on this issue, so there is no basis to claim that Plaintiff's actions in this regard had anything to do with the efficiencies of this case.

30.     Defendant's counsel has made repeated allegations that a lengthy document that counsel found on the internet amounts to some sort of exposé of an APMC office located in Cebu, Philippines. When Mr. Lynch first raised this issue with me, I informed him that the investigation of the infringement at issue in this action had no connection with any APMC location in Cebu. Despite my providing Mr. Lynch with this information, Defendant's counsel continued to raise issues related to this internet material.

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 12
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**Other "multiplication" factors:**

31.     I had no desire for an "indefinite" stay of this case, nor did I seek to avoid replying to any counterclaims. In my view, Defendant's multiple responsive pleadings were fraught with irregularities and errors. I therefore filed the appropriate motions in response. It is simply not rational to blame me for the fact that the Court had not yet ruled on Plaintiff's pending motion when this action was dismissed.

32.     To the contrary, it is Defendant that has taken every effort to multiply these proceedings "unreasonably and vexatiously." Throughout the course of this litigation, in my view Defendant and his counsel made every effort to make this action as costly and difficult for Plaintiff as they possibly could. Indeed, Defendant's counsel admitted to me on several occasions, and confirmed it multiple times in writing, that he was intentionally engaging in "unfettered aggression" in this case. A true and correct copy of emails from Mr. Lynch which illustrates this point is attached hereto as Exhibit C.  It appeared to me that this approach was strategic and designed to induce Plaintiff to abandon its claims. Rather than working with me to structure discovery in a cost effective and efficient manner, over a period of months Defendant forwarded seemingly endless inquiries with respect to matters that were tangential at best and were for the most part wholly irrelevant to the merits of this action. If in fact the defense pursued such a strategy and they succeeded, this hardly indicates that Plaintiff lacked a good faith basis for filing its first amended complaint against Defendant.

33.     For example, the subpoena to Vision Films was a fishing expedition. Elf-Man, LLC contracted with Vision Films as its sales agent for Elf-Man. Vision Films, in turn, arranged for the distribution of the film through Anchor Bay. Defendant's counsel spent considerable time spinning yarns about the relationships between these entities, Elf-Man, LLC and its principals, and claiming that various

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 13
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

parties "might" be necessary parties to the litigation. Plaintiff produced to Defendant the chain of title documents showing that the copyright in the film belonged to Plaintiff, although Vision Films did have the non-exclusive right to protect this copyright through enforcement actions.

34.    Defendant's counsel requested that Plaintiff identify the original "seeder" of the film to BitTorrent. One of Defendant's theories was that Plaintiff had seeded its own work because it is in the business of strong arming settlements out of innocent citizens as opposed to being in the film business. We explained in detail to Defendant's counsel that that the original seeder cannot be identified. Defendant's counsel then came up with a theory that he knew the identity of the seeder and that a person using the same pseudonym had been the seeder for other Vision Films' titles onto BitTorrent. Yet Defendant never provided any support for such wild accusation and never asked us if we could facilitate production of anything that Defendant thought that he needed from Vision Films. Instead, he just used the subpoena process.

35.    In further examples, Defendant's counsel assigned not one (as I did) but three attorneys to work on virtually every facet of the case, duplicating almost every effort undertaken. Defendant endlessly pursued frivolous theories apparently based on Internet blogs by those interested in perpetuating illegal downloading using BitTorrent. Defendant pursued at great length a baseless accusation that my office personnel lied under oath about the mailing date of Plaintiff's discovery responses, despite being forced to admit that any delay in delivery could have been by a third party. Defendant has pursued Rule 11 sanctions despite the admitted fact that he never served the Rule 11 motion now filed, or any materials supporting the

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 14
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

motion, prior to filing it with the Court, constituting a violation of Rule 11 itself and precluding any Rule 11 remedy in favor of Defendant.

