1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                          Plaintiff,<br><br>          v.<br><br>RYAN LAMBERSON,<br><br>                          Defendant. | NO:  13-CV-0395-TOR<br><br>ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS |

12

13        BEFORE THE COURT are Defendant's Motion for Attorney Fees (ECF

14   No. 75), Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (ECF No. 78), and

15   Motion for Rule 11 Sanctions (ECF No. 80).  These matters were submitted for

16   consideration without oral argument.  The Court has reviewed the briefing and the

17   record and files herein, and is fully informed.

18                                **BACKGROUND**

19        This case involved alleged copyright infringement.  In the motions now

20   before the Court, Defendant Lamberson moves for attorney fees and costs pursuant

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 1

to 17 U.S.C. § 505, RCW 4.84.250, and Fed. R. Civ. P. 54(d)(2)(A), and an award of costs pursuant to 28 U.S.C. §§ 1920, 1923; and moves for sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.  For the reasons explained below, the Court denies Defendant's motions for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927, and grants in part Defendant's motion for attorney fees.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Elf-Man, LLC, is a limited liability company that produced the motion picture at issue in this matter, *Elf-Man*. Plaintiff originally sued Defendant Lamberson, along with twenty-eight other defendants,[1] on March 22, 2013, in Cause No. 13-CV-0115-TOR.  On October 18, 2013, Defendant Lamberson moved to sever the claims against him.  The Court granted the motion on November 21, 2013, and opened the above-captioned case.

The First Amended Complaint alleges that Defendants, including Lamberson, used BitTorrent, an interactive peer-to-peer file transfer technology protocol to copy, download, share, and upload Plaintiff's motion picture, or permitted, facilitated, or promoted such conduct by others.  Peer-to-peer networks,

---

[1] Defendants, originally identified as "Does," are individual computer users, identified by their IP addresses assigned by Internet Service Providers ("ISPs") on the date and time at which the infringing activity was observed.

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 2

in their most common form, are computer systems enabling users to make files stored on each user's computer available for copying by other users, to search for files stored on other users' computers, and to transfer exact copies of the files from one computer to another via the Internet.  The complaint alleges that Plaintiff has recorded each Defendant identified as actually copying and publishing Plaintiff's motion picture via BitTorrent, as Plaintiff's investigator has downloaded the motion picture from each Defendant.  Plaintiff alleges that, upon information and belief, each Defendant was a willing and knowing participant in the file transfer "swarm" at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

Plaintiff sued Defendants, claiming copyright infringement, contributory infringement, and indirect infringement of copyright.  Plaintiff's First Amended Complaint requests damages of $30,000 from each Defendant pursuant to 17 U.S.C. § 504(c)(1) for its claims of infringement and contributory infringement, and damages of not more than the statutory minimum of $750.00 on its indirect infringement claim.  Plaintiff also requests entry of permanent injunctions to enjoin each Defendant from directly, contributorily, or indirectly infringing Plaintiff's rights in Plaintiff's motion picture, and reasonable costs and attorney fees.

Defendant filed an Answer to Plaintiff's Amended Complaint on December 17, 2013, without awaiting a ruling on the motions to dismiss pending in Cause

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 3

No. 13-CV-0115-TOR.  The Court held a telephonic scheduling conference on December 19, 2013, and issued a Scheduling Order later the same day.  ECF Nos. 16, 17.  Defendant filed an Amended Answer on January 3, 2014.  ECF No. 18.

On January 17, 2014, Plaintiff moved to dismiss several of the counterclaims and affirmative defenses asserted in Defendant's Amended Answer.  ECF No. 20.  Incorporated into this motion was a special motion to strike Defendant's state law counterclaims for defamation, tortious interference with business relationships, and for violations of the Washington Consumer Protection Act ("CPA") pursuant to RCW 4.24.525, the Washington "Anti-SLAPP" Act.  Three days later, Defendant filed a motion seeking to (1) withdraw its Amended Answer; (2) dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6) in light of (i) a ruling issued by Judge Lasnik in a companion case filed in the Western District of Washington, and (ii) the possibility that this Court might issue a similar ruling on the motions to dismiss pending in Cause No. 13-CV-0115-TOR; and (3) as an alternative to dismissal of the Amended Complaint, for leave to file a Second Amended Answer.  ECF No. 21.

