David A. Lowe
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
206.381.3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>RYAN LAMBERSON,<br><br>     Defendants. | Civil Action No. 13-cv-00395 TOR<br><br>PLAINTIFF'S MOTION TO STRIKE<br><br>1/16/15<br>Without Oral Argument |

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff Elf-Man, LLC respectfully moves this Court to strike immaterial, impertinent, improper hearsay and untimely matter from Defendant Ryan Lamberson's Supplemental Reply in Support of Defendant's Motion for Attorney's Fees and supporting Lynch Declaration. The Court has discretion under Rule 12(f) to strike a pleading as well as portions thereof. *Federal Savings and Loan v. Gemini Management,* 921 F.2d 241, 243 (9th Cir. 1990).

Plaintiff submits that the Court should strike the following for the reasons set forth below:

PLAINTIFF'S MOTION TO STRIKE - 1
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

A. **Within ECF No. 104 Lynch Declaration:**

**Paragraph 4 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations (e.g., "fighting copyright abuse in the Eastern District of Washington").

Also, includes untimely new argument regarding alleged actions taken with "pre-bills" and "final bills," what was purportedly included and written down. Claims "[o]ver 30 percent of time logged to the matter" was written down, without credible support. Include new statements regarding internal firm discussions. Plaintiff has no opportunity to challenge its credibility or significance, or take a 30(b)(6) deposition of relevant firm members, as may be necessary to determine the veracity of such assertions. Also, still no evidence submitted as to what, if any, actual invoices were sent to Lamberson and no submission of actual "numbered Lee & Hayes 'invoice[s].'"

**Paragraph 5 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 4, ll. 12-13; 13-15; 15-17; 17-19; p. 4, l. 19 – p. 5, l. 2.[1]

*Inter alia*, no evidence whatsoever to support generalized allegations, particular as they purport to include parties or situations no involved in this case.

**Paragraph 6 in its entirety.** Consists of improper hearsay and argument as none of the alleged invoices have been submitted in this case, and no evidence to support the new allegation made in reply that "[e]ach of these invoices is the result of the pre-bill scrub." Plaintiff has no opportunity to challenge its credibility or significance, or take a 30(b)(6) deposition of relevant firm members, as may be necessary to determine the veracity of such assertions.

---

[1] For the Court's convenience, the offending text corresponding to these identified page and line numbers is set forth in Appendix A hereto.

PLAINTIFF'S MOTION TO STRIKE - 2
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**Paragraph 7 in its entirety.** Consists of improper hearsay and argument as none of the alleged invoices have been submitted in this case, and no evidence to support the new allegation made in reply about "post pre-bill scrub." Plaintiff has no opportunity to challenge its credibility or significance, or take a 30(b)(6) deposition of relevant firm members, as may be necessary to determine the veracity of such assertions.

**Paragraph 8 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 6, ll. 12-14; 14-15; 15-17; 18 – p. 7, l. 2; 2-4; 4-8; 8-10; 10-14.

*Inter alia*, there is no evidence that the lawsuit was baseless or part of an extortion scam. To the contrary, this is overwhelming evidence in related cases in this jurisdiction and many others to support liability. Though much is made of Darrin Griffin, a former investigator for Crystal Bay Corporation, there is no Darrin Griffin in this case. To the best of plaintiffs' knowledge this former investigator has never been before this Court or been relied on by any party in this District. There has been no evidence that Crystal Bay Corporation is not a legal operating entity; in fact there has been evidence to the contrary. There has no evidence of the relevance of any "prezi presentation" to this case. Other entities such as APMC are not at issue here; Plaintiff's counsel is not hired by APMC to represent Plaintiff, but is directly engaged by Plaintiff. These statements are nothing but baseless speculation using inflammatory language.

**Paragraph 9 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 7, l. 16 – p. 8, l. 1; 1-3.

*Inter alia*, Lynch's assertions directly contradict this Court's findings in denying both sanctions motions, namely, that there was no lack of a good faith investigation and Plaintiff did not multiple proceedings. Lynch's assertion that Plaintiff's or its handlers

PLAINTIFF'S MOTION TO STRIKE - 3
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES pllc
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

"engaged in sanctionable conduct throughout the matter" flatly contradicts the Court's ruling, is utterly without support, and highly inflammatory.

**Paragraph 10 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 8, ll. 4-5; 6-9; 9-11; 12-15; 15-17; 17-18.

*Inter alia*, Lynch has no evidence or basis for fraud allegations whatsoever. There is no evidence that Griffin is a "fake person" or Crystal Bay Corporation is a "fake company." There is only Lynch's wild speculation, and Plaintiff has no obligation to respond to such wild and purely inflammatory allegations, let alone prove a negative. Lynch has no basis, let alone an ability, to make criminal allegations in this civil proceeding. The entirety of Lynch's baseless arguments should be stricken.

