Collette C. Leland, WSBA No. 40686
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131
Fax: (509) 838-1416
Email: ccl@winstoncashatt.com

Attorneys for Maureen C. VanderMay and
The VanderMay Law Firm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC,<br><br>                    Plaintiff,<br><br>    vs.<br><br>RYAN LAMBERSON,<br><br>                    Defendant. | No. 2:13-CV-00395-TOR<br><br>**RESPONSE TO DEFENDANT'S MEMORANDA IN SUPPORT OF THE CENTER FOR JUSTICE'S MOTIONS TO INTERVENE AND TO UNSEAL EXHIBITS (ECF NOS. 118-120)** |

### I.    INTRODUCTION

Maureen VanderMay, former counsel for Plaintiff Elf-Man, LLC ("Elf-Man"), responds as follows to Defendant Ryan Lamberson's Memorandum in Support of the Center For Justice's Motion to Intervene and Memorandum in Support of the Center For Justice's Motion to Unseal Exhibits.



VanderMay is not a party to the above-captioned matter. The records the Center For Justice seeks to unseal are those of her former client and not those of VanderMay. Because, however, the allegations Lamberson presents to the Court are the same allegations raised in his unsuccessful bid to obtain an award of attorney fees from VanderMay, VanderMay files this response in order to correct the record.

## II.    FACTUAL AND PROCEDURAL BASIS

On July 21, 2014, Lamberson filed unsuccessful motions for sanctions against VanderMay and Elf-Man pursuant to 28 U.S.C. §1927 and CR 11. (ECF Nos. 78, 80) The motions were denied on procedural and substantive bases. (ECF No. 99 at 12, 18-19)

Lamberson moved for sanctions under 28 U.S.C. §1927 alleging (1) Elf-Man and its counsel engaged in sham litigation and acted in bad faith (ECF No. 78 at 2-4; ECF No. 79 ¶¶3-7); (2) Elf-Man and its counsel concealed the real party in interest (ECF No. 78 at 3, 5, 7-9; ECF No. 79 ¶¶8-9, 12-14); and (3) Elf-Man and its counsel had no evidence of illegal downloading (ECF No. 39 at 6-7; ECF No. 79 at ¶10) In response to Lamberson's motion for sanctions under 28 U.S.C. §1927, this Court stated:

> Defendant cites egregious facts and outcomes from other cases in other jurisdictions. But there is simply no evidence in this case of the kind of bad faith that warrants sanctions under section 1927 or the Court's inherent authority.

(ECF No. 99 at 12, ll. 12-15)

Lamberson moved for sanctions under Federal Rule of Civil Procedure 11, alleging VanderMay did not make an adequate investigation and signed a baseless complaint. (ECF No. 80 at 2-9; ECF No. 81 ¶¶4-5, 13, 20-27) The Court found that Lamberson's allegations regarding VanderMay's investigation were "not probative of Ms. VanderMay's disregard for her duty to investigate in good faith." (ECF No. 99 at 19) The

RESPONSE TO DEF'S MEMORANDA IN SUPPORT OF THE CENTER FOR JUSTICE'S MOTIONS TO INTERVENE AND TO UNSEAL EXHIBITS (ECF NOS. 118-120) - Page 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1  Court additionally found that Lamberson had failed to meet the procedural requirements
2  for sanctions under Rule 11, in that Lamberson only generally and summarily informed
3  VanderMay of the basis of the motion before filing his motion. (ECF No. 99 at 16-17)
4  The Court thus denied Lamberson's motion for sanctions under Rule 11 on both
5  substantive and procedural bases. (ECF No. 99 at 18, 19)

6  In support of the Center For Justice's Motion to Unseal, Lamberson raises the
7  same allegations raised in his unsuccessful attempt to obtain monetary sanctions from
8  VanderMay. (<u>See, e.g.</u>, ECF No. 120, ¶¶9, 11-13, 15-16, 18-19, 21; ECF No. 125, ¶19)
9  Lamberson claims the Motion to Unseal should be granted because Elf-Man (and by
10 extension VanderMay) engaged in "sham litigation," and the sealed documents are proof
11 of the same. (ECF Nos. 119 at 2-4; ECF No. 120 at ¶¶10-14) Lamberson argues the
12 sealed documents also will provide proof that Elf-Man's investigators were the real
13 parties in interest and that the explanation regarding their relationship to the Plaintiff was
14 fabricated. (ECF No. 119 at 4-6; ECF No. 120 at ¶¶21, 27) And Lamberson argues that
15 the sealed documents will show that Elf-Man fabricates lists of illegal downloads by
    defendants in order to leverage settlement. (ECF No. 119 at 7; ECF No. 120 ¶¶31-34)