36.    Further examples abound. Defense counsel references his filing of Defendant's initial answer to the first amended complaint. He ignores the fact that his approach to pleading presents a prime example of how he has needlessly and intentionally run up time and expenses in this action. When we held our initial conference pursuant to Fed. R. Civ. P. 26(f) and prepared our joint report to the Court, I suggested and Defendant's counsel agreed that the filing of Defendant's response to our first amended complaint should be deferred until the Court had ruled on a pending motion to dismiss in the underlying case. This agreement is reflected in paragraph n. of the joint report that we submitted to the Court (ECF No. 14 at p. 6.) This reads:

> Additional matters: with respect to whether there are other matters that may be conducive to the just, speedy and inexpensive determination of this action, the parties suggest that Defendant defer responding to the First Amended Complaint until after the Court ruled on the Fed. R. Civ. P. 12 motions (ECF No. 76) pending in the related consolidated action . . . .

37.    Although we filed this joint report on December 5, 2013, Defendant filed a voluminous answer with multiple counterclaims on December 17, 2013 (ECF No. 15) - two days before the scheduling conference and well before the Court's ruling on the pending Rule 12 motion in the consolidated action. I spent a great deal of time working on Rule 12 motions in response to this initial complaint. While I was finalizing Plaintiff's motions, on January 3, 2014, Defendant filed a first amended answer and counterclaims which was also voluminous. I was required to spend a considerable amount of time refashioning our Rule 12 motions

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 15
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1   to respond to this amended pleading. Several days after we filed our Rule 12
2   motions, Defendant moved for leave to file a second amended answer, which was
3   also voluminous and which sought to withdraw the multiple state law
4   counterclaims that we had addressed in detail in our Rule 12 motions. Both of
5   these pleadings and Defendant's proposed second amended answer were filed prior
6   to the Court's ruling on the Rule 12 motion in the underlying action. The Court
7   later permitted Defendant to file his second amended answer, which required us to
8   again spend an inordinate amount of time on Rule 12 motions.

9          38.    In his communications with me throughout this case, Mr. Lynch
10  frequently claimed Plaintiff's efforts to protect its copyright were unreasonable
11  because Plaintiff's action against Defendant was a "$10 case." Despite Defendant's
12  low valuation of the case, his counsel's tactics have increased the cost of litigation
13  to the point where Defendant now seeks over $200,000 in fees on a case that was
14  dismissed prior to the close of discovery.

15         39.    Despite his counsel's voluminous filings seeking attorneys' fees, costs and
16  various forms of sanctions, Defendant ignores the salient facts giving rise to this action,
17  i.e., that Plaintiff's investigators confirmed infringing activity by way of the IP address
18  that Comcast has identified as having been assigned to Defendant. Plaintiff proceeded
19  in good faith, as did I, in seeking redress for this infringement. The fact that Plaintiff
20  later decided to move for dismissal is not indicative of any lack of factual or legal basis
21  for Plaintiff's claims.

22         40.    Defendant has suggested that my motion to withdraw as Plaintiff's
23  counsel was somehow related to the merits of this action or to some alleged
24  shortcomings in the conduct of the investigation which gave rise to this action.
25  While I am not at liberty to disclose the reasons for my motion, I can attest that

26

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 16
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

they were wholly unrelated to either of these issues. Defense counsel's admitted approach of "unfettered aggression" in this case placed considerable financial and temporal constraints on me and my firm. Nonetheless, the content of their demands had little or no significance in this action since they had little or no bearing on issues relevant to this action.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 4th day of August, 2014.

s/ Maureen VanderMay, Esq.

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 17
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 4, 2014 to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, except for Sealed Exhibit B, which was served via email as follows:

> J. Christopher Lynch
> LEE & HAYES<sup>PLLC</sup>
> 601 West Riverside, Suite 1400
> Spokane, WA 99201
> chris@leehayes.com

> s/ David A. Lowe

DECLARATION OF MAUREEN VANDERMAY
IN OPPOSITION TO DEFENDANT'S POST-
DISMISSAL MOTION - 18
Civil Action No. 13-cv-00395
INIP-6-0001P07 DEC_MV

LOWE GRAHAM JONES<sub>PLLC</sub>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301