On January 22, 2014, the Court granted in part and denied in part the motions to dismiss in Cause No. 13-CV-0115-TOR.  This ruling dismissed, with prejudice, Plaintiff's alternative cause of action for "indirect infringement" of its copyright.  *Elf-Man, LLC v. Charles Brown, et al.*, No. 13-CV-0115-TOR (E.D.

Wash. Jan. 22, 2014).  In light of this ruling, Defendant withdrew the portion of his motion to dismiss (ECF No. 21) seeking to withdraw his Amended Answer and dismiss Plaintiff's Amended Complaint.  Defendant did, however, indicate that he still sought leave to file a Second Amended Answer.  ECF No. 22.

On March 17, 2014, Defendant filed his Second Amended Answer, which alleges two counterclaims: (1) declaration of non-infringement, and (2) declaration of copyright invalidity and unenforceability.  ECF No. 35.  On March 31, 2014, Plaintiff moved (1) to dismiss Defendant's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; (2) to dismiss counterclaims and/or strike affirmative defenses based upon allegations of fraud pursuant to Fed. R. Civ. P. 9(b); and (3) to strike pursuant to Fed. R. Civ. P. 12(f) material in Defendant' Second Amended Complaint on grounds that it is redundant, impertinent, and/or scandalous.  ECF No. 37.  Before the Court ruled on that motion, Plaintiff's initial counsel, Maureen VanderMay, moved to withdraw as attorney.  ECF No. 55.  Shortly thereafter, Plaintiff's new counsel moved to dismiss with prejudice all claims asserted in this case.  ECF No. 59.  In response, Defendant Lamberson consented to dismissal with prejudice provided that Plaintiff pay costs and reasonable attorney fees in advance.  ECF No. 67.  The Court dismissed all claims with prejudice and all counterclaims without prejudice, but

1  noted that it would consider Defendant's timely filed motion for attorney fees and

2  costs, if any.  ECF No. 73.

3       In the motions now before the Court, Defendant Lamberson moves for

4  attorney fees and costs pursuant to 17 U.S.C. § 505, RCW 4.84.250, and Fed. R.

5  Civ. P. 54(d)(2)(A) and an award of costs pursuant to 28 U.S.C. §§ 1920, 1923;

6  and moves for sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.

7                                **DISCUSSION**

8  **A. Motion for Attorney Fees (ECF No. 75)**

9       Defendant Ryan Lamberson moves the court for an award of attorney fees

10  pursuant to 17 U.S.C. § 505, RCW 4.84.250, and Fed. R. Civ. P. 54(d)(2)(A); and

11  an award of costs pursuant to 28 U.S.C. §§ 1920, 1923.  The request for costs

12  under 28 U.S.C. §§ 1920, 1923 (ECF No. 77) will be addressed by a separate order

13  pursuant to Local Rule 54.1.  Thus, the Court here will only consider the other

14  grounds for awarding attorney fees and costs.

15       The Copyright Act contemplates an award of attorney fees and costs:

16       In any civil action under this title, the court in its discretion may allow
         the recovery of full costs by or against any party other than the United
17       States or an officer thereof. Except as otherwise provided by this title,
         the court may also award a reasonable attorney's fee to the prevailing
18       party as part of the costs.

19  17 U.S.C. § 505.  Prevailing defendants as well as prevailing plaintiffs may be

20  awarded attorney fees.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 6

However, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983)).

In determining whether fees should be awarded, courts may consider a non-exclusive list of factors, including degree of success obtained, frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), the need in particular circumstances to advance considerations of compensation and deterrence, and whether the chilling effect of attorney fees may be too great or impose an inequitable burden on an impecunious party. *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (citing *Fogerty*, 510 U.S. at 534, n. 19); *see also Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006).[2]

---

[2] There is no single set of factors considered by courts in this circuit. For example, see the Ninth Circuit's articulation of the factors in 2003:

> Supreme Court identified the following non-exclusive list of factors to guide the award or denial of attorney's fees: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." The Ninth Circuit has added as additional considerations: the degree of success obtained, the purposes of the Copyright Act, and