**Paragraph 11 in its entirety.** Consists of improper declaration argument and hearsay regarding statements purportedly made in other proceedings or between counsel.

**Paragraph 12 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 9, ll. 17-19; 19 – p. 10, l. 6; 8-10; 10-13; 14 – p. 11, l. 1; 1-3; 3-7; 7-13; 13-14; 14 – p. 12, l. 2; 2-14; 15-19; 19 – p. 13, l. 3.

*Inter alia*, Lynch has no evidence or basis for fraud allegations whatsoever as to the declarations filed in opposition to attorney's fees in this case or related cases. Lynch as no evidence that Griffin is not a real person that worked for duly incorporated Crystal Bay Corporation previously, or that he since ceased his work for that company. Lynch has no basis for any testimony regarding Crystal Bay Corporation, or that Mr. Macek, who did testify in this case as a consultant for Crystal Bay Corporation, does not also provide consulting to other entities, including "MaverickEye UG." Lynch has no basis for speculation regarding the completely unrelated proceeding in Australia involving a

PLAINTIFF'S MOTION TO STRIKE - 4
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

different plaintiff, defendant and consulting entity. How can it be noteworthy to any rational inquiry that a consultant works for more than one entity? It is a baseless, inflammatory statement to allege fraud.

**Paragraph 13 in its entirety.** Consists of improper declaration argument and immaterial statements related to unnecessary investigations Lynch purportedly undertook related to pleadings in a different case pertaining to different Defendants—after this case had been dismissed.

**Paragraph 14 in its entirety.** Consists of unsubstantiated speculation as to the privileged attorney-client communications between Plaintiff's counsel and Plaintiff.

**Paragraph 15 in its entirety.** Consists of improper declaration argument and immaterial statements related to unnecessary investigations Lynch purportedly undertook related to pleadings in different cases and third parties.

**Paragraph 16 in its entirety.** Consists of improper and untimely declaration argument and immaterial statements related to the unnecessary investigation Lynch purportedly undertook related Vision Films, including: p. 17, ll. 1-2.

**Paragraph 17 in its entirety.** Consists of improper and untimely declaration argument related to the cancelled deposition.

**Paragraph 18 in its entirety.** Consists of unsubstantiated speculation related to prior Plaintiff's counsel's certificate of service, p. 17, ll. 9-11.

**Paragraph 19 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 17, ll. 12-14; 14-19; 19 – p. 17, l. 2.

*Inter alia*, Lynch has no basis for seeking to introduce yet another declaration from a different jurisdiction. On the strength of actual, credible experts (including those submitting declarations in this case), and other joinder considerations, the vast majority of courts have and continue to fine joinder in such cases appropriate. Nor has there been

PLAINTIFF'S MOTION TO STRIKE - 5
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

any basis for the claimed technical ability or credibility of the declarant. To the contrary, the *only* evidence properly of record in this case, submitted by credible experts, is to the contrary. Regardless, there is no basis for submission of this irrelevant document and it should likewise be stricken.

**Paragraph 20 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 18, ll. 3-4; 4-7; 7-9.

*Inter alia*, it is simply false that any party must use "licensed or bonded" private investigators as consulting experts in litigation case, or that Plaintiff in any way "violated Washington law." Likewise, there has never been any evidence of deceit regarding the location of Plaintiff's consultants. Finally, Defendant never provided any evidence that a mutually agreed telephonic deposition was not proper and most efficient in this case.

**Paragraph 21.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 18, l. 13; 13-15; 15-16.

*Inter alia*, there is no evidence that Plaintiff pursued a "bogus lawsuit." It is not "bad faith" to challenge Defendant's inaccurate, unbelievable, undocumented, unsubstantiated, and clearly manipulated and exorbitant fee demand, particular where there was no effort whatsoever to ascertain or provide reasonable, actual fees billed in the case.

**Paragraph 22.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 19, ll. 2-5.

*Inter alia*, there is no evidence that of any "lies or fraud," or any basis for any attorney's fees award in this case.

PLAINTIFF'S MOTION TO STRIKE - 6
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**Paragraph 23.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported and untrue allegations: p. 19, ll. 6-8.

*Inter alia*, Defendant was informed in advance of its motion to compel of new counsel for Plaintiff and that the case would be voluntarily dismissed. The dismissal was filed the same day, within minutes of Defendant's motion to compel. Nevertheless, even after the voluntary dismissal, Defendant did not with withdraw, but instead continued to unnecessarily pursue its motion.

**Paragraph 24.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported and untrue allegations: p. 19, ll. 10-14.

*Inter alia*, Plaintiff's response was timely and the certificate of service correct. To claim otherwise is utter unsupported conjecture and should be struck.