16  **III.    ANALYSIS**

17  VanderMay takes no position in regards to the Motion to Unseal. She objects,
18 however, to Lamberson's reassertion of allegations previously determined by this Court
19 to be insufficient to support Lamberson's claims of sham litigation, bad faith,
20 concealment of the true party in interest, and fabrications of evidence. If left
21 unchallenged, Lamberson's spurious allegations regarding VanderMay could be
22 construed as true.

23  According to the law of this case, Lamberson's allegations in support of the Center
24 For Justice's Motion to Unseal are insufficient to support his claims of insufficient

RESPONSE TO DEF'S MEMORANDA IN SUPPORT
OF THE CENTER FOR JUSTICE'S MOTIONS TO
INTERVENE AND TO UNSEAL EXHIBITS (ECF
NOS. 118-120) - Page 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1  investigation, bad faith, and sham litigation. <u>United States v. Estrada-Lucas</u>, 651 F.2d
2  1261, 1263-64 (9th Cir. 1980) (holding a decision of law once made becomes the law of
3  the case and should not be changed absent clear error); <u>Ortiz-Tarazon v. USA</u>, 2017 WL
4  588738 at 2 (slip op.) (D. Ariz., Feb. 14, 2017) (holding recasting of Rule 11 argument as
5  ineffective assistance of counsel is barred by the law of the case). Because this Court has
6  already found the allegations insufficient in its previous ruling, they should be given no
7  weight in this proceeding. <u>See</u> <u>Zamir v. Bridgepoint Educ., Inc.</u>, ___ F. Supp. 3d ___,
8  2017 WL 1336744, at 9 (S.D. Cal. Apr. 5, 2017).

Lamberson's renewal of the allegations that formed the bases for his unsuccessful motions for sanctions, particularly in view of the clear prejudice to VanderMay, is inappropriate.

**IV.    CONCLUSION**

Based upon the foregoing facts and law, VanderMay asks this Court to disregard all allegations of Lamberson that were previously raised in his motions for sanctions against VanderMay and Elf-Man, as contrary to this Court's previous findings and conclusions.

DATED this 9th day of January, 2018.

                                s/Collette C. Leland, WSBA No. 40686
                                WINSTON & CASHATT, LAWYERS
                                Attorney for Maureen C. VanderMay and
                                The VanderMay Law Firm
                                601 W. Riverside, Ste. 1900
                                Spokane, WA 99201
                                Telephone (509) 838-6131
                                E-mail Address:  ccl@winstoncashatt.com

RESPONSE TO DEF'S MEMORANDA IN SUPPORT OF THE CENTER FOR JUSTICE'S MOTIONS TO INTERVENE AND TO UNSEAL EXHIBITS (ECF NOS. 118-120) - Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1  I hereby certify that on January 9, 2018, I electronically filed the foregoing with
2  the Clerk of the Court using the CM/ECF System which will send notification of such
3  filing to the following:
4  
5  David Allen Lowe
   lowe@lowegrahamjones.com
6  Attorney for Elf-Man LLC
7  
   Jeffrey Ray Smith
8  jeffreys@leehayes.com
   Attorney for Ryan Lamberson
9  
10 John Christopher Lynch
   chris@leehayes.com
11 Attorney for Ryan Lamberson
12 
   Rhett V Barney
13 rhettb@leehayes.com
   Attorney for Ryan Lamberson
14 
15 Kirk D Miller
   kmiller@millerlawspokane.com
16 Attorney for Center For Justice
17 
                                            s/Collette C. Leland, WSBA No. 40686
18                                          WINSTON & CASHATT, LAWYERS
                                            Attorney for Maureen C. VanderMay and
19                                          The VanderMay Law Firm
                                            601 W. Riverside, Ste. 1900
20                                          Spokane, WA 99201
                                            Telephone: (509) 838-6131
21                                          Facsimile: (509) 838-1416
                                            E-mail Address: ccl@winstoncashatt.com
22 
23 
24 

RESPONSE TO DEF'S MEMORANDA IN SUPPORT OF THE CENTER FOR JUSTICE'S MOTIONS TO INTERVENE AND TO UNSEAL EXHIBITS (ECF NOS. 118-120) - Page 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131