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 7

1    Examining the relevant factors in turn, this Court determines an award of

2    fees is appropriate.  First, Plaintiff dismissed all its claims against Mr. Lamberson;

3    thus, Defendant is the prevailing party.  Moreover, Defendant's success was

4    unqualified, as the dismissal against him was with prejudice.  Second, from this

5    record, the Court has no basis from which to determine that Plaintiff's claims were

6    frivolous.  The case was dismissed short of trial, so all the evidence is not before

7    the Court.  Third, Defendant contends the case against him was baseless, but the

8    Court notes that Plaintiff has obtained stipulated relief against others on virtually

9    the same allegations as Plaintiff asserted against Defendant.  Fourth, whether

10   Plaintiff's claims were therefore unreasonable is likewise not determinable from

11   this record.  Plaintiff requested damages of $30,000—the full amount of statutory

12   damages available under the Copyright Act for Lamberson's alleged infringement.

---

13

14         whether the chilling effect of attorney's fees may be too great or
           impose an inequitable burden on an impecunious plaintiff.

15   *Ets-Hokin*, 323 F.3d at 766 (internal citations omitted).  And see:

16         A district court may consider (but is not limited to) five factors in
           making an attorneys' fees determination pursuant to § 505. These
17         factors are (1) the degree of success obtained, (2) frivolousness, (3)
           motivation, (4) reasonableness of losing party's legal and factual
18         arguments, and (5) the need to advance considerations of
           compensation and deterrence.

19   *Wall Data Inc.*, 447 F.3d at 787.

20

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 8

In the end, Plaintiff received nothing from Mr. Lamberson, and now nothing more can be said. From Mr. Lamberson's perspective, he has suffered the unjustified expense of defending himself for something he did not perpetrate and for which he should be compensated. Plaintiff may contend the allegations were not unjustified, but in the end Plaintiff elected not to pursue them further. Because Plaintiff elected to cease its action short of proving its entitlement to relief, this factor weighs heavily in favor of awarding Defendant fees as the prevailing party. Finally, awarding fees to Defendant will not have a chilling effect on Plaintiff's other copyright claims. Plaintiff can pursue its valid and well-founded copyright claims with vigor, seeking both damages and fees where warranted. But Plaintiff cannot exact a pound of flesh simply by making defendants caught in its wide net expend attorney fees to defend themselves, perhaps unjustifiably. This factor weighs in favor of an award of attorney fees.

Accordingly, the Court finds an award of fees appropriate. This Court will now consider whether Defendant's proposed fees are reasonable.

**B. Amount of Attorney Fees Requested**

Defendant requests the Court award $206,580 in attorney fees for defending this case. ECF Nos. 92 at 8; 75 at 7-8. Other than to recite the total hours expended, counsel has not provided a sufficiently detailed justification for the hours claimed. *See* ECF Nos. 76 at 8-10; 68 at 11-14; *see also* ECF No. 68 at 11

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 9

1  ("I can provide more detail on these billing if the court requests, but here is a

2  summary of the billing entries and the time and fees logged.").

3      Plaintiff has contested Defendant's fee request contending that he has failed

4  to provide adequate documentation and justification for the exorbitant fee request.

5  *See* ECF No. 83 at 9.  Plaintiff seeks to "carefully scrutinize and challenge each

6  entry made in the case for date, description, person allegedly performing the work

7  and time spent to ensure that all time was justified, relevant to the particular issues

8  in this case, and not redundant." *Id*. at 10.  Plaintiff also disputes the claim for

9  costs, without corresponding copies of the receipts.

10      In determining reasonable hours, counsel bears the burden of submitting

11  detailed time records justifying the hours claimed to have been expended.

12  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  Illegible,

13  abbreviated time records, submitted in a form not reasonably capable of evaluation,

14  do not satisfy the "burden of submitting detailed time records justifying the hours

15  claimed." *Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir. 1993) (citing *Chalmers*,

16  796 F.2d at 1210).  It is an abuse of discretion to award fees for hours not properly

17  documented.  *Stewart*, 987 F.2d at 1453.  "[H]ours may be reduced by the court

18  where documentation of the hours is inadequate; if the case was overstaffed and

19  hours are duplicated; if the hours expended are deemed excessive or otherwise

20  unnecessary." *Chalmers*, 796 F.2d at 1210.