**Paragraph 25.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported and untrue allegations: p. 19, ll. 16-19.

*Inter alia*, Defendant's provide no foundation or basis for reference to "other defendants" of the circumstances in those cases, making this statement utterly immaterial.

**Paragraph 26 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 20, ll. 1-3.

*Inter alia*, there is absolutely no evidence that Plaintiff's or its counsel have ever acted "evasive or deceitful" in this litigation. Defendant's baseless, inflammatory statement should be stricken.

**Paragraph 27 in its entirety.** Consists of improper declaration argument, unsubstantiated speculation, and unsupported, untrue and inflammatory allegations, including: p. 20, ll. 6-9; 9-12; 12-13; 13-16; 16 – p. 21, l. 2.

PLAINTIFF'S MOTION TO STRIKE - 7
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Inter alia*, again there is no evidence whatsoever the Plaintiff has "disregard for the facts, the law, the honor of the Court, or the obligations of counsel." There is no basis for Lynch's statement that Plaintiff or its representatives were "trying to force her into unlawful positions," or that Plaintiff's current counsel "perpetuates the pattern of evasion and deceit." There is no evidence of a "scheme to abuse the federal court" (on the part of Plaintiff, at least). There is no evidence that Plaintiff, who is defending its federally registered copyright from common thieves, have ever "extorted monies from innocent people." And Lynch has no basis whatsoever for suggesting that Plaintiff's actions in defending its federal copyrights constitutes fraud or criminal activity.

**B.    ECF No. 104-1 in its entirety**

Exhibit A to the Lynch Declarations consists entirely of declarations of Darren M. Griffin, a former investigator for BitTorrent plaintiffs from other cases in other jurisdictions. There is nothing to tie these declarations to this case. Though much is made of Darrin Griffin, a former investigator for Crystal Bay Corporation, there is no Darrin Griffin in this case. To the best of Plaintiff's knowledge this former investigator has never been before this court or been relied on by any party to this or related cases in this District. Nothing related to Darrin Griffin can be said to be relevant to this matter, and the exhibit should be stricken in its entirety.

**C.    ECF No. 104-2 in its entirety**

Exhibit B to the Lynch Declaration consists entirely of inadmissible, third party hearsay statement, utterly lacking foundation, purportedly taken from a torrentfreak.com website—self-proclaimed proponent of BitTorrent, the technology used in many copyright infringement actions. This ostensibly relates to an early stage of litigation in Australia involving unrelated plaintiff and defendant, and therefore wholly immaterial to the present case and issues.

PLAINTIFF'S MOTION TO STRIKE - 8
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONESᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### D. ECF No. 104-3 in its entirety

Exhibit C to the Lynch Declaration consists entirely of inadmissible, third party hearsay statement, utterly lacking foundation. This ostensibly relates to an early stage of litigation in Australia involving unrelated plaintiff and defendant, and therefore wholly immaterial to the present case and issues.

### E. ECF No. 104-4 in its entirety

Exhibit D to the Lynch Declaration consists entirely of inadmissible, third party hearsay statement, utterly lacking foundation. This ostensibly relates to an early stage of litigation in Australia involving unrelated plaintiff and defendant, and therefore wholly immaterial to the present case and issues.

### F. ECF No. 104-5 in its entirety

Exhibit E to the Lynch Declaration consists entirely of declaration of Delvan Neville, purportedly on behalf of a digital forensics company, from an unrelated case in the Southern District of Indiana involving different parties. This person has never been identified in this case, and there has not been any basis for the claimed technical ability or credibility of the declarant. To the contrary, the *only* evidence properly of record in this case, submitted by credible experts, is to the contrary. Regardless, there is no basis for submission of this irrelevant document and it should likewise be stricken.

### G. ECF No. 103 Reply

Any portions of Defendant's reply that refers to or incorporates any matter struck from the Lynch declaration and exhibits.

Defendant's improper Lynch declaration and exhibits are almost wholly comprised of immaterial, impertinent, improper hearsay and untimely matter. Pursuant

PLAINTIFF'S MOTION TO STRIKE - 9
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

to Fed. R. Civ. P. 12(f), Plaintiff respectfully submits that the above-identified matters, including Dkt. Nos. 104, 104-1, 104-2, 104-3, 104-4 and 104-5 should be struck.

RESPECTFULLY SUBMITTED this 17th day of December, 2014.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff Elf-Man, LLC

PLAINTIFF'S MOTION TO STRIKE - 10
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

<u>s/ David A. Lowe</u>

PLAINTIFF'S MOTION TO STRIKE - 11
Civil Action No. 13-cv-00395
INIP-6-0001P09 MStrike

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301