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 10

Having determined that Defendant is entitled to "reasonable" attorney fees, the Court will allow Defendant the opportunity to supplement the record with detailed time records justifying the hours claimed in this matter. Correspondingly, the Plaintiff will have an opportunity to scrutinize those records and file a responsive brief.

Simultaneously, the Court encourages the parties to come to a stipulated resolution of the amount of fees reasonably owed by Plaintiff.

**C. Motion for Sanctions Pursuant to 28 U.S.C. § 1927(ECF No. 78)**

Title 28, U.S.C. § 1927 provides in pertinent part that

> [a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). Section 1927 sanctions require a finding of recklessness or bad faith. *Id.* at 436.

Defendant moves for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, arguing that Plaintiff was reckless in its undertakings, multiplying the proceedings, showing bad faith, and concealing a real party in interest. ECF No. 78 at 2-3. Plaintiff contends that it was bad faith to proceed

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 11

1    with the First Amended Complaint in spite of warnings about Rule 11 and false

2    positives from the investigation, as well as declining to examine Defendant

3    Lamberson's computer.  *Id*. at 3.  The Court notes that section 1927 sanctions are

4    unavailable for complaints.  *See Keegan*, 78 F.3d at 435.  Accordingly, the Court

5    declines to sanction Plaintiff for its First Amended Complaint.

6         Defendant argues that Plaintiff served summons after its time for service

7    expired and before any order for an extension had issued, and that this delay in

8    seeking summonses and serving Defendant Lamberson after time expired were

9    multiplications undertaken in bad faith.  ECF No. 78 at 4.  Defendant provides no

10   explanation about how a delay is a multiplication within the meaning of section

11   1927.

12        As Plaintiff points out, Defendant cites egregious facts and outcomes from

13   other cases in other jurisdictions.  But there simply is no evidence in this case of

14   the kind of bad faith that warrants sanctions under section 1927 or the Court's

15   inherent authority.  Accordingly, the Court declines to award sanctions under

16   section 1927.

17   **D. Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (ECF No. 80)**

18        Defendant Lamberson moves for sanctions pursuant to Fed. R. Civ. P. 11 for

19   Plaintiff's failure to withdraw its First Amended Complaint (ECF No. 3).  ECF No.

20   80 at 2.  Defendant argues that Plaintiff's counsel, Maureen VanderMay, failed to

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 12

undertake reasonable inquiry in pursuing Plaintiff's case.  *Id.*  Plaintiff and its current counsel, as well as Maureen VanderMay, have responded to the motion. Ms. VanderMay maintains that Defendant's motion should be denied because he has failed to satisfy the procedural and substantive requirements of Rule 11 and has failed to show that it is Ms. VanderMay who has unreasonably and vexatiously multiplied the proceedings in this matter.  Plaintiff also opposes this motion, arguing that Defendant has made an insufficient showing that Rule 11 sanctions are warranted.  The Court agrees with Ms. VanderMay.

"Rule 11 imposes a duty on attorneys to certify that all pleadings are legally tenable and well-grounded in fact; it governs only papers filed with the court." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).  The Ninth Circuit has "held that 'an attorney violates [R]ule 11 **whenever** he signs a pleading, motion, or other paper without having conducted a *reasonable inquiry* into whether his paper is frivolous, legally unreasonable, or without factual foundation.'"  *Keegan*, 78 F.3d at 434 (quoting *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 557 (9th Cir. 1986)).  An attorney is subject to Rule 11 sanctions when, among other reasons, he presents to the court "claims, defenses, and other legal contentions [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).

### 1.  Rule 11's Procedural Requirements

"Rule 11(c)(1)(A) provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788 (9th Cir. 2001).  These procedural requirements provide that

> [a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).  "[B]efore sanctions may be imposed upon a party there must be 'sufficient, advance notice of exactly which conduct was alleged to be sanctionable.'" *Foster v. Wilson*, 504 F.3d 1046, 1052 (9th Cir. 2007) (quoting *In re DeVille*, 361 F.3d 539, 549 (9th Cir. 2004)).  The Advisory Committee Notes clarify that "the purpose of Rule 11 sanctions is to deter rather than to compensate, and that the 21-day period is "intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that positio." Fed. R. Civ. P. 11 advisory committee's note.  The Advisory Committee went on to note that

> [t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 14

> that the "safe harbor" period begins to run only upon service of the
> motion. In most cases, however, counsel should be expected to give
> informal notice to the other party, whether in person or by a telephone
> call or letter, of a potential violation before proceeding to prepare and
> serve a Rule 11 motion.

Fed. R. Civ. P. 11 advisory committee's note.  Thus, a party wishing to impose

sanctions must state with clarity the basis for the motion, serve that motion, and

wait twenty-one days.

Here, Defendant Lamberson served a document captioned "Motion for

Sanctions," on October 11, 2013, which very generally states the following:

> Pursuant to Fed. R. Civ. P. 11(b)(4), the moving Defendant requests
> monetary sanctions sufficient to cover costs and attorneys' fees to date, as
> well as to deter the reckless behavior of the Plaintiff, plus equitable
> sanctions of dismissal with prejudice of the action against him.

> This Motion is brought pursuant to Fed. R. Civ. P. 11(c) and this Court's
> Local Rules. The Motion is Supported by a Memorandum in Support of
> Motion for Sanctions, the Declaration of J. Christopher Lynch, the
> Declaration of Ryan Lamberson, and a Proposed Order.

ECF No. 81-1.  This motion contains no specific description of the basis for the

sanction.  Though the motion states that it is supported by a memorandum and a

declaration, these documents were not included in the exhibits supplied to the

Court, and Ms. VanderMay declares that these documents were not attached to the

motion that was served on her.  *See* ECF No. 84.  Defendant argues that the letter

accompanying the motion served on October 11, 2013, explains the baselessness of

the First Amended Complaint and, thus, there was sufficient notice of what

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 15

conduct was alleged to be sanctionable.  ECF No. 93 at 9. This letter states, in

relevant part, the following:

> We are concerned with the representations made to the court about the accused "infringing" activity. We see the reference in your pleadings . . . that your investigation shows that a certain IP address assigned to Mr. Lamberson "was observed infringing plaintiff's motion picture at 04:39:20pm on 12/02/2012." As we understand BitTorrent, the times listed in the Amended Complaint may indicate that some activity regarding a hash associated with the movie may have occurred on the appointed IP address – but that activity may be simply the passing of a bit of the movie, and not necessarily the delivery (or re-sending) of the entire work. Both Section 106 and Section 107 recognize that ephemeral passage of a bit of work is not-infringing, and even if so, may be fair use. So how do the Amended Complaint's references to these precise dates and times work?
>
> . . . .
>
> Given our clients' frank innocence – i.e. that they never heard of your clients' movies and never acted to copy them – there is only one conclusion to draw: that your pre-filing investigation and use of the Subpoena process are not sufficient to name Mr. Ryan Lamberson nor Staff Sgt. Anthony Ades as copyright infringement defendants, nor as having any secondary copyright infringement liability.  FRCP 11 requires an adequate investigation to identify a copyright infringer or to accuse a person of secondary liability, but here, there is no evidence that these people did anything unlawful – no evidence they copied and no evidence they had a relationship with any identifiable copyist sufficient to meet the established tests for secondary liability under Title 17.

ECF No. 81-1 at 4-5.

In the motion before the Court, Defendant claims that Ms. VanderMay, Plaintiff's initial counsel, violated Rule 11 when she signed a pleading that was

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 16

baseless and made without reasonable inquiry because it did not include any

copyright certificate, had no witnesses to support the allegations, and the law did

not support copyright liability of innocent ISP subscribers.  ECF No. 80 at 9.

Defendant's October 11, 2013 motion and accompanying letter simply do not with

sufficient specificity identify the basis for the Rule 11 sanctions.  Nor is it clear

that the letter—which contains the only hint of specificity as required under Ninth

Circuit case law—was "served" as required under the rule.

First, neither the letter nor the motion mention the copyright certificates.

Thus, Ms. VanderMay had no notice that she might be subject to Rule 11 sanctions

on those grounds.  Thus, the Court declines to impose Rule 11 sanctions for failure

to include the copyright certificate because Ms. VanderMay did not have notice of

this argument as required by Rule 11.

Second, the letter states only very summarily that Defendant is accusing Ms.

VanderMay of failure to investigate.  The letter, instead of specifically pointing out

where Ms. VanderMay failed to investigate, generally states that Defendant is

innocent and asks questions ("How does the Amended Complaint's references to

these precise dates and times work? Are they evidence of actual copying . . . or are

the times associated with the ephemeral transit of some bit of the work, which

might not be infringement in any manner?").  This is simply insufficient for the

Court to impose Rule 11 sanctions, a serious remedy.

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 17

1   Furthermore, the purpose of sanctions is to deter subsequent abuses; "[t]his

2   policy is not well served by tolerating abuses during the course of an action and

3   then punishing the offender after the trial is at an end." *In re Yagman*, 796 F.2d

4   1165, 1183 (9th Cir. 1986), *amended on denial of reh'g*, 803 F.2d 1085 (9th Cir.

5   1986).  Here, the motion for sanctions was only filed with the Court following the

6   dismissal of the case.

7   Accordingly, Defendant's motion for Rule 11 sanctions fails on procedural

8   grounds.

9                    **2.  Rule 11's Substantive Requirements**

10  When, as here, a "'complaint is the primary focus of Rule 11 proceedings, a

11  district court must conduct a two-prong inquiry to determine (1) whether the

12  complaint is legally or factually baseless from an objective perspective, and (2) if

13  the attorney has conducted a reasonable and competent inquiry before signing and

14  filing it.'"  *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005) (quoting

15  *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002)) (internal quotations

16  and citation omitted).  "As shorthand for this test, we use the word 'frivolous' 'to

17  denote a filing that is *both* baseless *and* made without a reasonable and competent

18  inquiry.'"  *Id*. (quoting *Keegan*, 78 F.3d at 434).

19  Defendant maintains that Ms. VanderMay, Plaintiff's counsel at the time,

20  signed a pleading that was baseless and made without reasonable inquiry because it

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 18

did not include any copyright certificate, had no witnesses to support the allegations, and the law did not support copyright liability of innocent ISP subscribers.  ECF No. 80 at 9.  Defendant also argues that the fact that Plaintiff's second counsel voluntarily dismissed the complaint suggests that Ms. VanderMay did not conduct a reasonable inquiry before filing the complaint.  *Id*. at 10.

The Court declines to consider Ms. VanderMay's action in other cases, to which Defendant refers.  *See, e.g.*, ECF No. 93 at 6.  This is not particularly relevant to Ms. VanderMay's action in the case now before the Court.

Nor does the Court find Ms. VanderMay's refusal to examine Mr. Lamberson and his computer dispositive of the question of whether Rule 11 sanctions should be imposed.  As Ms. VanderMay argues, Defendant provides no authority establishing that an interview of a defendant and an examination of a computer constitute the "minimum objective standard" of an investigation.  *See* ECF No. 91 at 8.  Ms. VanderMay provided evidence that an investigator had "witnessed" Mr. Lamberson's IP address with a small piece of Plaintiff's motion picture.  While the Court agrees with Defendant that perhaps this is ultimately insufficient to "win at trial," ECF No. 93 at 7, it is not probative of Ms. VanderMay's disregard for her duty to investigate in good faith.

Accordingly, Defendant's motion for Rule 11 sanctions fails on substantive grounds as well.

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 19

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Attorney Fees (ECF No. 75) is **GRANTED** in part and **reserved** in part.  Defendant shall supplement the record with detailed time records justifying the hours claimed in this matter no later than **November 21, 2014**.  Plaintiff may file a responsive memorandum within 14 days after service.  Defendant may file a reply memorandum within 7 days after service of the response.  The Court will set this matter for hearing without oral argument on December 19, 2014.

2. Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (ECF No. 78) is **DENIED**.

3. Defendant's Motion for Rule 11 Sanctions (ECF No. 80) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** October 31, 2014.



THOMAS O. RICE
United States District Judge

ORDER RE: DEFENDANT'S POST-DISMISSAL MOTIONS ~ 20